UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

03 JUN 19 AM 10: 22

TEXAS EASTERN

BY_____

BBG COMMUNCIATIONS, INC.

       Plaintiffs,

v.

1. NETWORK COMMUNICATIONS
   INTERNATIONAL CORP.,
2. WILLIAM POPE,
3. JAY WALTERS,
4. JEFFERY WALTERS
          Defendants.

Case No. **2-03C v-2 27**

---

## ORIGINAL COMPLAINT AND JURY DEMAND

---

Plaintiff BBG Communications, Inc. ("BBG") for its complaint against Defendants Network Communications International Corp. ("NCIC"), Mr. William Pope ("Pope"), Mr. Jay Walters ("Jay Walters") , and Mr. Jeffrey Walters ("Jeffrey Walters") (collectively "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.    In a blatant attempt to deceive consumers and to steal BBG's confidential information, Defendants set up and used the names of BBG's key personnel to establish unauthorized email accounts associated with the BBGCOM.COM domain name on Defendants' email server to intentionally intercept misdirected email intended for BBG.  Through such wrongful actions, Defendants are defrauding consumers into believing they are communicating with Plaintiff, are infringing and diluting BBG's trademarks; are misappropriating the confidential information and trade secrets of BBG through the unauthorized interception of emails intended to be sent to BBG; and are interfering with BBG's existing and prospective

VERIFIED COMPLAINT

business relationships. BBG uses the Internet domain name BBGCOMM.COM. Defendants registered the substantially identical domain name BBGCOM.COM (missing the "m") and have set up email accounts on the BBGCOM.COM domain email server using BBG's key personnel names. A multitude of emails containing BBG's confidential trade secrets are currently in Defendants' possession, and new emails are being sent to BBG's direct competitor on a daily basis. Defendants are currently using the intercepted emails to harm the public, and for the commercial and competitive disadvantage of BBG.

2.      BBG seeks preliminary injunctive relief, a permanent injunction, damages and a declaratory judgment based upon Defendants' willful trademark infringement, willful dilution of BBG' famous trademarks, anti-cybersquatting, misappropriation of trade secrets, interference with existing and prospective economic relationships and unfair competition.

## THE PARTIES

3.      Plaintiff BBG is a Delaware corporation duly organized and existing pursuant to the laws of the State of Delaware with a principal place of business located at 1658 Gailes Boulevard, Suite B, San Diego, California 92154.

4.      Upon information and belief, Defendant NCIC is a corporation duly organized and existing pursuant to the laws of the State of Texas with its offices at 1809 Judson Road, Longview, Texas 75605, and 613 N. 3rd, Longview, Texas 75601; and 606 Magrill St., Longview, TX 75601.

5.      Upon information and belief, Defendant William ("Bill") Pope is an individual residing in Texas and is the President of Defendant NCIC. Upon information and belief, Pope and its other principal, Defendant Walters, directs all business activities of Defendant NCIC.

VERIFIED COMPLAINT

6.      Upon information and belief, Defendant Jay Walters is an individual residing in Texas and is a principal shareholder and officer of Defendant NCIC.  Upon information and belief, Defendant Jay Walters and its other principal, Defendant Pope, directs all business activities of Defendant NCIC.

7.      Upon information and belief, Defendant Jeffrey Walters is an individual residing in Texas and is an employee and/or agent of Defendant NCIC.  Upon information and belief, Defendant Jeffrey Walters intentionally and willfully, with full knowledge of the wrongfulness of his actions, did the acts complained of in this complaint.

8.      On information and belief, in doing the things alleged in this Complaint, each of Pope, Jay Walters, Jeffrey Walters and Does 1 through 10, inclusive, was an agent and/or employee of NCIC and was acting within the course and scope of his agency or employment with NCIC's permission and consent.

### JURISDICTION AND VENUE

9.      This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act").

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

11.     This Court has personal jurisdiction over Defendants because the Defendants have been and are doing business in the State of Texas.

12.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district and/or the defendants reside in this district.

VERIFIED COMPLAINT

## ALLEGATIONS COMMON TO

## ALL CAUSES OF ACTION

A.   **BBG' Business**

13.   BBG is a well-known, multinational, multifunctional communications company serving diverse international markets that include North America, Europe, Japan, Israel, Latin America and the Caribbean basin.  BBG provides internal and external communications in various countries acting as carrier and international long distance reseller. BBG sells millions of dollars of telecommunications services annually, and the consuming public within the industry has come to associate the BBG trademarks and logos with its services.  BBG has filed for and/or federally registered its trademarks and logos both in the United States and internationally.

14.   The telecommunications business is very competitive, and information collected about sources of international services, pricing and marketing information, potential customers, sales representatives are all very confidential and considered proprietary information of a telecommunications company.  During their employment and other work for BBG described in this Complaint, each BBG agent and employee has knowledge of, access to, was entrusted with, and/or developed for BBG's benefit certain confidential, proprietary and trade secret information (referred to collectively as "Confidential Information") relating to BBG's telecommunications services and operations, including marketing efforts; the processes, methods and equipment by which the company operates; names of and information about the company's agents and

-4-

employees, customers and prospective customers; and the company's business and financial records. Each BBG agent and employee has a duty imposed by law to maintain the Confidential Information in confidence.

15.     BBG developed the Confidential Information over a long period of time and at significant cost. BBG has maintained, and continues to maintain, the confidentiality of this information. Its availability to a competitor (or potential competitor) would provide a significant competitive advantage. The Confidential Information is not generally available to the public and constitutes secret information owned by BBG.

**B.     BBG's Trademarks, Logos and Designs**

16.     BBG owns the following federal trademark registrations, among others: BBG® (Reg. No. 2,371,265 (Int. Cl. 38)); BBG COMMUNICATIONS® (Reg. No. 2,375,351 (Int. Cl. 38)) and BBG Design(stylized)® (Reg. No. 2,371,266 (Int. Cl. 38)) (collectively, the "BBG Marks"). (Copies of the official United States Patent and Trademark ("USPTO") database information concerning the registrations for the BBG Marks are attached hereto as Exhibit A).

17.     In addition to the BBG Marks, BBG also owns and/or has applied for additional federal trademark registrations in numerous foreign countries, including but not limited to Canada, Russia, and Mexico.

18.     Each of the BBG Marks has been continually used in commerce since June 30, 1996, their respective dates of first use.

19.     Because of BBG's extensive use of the BBG Marks, BBG has built up significant goodwill therein. The success of BBG's marketing efforts is evidenced by, among other things, the worldwide distribution of BBG® telecommunications services. As a result of BBG's high quality telecommunications services and its vigorous promotion of its trademarks, BBG's

VERIFIED COMPLAINT

telecommunications services offered under the BBG Marks have come to symbolize quality and value in the eyes of the consuming public within the industry.

20.     By virtue of the wide renown acquired by the BBG Marks coupled with their geographic distribution and extensive sales under the BBG Marks, the BBG Marks have acquired secondary meaning in the mind of the purchasing public in the industry and have become famous.

21.     BBG has registered and owns the internet domain name BBGCOMM.COM and uses such URL for its email addresses on its email server.  BBG's practice for allocating its email from its email server to its employees follows the following nomenclature: [first name]BBGCOMM.COM or [first name last initial]BBGCOMM.COM.  For example, BBG's Secretary, Mr. Rafael Galicot, has his business email address configured as RAFAEL@BBGCOMM.COM, and BBG's President, Mr. Gregorio Galicot, has his business email address configured as GREGORIO@BBGCOMM.COM.

## C.     Defendants' Business Activities as a Competitor of BBG

22.     Defendant NCIC is a direct competitor of BBG in the telecommunications industry.  A true and correct copy of the NCIC website offering the identical services to BBG is attached hereto as Exhibit B. BBG is very familiar with NCIC as a direct competitor, and have been competing on an international basis for hotel accounts, telephone pay phone contracts, government communications licenses, local sales agents and the like.

23.     BBG and NCIC have had significant competitive contacts over the past 5 years and have frequently placed competitive bids for contracts with foreign carriers, operators of pay phones, airports, seaports, cruise lines, hotels and other accounts.  Therefore, NCIC is acutely aware of BBG's presence in the telecommunications industry.

VERIFIED COMPLAINT

24.     BBG has contacted NCIC in the past for various unsavory business practices, including but not limited to the use of the BBG trademark in NCIC's website metatag html programming.

25.     NCIC has also engaged in other acts of unfair competition, including the placement of stickers bearing its international telephone calling numbers over those of BBG's contracted telephones in Italy in 2001 and Ireland in 2002, the attempted registration of BBG's trademark in foreign jurisdictions and the like.  However, none of these previous illegal acts ever rose to such a level that BBG believed it was necessary to give rise to expensive and time-consuming litigation.

**D.     Defendants' Unauthorized Registration of the BBG Marks in the BBGCOM.COM Internet Domain Name.**

26.     BBG has never authorized Defendants to distribute, sell, offer for sale, advertise, or promote any sales or offer any services bearing any mark similar to or likely to be confused with the BBG Marks, including but not limited to the internet domain name BBGCOM.COM (the "BBGCOM.COM domain name").

27.     BBG has never authorized Defendants to use the BBGCOM.COM domain name or any mark similar to or likely to be confused with the BBG Marks in any form or manner, including but not limited to, advertising or otherwise promoting any sales or offering any services bearing the BBGCOM or BBG mark or any mark similar to or likely to be confused with the BBG Marks.

28.     Upon information and belief, Defendants registered the internet domain name BBGCOM.COM on or about April 17, 2001.  A copy of the official record associated with the Network Solutions Whois database reflects the following information, and a true and correct

VERIFIED COMPLAINT

copy of such record is attached hereto as Exhibit C.  All information associated with the registered domain name is fake, including the owner's name (BBG COM) the address: 1234 Gouge Street, San Diego, California 80210 (there is no such address) and the telephone numbers 619-555-1212 (FAX) 619-555-1212 are fake (in fact these are numbers for directory assistance). The only information which can be traced from this registration is the contact for 20944@whoisgkg.net.

29.    BBG conducted an investigation into the contact information, and was able to determine that the person associated with the username for the BBGCOM.COM domain name is "bpope" at globalbrosky@yahoo.com.  A true and correct copy of the webpage for a password reminder associated with the BBGCOM.COM domain name obtained for 20944@whoisgkg.net (the information associated with the BBGCOM.COM domain) is attached hereto as Exhibit D. Therefore, the only logical conclusion is that "bpope" is Defendant William "Bill" Pope, the President of NCIC.

## E.    Defendant's Use of the BBGCOM.COM Domain Name to Divert BBG's Emails and Misappropriate BBG's Trade Secrets.

30.    While the registration of the BBGCOM.COM domain name by Defendants constitutes trademark infringement, dilution and cybersquatting, Defendants have used such domain name to maintain one or more email servers to register email addresses corresponding to the management personnel of BBG.  BBG recently contracted Mr. Michael Stomps as a sales representative for BBG.  Mr. Stomps previously worked for NCIC and has informed BBG that NCIC is in possession of numerous emails intended for BBG management.  BBG was extremely surprised to hear from Mr. Stomps how NCIC had set up email addresses for the BBG personnel, including its top management, under the "missing m" domain name. The following illustrates the

subtle distinction showing how NCIC illicitly used the domain name with the missing "m" to

take advantage of BBG's personnel and business contacts:

1. Rafael Galicot, Secretary of BBG

Genuine email address used by BBG personnel: rafael@bbgcomm.com

Illicit email address set up by NCIC on its server: rafael@bbgcom.com


2. Brian Rhys, Marketing consultant of BBG:

Genuine email address used by BBG personnel: brianr@bbgcomm.com

Illicit email address set up by NCIC on its server: brianr@bbgcom.com


31.     Apparently, Mr. Jeffrey Walters (an agent and/or employee of NCIC and brother

of Defendant Jay Walters) is in charge of reviewing the misdirected emails that come into the

server through the illicit use of the BBG personnel names. Using a different email address

jeffrey@3comcr.com, Mr. Walters collects these emails, screens them, and then forwards them

to Mr. Pope for review and comment.  Mr. Pope then sends directions to various NCIC

employees based on BBG's confidential information revealed in them.

32.     BBG has ascertained the following types of confidential information has been

obtained by NCIC through the use of these illicit email addresses: customer performance

information and data critical to customer contract renewals; BBG pricing information; BBG

marketing information; BBG customer information including customer contact names and

services purchased; information on acquisitions sought by BBG; attorney-client privileged

information sent to BBG by its Mexican counsel concerning proposed transactions; sales

information and spreadsheets; potential customer contacts; sales agent contact information and customer details; and bidding information directly competitive to NCIC, among other valuable trade secret information

33.    BBG has obtained a few copies of emails from Mr. Stomps' personal laptop computer which were sent to him during his previous affiliation with NCIC. These emails prove that (1) NCIC set up the illicit email addresses and has control over all emails using BBG's personnel names with the BBGCOM.COM domain name; (2) NCIC has received confidential and proprietary information of BBG; (3) NCIC has knowingly used such information to its commercial benefit and to the detriment of BBG; (4) such emails have intentionally been disseminated among NCIC employees and sales agents; and (5) Mr. Pope has complete knowledge and control over the information illegally obtained from BBG and has used such information to interfere with BBG's economic relationships for the direct benefit of NCIC as BBG's direct competitor. These few samples illustrate the gravity of NCIC's actions:

1. Email dated January 16, 2003, where a BBG customer was asking for a credit to an account and sent an email to Annel, a BBG employee, whereby the customer sent the email to annel@bbgcom.com and which was intercepted by Jeffrey Walters, who then sent the email to Michael Stomps, inquiring if he had called the hotel where the customer call originated. A true and correct copy of this email is attached hereto as Exhibit E.

2. Email dated March 12, 2003, where Joanne Pearson, Operations Manager for BBG in Ireland, sent a sales presentation with BBG billing information, revenue guarantees, Ireland hotel references and a BBG customer agreement to a potential BBG customer, the O'Callaghan Hotels. Mr. Jeffrey Walters obtained and forwarded the email with the sales presentation material and proprietary information to Mr. Michael Stomps, Mr. Jeroen Sluiter and

VERIFIED COMPLAINT

Mr. T. Hoogstraaten, saying "Someone needs to go after BBG Ireland." A true and correct copy of this email is attached hereto as Exhibit F.

3. Email dated March 17, 2003, where BBG was internally discussing the hiring of a new agent in Bermuda, someone inadvertently sent the email to the BBGCOM.COM domain, and once intercepted by NCIC, Jeffrey Walters sent the email to Michael Stomps, saying "Contact him at the end of this week or in about 2 weeks . . . You need to come up with a story how you got the info. . . A true and correct copy of this email is attached hereto as Exhibit G.

4. Email dated April 1, 2003, where Brian Rhys sent an Excel spreadsheet with confidential and proprietary sales information for the preceding August-February to Rafael Galicot (using the incorrect email address inadvertently), which was intercepted by Mr. Walters and forwarded to Bill Pope, who said "Has Stomps made any attempts to contact C&W Jamaica??? Does he understand their [sic] is an open window of opportunity?" A true and correct copy of this email is attached hereto as Exhibit H.

5. Email dated March 25, 2003 from a BBG customer concerning billing charges for a hotel in St.. Maarten, which was intercepted by Mr. Walters and forwarded to Michael Stomps, saying "What is the strategy on St. Maarteen? Are you guys still in there? Doing any traffic? Do you have a local rep?" A true and correct copy of this email is attached hereto as Exhibit I.

6. Email dated April 22, 2003 from Damon Rhys, BBG Marketing Director Asia/Oceania, concerning a contract with Melia Bali hotel contract, and attaching a spreadsheet with call detail records for the hotel that was intercepted by Mr. Walters and forwarded to Mr.

VERIFIED COMPLAINT

Stomps, saying "They have some problems with this hotel . . ." A true and correct copy of this email is attached hereto as Exhibit J.

34.   Moreover, upon discovery of NCIC's setting up BBG's personnel's as diversionary email accounts, BBG had its personnel search their email records to see if any had mistakenly sent an internal email containing confidential, trade secret information to an email address corresponding to the illicit email account with the missing "m." Surprisingly, BBG discovered numerous such emails sent to and from its various personnel, and which, based on information and belief, would be currently in the possession of NCIC. Because of the inherent naming capabilities and reply capabilities contained in various email software programs, including Microsoft Outlook, a single mistake can compound into tens of emails being routed from BBG personnel to the illicit email addresses set up by NCIC. Exemplars of such emails are collectively attached hereto as Exhibit K. The following emails list the various highly confidential and proprietary information diverted by NCIC to the illicit email addresses:

1. Email dated March 19, 2003 from Mr. Clemesha to Rafael Galicot attaching pending contract negotiation details, including contact information.

2. Email dated March 17, 2003 from Mr. Clemesha to Rafael Galicot, attaching a spreadsheet containing all of BBG's highly confidential and proprietary contract information for the Marriott Hotel chain on a worldwide basis, including all contact information, sales details and addresses.

3. Email dated October 10, 2002 from Mr. Jorge Macari to Gregorio Galicot enclosing spreadsheets containing sales information for the Marriott hotel chain, marked "Confidential."

4. Email dated March 21, 2003 from Brian Rhys to Rafael Galicot enclosing pricing information for Toronto and London telecommunications lines.

5. Email dated January 16, 2003 from a BBG employee, Delma, sent internally to Mr. Gregorio Galicot containing confidential information on BBG's financial records and credit card information.

6. Email dated January 7, 2003 from a BBG employee, Delma, sent internally to Damon Rhys and Mr. Gregorio Galicot containing confidential information concerning international telephone numbers for New Zealand hotels.

35. Upon information and belief, Defendants are in possession of and are using copious but unquantifiable amounts of BBG's internal, confidential and proprietary information through the use of the illicit email addresses set up to correspond to the employees of BBG via the registration of the domain name BBGCOM.COM incorporating BBG's federally registered trademark. NCIC's use of the mark was willful, having been adopted with knowledge of Plaintiff's prior rights in and to the BBG Marks, with the intent to trade on and benefit from the goodwill established in the BBG Marks by Plaintiff. NCIC has willfully used the confidential information of BBG obtained through these illicit email addresses to the commercial detriment of BBG.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement Under 15 U.S.C. § 1114 et seq.)

36. BBG repeats and realleges the allegations contained in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

VERIFIED COMPLAINT

37.    BBG' BBG Marks are nationally and internationally recognized, as being used in connection with rendering telecommunications services of the highest quality and coming from a single source – BBG.

38.    The registrations embodying the BBG Marks are in full force and effect.

39.    BBG alleges that Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114 et seq.

40.    Defendants' use of the BBG mark in a domain name used as an email server relating to competing services in interstate commerce constitutes trademark infringement, trademark dilution and engenders a belief by the public that the  services are offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's services and are of the same quality as that assured by the BBG Marks.

41.    Defendants' activities have caused confusion and are likely to continue leading to and resulting in confusion, mistake or deception, and are likely to cause the public to believe that BBG has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of BBG.

42.    Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' services and to injure BBG and reap the benefit of BBG' goodwill associated with the BBG Marks.

43.    As a direct and proximate result of Defendants' willful and unlawful conduct, the public has been injured and BBG has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing BBG' BBG Marks.

44.    BBG has no adequate remedy at law.

VERIFIED COMPLAINT

45.    In light of the foregoing, BBG is entitled to injunctive relief prohibiting Defendants from using the BBG marks for any purpose, including but not limited to within the BBGCOM.COM domain name, and to recover from Defendants all damages, including attorneys' fees, that BBG has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs and trebling of damages pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Dilution of Trademark -- 15 U.S.C. § 1125(c))

46.    BBG repeats and realleges the allegations of paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    The BBG Marks are "famous" within the meaning of Lanham Act § 43(c), 15 U.S.C. § 1125(c).

48.    Defendants' acts described above have diluted and continue to dilute BBG' unique and distinctive BBG Marks.  These acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have injured and, unless immediately restrained, will continue to injure BBG, causing damage to BBG in an amount to be determined at trial, as well as irreparable injury to BBG' goodwill and reputation associated with the value of the BBG Marks.

49.    Upon information and belief, Defendants' use of the BBG mark within the BBGCOM.COM domain name began after the BBG Marks became famous.

50.    Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on BBG' reputation and to dilute BBG' BBG Marks. Defendants' conduct is willful, wanton and egregious.

VERIFIED COMPLAINT

51.   BBG has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

52.   In light of the foregoing, BBG is entitled to injunctive relief prohibiting Defendants from using the BBG Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Anti-Cybersquatting under 15 U.S. C. § 1125(d))

53.   BBG repeats and realleges the allegations contained in paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.   As a direct result of plaintiff BBG's long and extensive experience, care, and skill in marketing the BBG telecommunications services under the BBG Marks, BBG has acquired a reputation for excellence and commands extensive sales throughout the United States and the world.  The BBG Marks are famous.

55.   The defendants, by using the BBG Marks in connection with the defendants' Internet website and by the registration and use of the Internet domain name *www.bbgcom.com* incorporating the BBG Marks which were famous and distinctive at the time of registration of the domain name for *www.bbgcom.com*, are diluting the goodwill of plaintiff BBG and the distinctive quality of its famous marks.  Defendants' activities constitute a violation of 15 U.S.C. § 1125(d) and constitutes cybersquatting.

56.     Defendants, by using the BBG Marks in connection with the defendants' Internet website for email traffic as alleged herein, are misleading the public in the industry into believing that the Defendants and their business, products, and services are associated with, sponsored by, or otherwise authorized by plaintiff BBG and thereby tarnish the distinctive quality of the BBG Marks.

57.     Defendants, by using the BBG Marks in connection with the defendants' Internet website and by the registration and use of the Internet domain name *www.bbgcom.com* which is identical or confusingly similar to the BBG Marks and to plaintiff BBG's domain name, are misleading the public into falsely believing that Defendants and their business, products, and services are associated with, sponsored by, or otherwise authorized by plaintiff BBG.

58.     Defendants, by using the BBG Marks in connection with the Defendants, have a bad faith intent to profit from the unauthorized use of the BBG Marks in its Internet domain name and are cybersquatting, as evidenced by:

(a)     The defendants knew and know of BBG's rights in its trademarks, service marks, and trade names;

(b)     The *www.bbgcom.com* domain name registered by defendants is nearly identical or confusingly similar to BBG's federally registered trademarks, service marks, trade names, and domain name;

(c)     The defendants have failed to use the *www.bbgcom.com* domain name in connection with a *bona fide* offering of any authorized goods or services or in connection with a noncommercial or fair use;

(d)     The defendants have intended to divert individual seeking to contact BBG's employees via their own emails to the *www.bbgcom.com* email server by

-17-

creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the emails sent from or to *www.bbgcom.com*;

(e)     The defendants have registered the *www.bbgcom.com* domain name which the defendants knew was nearly identical or confusingly similar to plaintiff BBG's distinctive trademarks, service marks, trade names, and domain name;

(f)     The defendants have intentionally copied the identical names of each of BBG's personnel into an email address associated with the genuine BBG's *www.bbgcomm.com* website and have associated them with the illicit domain name www.bbgcom.com domain name in a manner that makes it appear to the public that the Defendants are actually BBG.; and

59.     The defendants' cybersquatting and acts as alleged herein are likely to deprive BBG of the benefit of the goodwill attached to the BBG Marks, injure BBG's business reputation, and dilute the distinctive quality of the BBG Marks.

60.     As a direct and proximate result of the defendants' acts of cybersquatting, BBG has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

61.     BBG has no adequate remedy at law against the defendants' acts of cybersquatting as alleged herein. Unless Defendants are preliminarily and permanently enjoined from their acts of cybersquatting, BBG will continue to suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

### (Texas Common Law Trademark Infringement)

62.    BBG repeats and realleges the allegations of paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.    The actions of Defendants complained of herein constitute an infringement of BBG' common law rights in common law rights in its BBG Marks, all of which constitute unfair, unlawful and fraudulent business practices.

64.    Upon information and belief, the acts and conduct of Defendants complained of constitute willful and deliberate unfair competition and will continue in willful and wanton disregard of BBG' valuable trademark rights.

65.    By reason of the foregoing, BBG is being damaged by Defendants' willful use of the BBG mark in the manner set forth above and will continue to be damaged unless Defendants is enjoined from using the BBG mark.  The foregoing acts of Defendants will continue unless Defendants are restrained by this Court. BBG is therefore entitled to injunctive relief under Tex. Civ. Prac. & Rem. Code sec. 65.001, *et seq.*

66.    BBG will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

67.    BBG has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Trademark Dilution – Tex. Bus. & Com. Code sec. 16.29)

68.    BBG repeats and realleges the allegations of paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69.     BBG Marks are distinctive marks in the State of Texas by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of Texas and the extensive advertising and wide spread publicity of the marks in the State of Texas.

70.     As a result of the BBG Marks' substantial inherent and acquired distinctiveness, extensive use in the State of Texas and the extensive advertising and publicity of the marks in the State of Texas, the BBG Marks have become strong and are widely renowned.

71.     The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiff's famous BBG Marks.

72.     The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 16.29, Tex. Bus. & Com. Code.

73.     By reason of the foregoing, BBG is being damaged by Defendants' use of the BBG mark and will continue to be damaged unless Defendants are immediately enjoined under Tex. Civ. Prac. & Rem. Code sec. 65.001, *et seq.* from using the BBG mark.

74.     BBG will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

75.     BBG has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

### (Misappropriation of BBG's Trade Secrets)

76.     BBG repeats and realleges the allegations of paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77.     The BBG Confidential Information constitutes trade secrets protected under Texas law ("BBG Trade Secrets").

78. The BBG Trade Secrets have substantial economic value to BBG in that they are crucial to BBG's marketing of highly competitive access services for the telecommunications industry.

79. BBG has implemented a broad range of procedures and infrastructure to insure that the BBG Trade Secrets remain confidential and a secret.

80. BBG has not authorized any of its employees, including former employees, to disclose the BBG Trade Secrets to NCIC.

81. BBG is informed and believes, and upon such information and belief alleges, that Defendants have actually acquired information about the BBG Trade Secrets by improper means, including, without limitation, theft, misrepresentation, and by means of using an internet domain name BBGCOM.COM in association with the names of key BBG employees known to Defendants as having information about the BBG Trade Secrets in order to improperly obtain such information. Such acts constitute misappropriation of trade secrets under the UTSA.

82. BBG is informed and believes, and upon such information and belief alleges, that Defendants have misappropriated and threatened to misappropriate, have used and threatened to use, and/or have disclosed and threatened to disclose the BBG Trade Secret information.

83. As a proximate result of Defendants' actual and threatened misappropriation of the BBG Trade Secrets, BBG has suffered substantial damages. Defendants have and will continue to receive the benefits of the BBG Trade Secrets, which have aided and will continue to aid Defendants and other competitors of BBG to compete unfairly against BBG in a highly competitive industry.

84. The conduct of Defendants has caused and will continue to cause irreparable harm to BBG. Unless enjoined, Defendants will continue to receive the benefits of the

VERIFIED COMPLAINT

misappropriated BBG Trade Secrets, which have aided and will continue to aid Defendants to compete unfairly against BBG in a highly competitive industry. Moreover, through the use of ill-gotten information, NCIC will continue to deceive the public, expand its business by soliciting agents and customers of BBG, and will disclose the BBG Trade Secrets to third parties. BBG will forever lose the value of the significant investment in time and money in its trade secrets. BBG's competitive position, based on its valuable knowledge, access and use of the BBG Trade Secrets will be irretrievably lost. BBG has no adequate remedy at law.

85.     BBG is informed and believes, and based on such information and belief alleges, that in misappropriating and threatening to misappropriate the BBG Trade Secrets, and engaging in the conduct and omissions alleged herein, Defendants are guilty of oppression, fraud and malice. BBG is entitled to exemplary or punitive damages in an amount appropriate to punish Defendants pursuant to Tex. Civ. Prac. & Rem. Code sec. 41.001, *et seq*.

### SEVENTH CLAIM FOR RELIEF

### (Unfair Competition by Misappropriation)

86.     BBG repeats and realleges the allegations of paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.     The BBG Trade Secrets have substantial economic value to BBG in that they are crucial to BBG's marketing of highly competitive access services for the telecommunications industry.

88.     BBG is informed and believes, and upon such information and belief alleges, that Defendants have actually acquired information about the BBG Trade Secrets by improper means, including, without limitation, theft, misrepresentation, and by means of using an internet domain name BBGCOM.COM in association with the names of key BBG employees known to

-22-

Defendants as having information about the BBG Trade Secrets in order to improperly obtain such information.

89.     By misappropriation, Defendants are and continue to reap the benefits of BBG's efforts without committing the time and resources to develop their own distinctive trademarks and business goodwill.

90.     As a direct and proximate result of Defendants' misappropriation, BBG has sustained damages of an amount to be proved at trial. Defendants' misappropriation has caused and, unless enjoined, will continue to cause substantial competitive injury to BBG.

91.     BBG is entitled to exemplary or punitive damages in an amount appropriate to punish Defendants pursuant to Tex. Civ. Prac. & Rem. Code sec. 41.001, *et seq*.

## EIGHTH CLAIM FOR RELIEF

### (Intentional Interference with Existing Economic Relationships)

92.     BBG repeats and realleges the allegations of paragraphs 1 through 91 of the Complaint as if fully set forth herein.

93.     Prior to registering the BBGCOM.COM domain name and associating the names of the BBG employees with email addresses relating to the BBGCOM.COM domain name, Defendants knew of various business relationships between BBG and its customers.

94.     Despite this knowledge, BBG is informed and believes and thereon alleges that Defendants intended to and did interfere with BBG's contractual relations with its existing customers and sales agents.

95.     By reason of Defendants unjustified and wrongful interference with BBG's contracts with its customers and agents and as a proximate result of the actions of Defendants alleged herein, BBG has suffered extensive damage, the precise amount of which is presently

uncertain. BBG will seek leave of this Court to amend its complaint to reflect the true amount of the damage when it becomes known.

96. In doing the acts alleged herein, Defendants acted intentionally and with oppression, fraud and malice, and BBG is entitled to punitive damages from Defendants pursuant to Tex. Civ. Prac. & Rem. Code sec. 41.001, *et seq.*

## NINETH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Relationships)

97. BBG incorporates the allegations of paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. As the result of the actions by Defendants alleged above, an economic relationship existed between BBG and its potential customers, containing a probable future economic benefit or advantage to BBG. By virtue of intercepting emails intended by the senders to be received by BBG, Defendants knew of the existence of these relationships, and BBG is entitled to a jury instruction concerning inference of intent. Notwithstanding its knowledge, Defendants intentionally engaged in wrongful conduct designed to interfere with or disrupt the relationship between BBG and its prospective customers.

99. As the result of Defendants' actions, the economic relationship between BBG and its prospective customers was actually interfered with or disrupted, as alleged above. Defendants' wrongful conduct was designed to and did interfere with or disrupt these relationships, resulting in damage to BBG.

100. Defendants' conduct was wrongful by some measure beyond the fact of the interference, in that Defendants sought to exclude BBG from engaging in competitive activities

VERIFIED COMPLAINT

and diverted BBG's emails, in furtherance of its efforts to further its business efforts and market share, thereby constituting an act of unfair competition.

101.   As a proximate result of Defendants' actions, BBG has lost prospective economic advantage, and has been damaged substantially, the precise amount of which is presently uncertain. BBG will seek leave of this Court to amend its complaint to reflect the true amount of the damages when the same have become known.

102.   In doing the acts herein alleged, Defendants acted intentionally and with oppression, fraud and malice, thereby entitling BBG to an award of punitive damages pursuant to Tex. Civ. Prac. & Rem. Code sec. 41.001, *et seq.*

### TENTH CLAIM FOR RELIEF

#### (Conversion)

103.   BBG incorporates the allegations of paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.   On information and belief, Defendants converted BBG's personal property by means of using an internet domain name BBGCOM.COM in association with the names of key BBG employees known to Defendants as having information about the BBG Trade Secrets in order to improperly obtain BBG trade secret information.

105.   As a direct and proximate result of Defendants' acts of conversion, BBG has sustained damages of an amount to be proved at trial. BBG has also suffered irreparable injury as a result of Defendants' conversion and will continue to suffer irreparable injury unless Defendants are enjoined from utilizing the fruits of their conversion.

VERIFIED COMPLAINT

106.   Each of the acts of conversion were done willfully and maliciously by Defendants, entitling BBG to punitive damages pursuant to Tex. Civ. Prac. & Rem. Code sec. 41.001, *et seq.*

WHEREFORE, BBG respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.   Enter judgment that Defendants have infringed upon BBG' rights in the BBG Marks through the use of the BBG mark in the internet domain name BBGCOM.COM which are substantially indistinguishable marks in the use, promotion and sale of its goods.

B.   Enter judgment that Defendants' use of the BBG mark in the BBGCOM.COM is likely to cause confusion, to cause mistake or to deceive and is an infringement of BBG' rights in its federally registered trademarks and a violation of 15 U.S.C. § 1125(a).

C.   Enter judgment that Defendants' use of the NCIC mark on competing telecommunications services or in a domain name used for any manner, including but not limited for email addresses is likely to cause dilution of BBG' rights in its famous federally registered trademarks in violation of 15 U.S.C. § 1125(c).

D.   Enter judgment that Defendants use of the BBG mark within the internet domain name BBGCOM.COM constitutes cybersquatting and order the transfer of the BBGCOM.COM domain name to BBG.

E.   Enter judgment that Defendants' use of the BBG mark is likely to cause dilution of BBG' rights in its famous trademarks in violation of Tex. Bus. & Com. Code sec. 16.29.

F.   Enter judgment that Defendants' use of the BBG mark constitutes unfair competition in violation of Texas law.

G.   Enter judgment that Defendant's use of the BBG mark in connection with email addresses of BBG's personnel constitutes misappropriation of trade secrets under Texas law.

H.   Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

1.   Directly or indirectly infringing BBG Marks or any marks similar thereto, as fully described in BBG' Verified Complaint, in any manner, including generally, but not limited to using any internet domain name BBGCOM.COM, and associating any of BBG's personnel names in any email addresses associated with BBGCOM.COM;

2.   Using any trademark, trade name, logo or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, Defendants' are associated with BBG or are in some way connected or affiliated with BBG.

3.   Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive customers, end users and BBG sales

representatives, and/or members of the public to believe that the actions of Defendants are connected with BBG, are sponsored, approved or licensed by BBG, or are in some way connected or affiliated with BBG.

I.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

J.     Awarding BBG all of Defendants' profits and all damages sustained by BBG as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117;

K.     Awarding treble damages in the amount of Defendants' profits or BBG' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117;

L.     Awarding exemplary and punitive damages;

M.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117 and Texas law; and

N.     Awarding BBG such other and further relief as the Court deems just and proper.

Respectfully submitted,

Otis W. Carroll
State Bar No. 03895700
Wesley Hill
State Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
South Broadway at Grande Boulevard
Tyler, Texas 75703
(903) 561-1600

(903) 581-1071 (fax)

ATTORNEYS FOR PLAINTIFF
BBG COMMUNICATIONS, INC.


OF COUNSEL

TAWNYA R. WOJCIECHOWSKI
CAL. BAR NO. 180,063
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone:     (714) 513-5100
Facsimile:     (714) 513-5130
TAWNYA R. WOJCIECHOWSKI

W97-OC:NTW\41322691.1                                    VERIFIED COMPLAINT

## VERIFICATION

I, Rafael Galicot, the undersigned, say that I am the Secretary of BBG Communications, Inc., and I make this verification for that reason. I have read the above document and know its contents. I have personal knowledge that the matters stated in the above paragraphs are true except where matters are alleged upon information and belief; with respect to matters alleged upon information and belief, I believe such matters to be true.

Executed on June 18, 2003.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
RAFAEL GALICOT

VERIFIED COMPLAINT

W97-OC:NTW:41322691.1



UNITED STATES PATENT AND TRADEMARK OFFICE

## Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 17 04:14:12 EDT 2003*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

**Logout**  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | BBG |
| **Goods and Services** | IC 038. US 100 101 104. G & S: telecommunications services, namely, electronic transmission of voice and data. FIRST USE: 19960630. FIRST USE IN COMMERCE: 19970113 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75812854 |
| **Filing Date** | October 1, 1999 |
| **Published for Opposition** | May 2, 2000 |
| **Registration Number** | 2371265 |
| **Registration Date** | July 25, 2000 |
| **Owner** | (REGISTRANT) BBG Communications, Inc. CORPORATION DELAWARE 401 B Street, Suite 1260 San Diego CALIFORNIA 92101 |
| **Attorney of Record** | DOLORES LYONS |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |



EXHIBIT
A

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2003-06-17 14:00:07 ET

**Serial Number:** 75812854

**Registration Number:** 2371265

**Mark (words only):** BBG

**Current Status:** Registered.

**Date of Status:** 2000-07-25

**Filing Date:** 1999-10-01

**Registration Date:** 2000-07-25

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -Warehouse (Newington)

**Date In Location:** 2000-07-31

---

## CURRENT APPLICANT(S)/OWNER(S)

1. BBG Communications, Inc.

**Address:**
BBG Communications, Inc.
401 B Street, Suite 1260
San Diego, CA 92101
United States
**State or Country of Incorporation:** Delaware
**Legal Entity Type:** Corporation

---

## GOODS AND/OR SERVICES

telecommunications services, namely, electronic transmission of voice and data
**International Class:** 038
**First Use Date:** 1996-06-30
**First Use in Commerce Date:** 1997-01-13

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2003-06-12 - TEAS Change of Correspondence Received

2002-04-05 - PAPER RECEIVED

2000-07-25 - Registered - Principal Register

2000-05-02 - Published for opposition

2000-03-31 - Notice of publication

2000-03-03 - Approved for Pub - Principal Register (Initial exam)

2000-03-03 - Case file assigned to examining attorney

## CONTACT INFORMATION

**Correspondent (Owner)**
DOLORES LYONS (Attorney of record)

Tawnya Wojciechowski
Sheppard, Mullin, Richter & Hampton LLP
Fourth Floor
650 Town Center Drive
Costa Mesa CA 92626
**Phone Number:** 714-513-5100
**Fax Number:** 714-513-5130
**Email Address:** tawnya@sheppardmullin.com



UNITED STATES PATENT AND TRADEMARK OFFICE

**Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Jun 17 04:14:12 EDT 2003*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

| Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| Check Status | *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | BBG |
| **Goods and Services** | IC 038. US 100 101 104. G & S: telecommunications services, namely electronic transmission of voice and data. FIRST USE: 19960630. FIRST USE IN COMMERCE: 19970113 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 260102 260109 260115 260116 260121 260509 260521 |
| **Serial Number** | 75812855 |
| **Filing Date** | October 1, 1999 |
| **Published for Opposition** | May 2, 2000 |
| **Registration Number** | 2371266 |
| **Registration Date** | July 25, 2000 |
| **Owner** | (REGISTRANT) BBG Communications, Inc. CORPORATION DELAWARE 401 B Street, Suite 1260 San Diego CALIFORNIA 92101 |
| **Attorney of Record** | DOLERES LYONS |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2003-06-17 14:00:53 ET

**Serial Number:** 75812855

**Registration Number:** 2371266

**Mark**



**(words only):** BBG

**Current Status:** Registered.

**Date of Status:** 2000-07-25

**Filing Date:** 1999-10-01

**Registration Date:** 2000-07-25

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 - Warehouse (Newington)

**Date In Location:** 2000-07-31

---

## CURRENT APPLICANT(S)/OWNER(S)

1. BBG Communications, Inc.

**Address:**
BBG Communications, Inc.
401 B Street, Suite 1260
San Diego, CA 92101
United States
**State or Country of Incorporation:** Delaware
**Legal Entity Type:** Corporation

---

## GOODS AND/OR SERVICES

telecommunications services, namely electronic transmission of voice and data
**International Class:** 038

Latest Status Info

**First Use Date:** 1996-06-30
**First Use in Commerce Date:** 1997-01-13

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

2003-06-12 - TEAS Change of Correspondence Received

2002-04-05 - PAPER RECEIVED

2000-07-25 - Registered - Principal Register

2000-05-02 - Published for opposition

2000-03-31 - Notice of publication

2000-03-03 - Approved for Pub - Principal Register (Initial exam)

2000-03-03 - Case file assigned to examining attorney

---

## CONTACT INFORMATION

**Correspondent (Owner)**
DOLERES LYONS (Attorney of record)

Tawnya Wojciechowski
Sheppard, Mullin, Richter & Hampton LLP
Fourth Floor
650 Town Center Drive
Costa Mesa CA 92626
**Phone Number:** 714-513-5100
**Fax Number:** 714-513-5130
**Email Address:** tawnya@sheppardmullin.com

---



## UNITED STATES PATENT AND TRADEMARK OFFICE

### Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 17 04:14:12 EDT 2003*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

**Logout**  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**Check Status**  *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | BBG COMMUNICATIONS |
| **Goods and Services** | IC 038. US 100 101 104. G & S: telecommunications services, namely, electronic transmission of voice and data. FIRST USE: 19960630. FIRST USE IN COMMERCE: 19970113 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75812856 |
| **Filing Date** | October 1, 1999 |
| **Published for Opposition** | May 16, 2000 |
| **Registration Number** | 2375351 |
| **Registration Date** | August 8, 2000 |
| **Owner** | (REGISTRANT) BBG Communications, Inc. CORPORATION DELAWARE 401 B Street, Suite 1260 San Diego CALIFORNIA 92101 |
| **Attorney of Record** | DOLORES LYONS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COMMUNICATIONS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2003-06-17 14:01:31 ET

**Serial Number:** 75812856

**Registration Number:** 2375351

**Mark (words only):** BBG COMMUNICATIONS

**Current Status:** Registered.

**Date of Status:** 2000-08-08

**Filing Date:** 1999-10-01

**Registration Date:** 2000-08-08

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -Warehouse (Newington)

**Date In Location:** 2000-08-11

---

### CURRENT APPLICANT(S)/OWNER(S)

1. BBG Communications, Inc.

**Address:**
BBG Communications, Inc.
401 B Street, Suite 1260
San Diego, CA 92101
United States
**State or Country of Incorporation:** Delaware
**Legal Entity Type:** Corporation

---

### GOODS AND/OR SERVICES

telecommunications services, namely, electronic transmission of voice and data
**International Class:** 038
**First Use Date:** 1996-06-30
**First Use in Commerce Date:** 1997-01-13

**Basis:** 1(a)

---

### ADDITIONAL INFORMATION

**Disclaimer:** "COMMUNICATIONS"

## PROSECUTION HISTORY

2003-06-12 - TEAS Change of Correspondence Received

2002-04-05 - PAPER RECEIVED

2000-08-08 - Registered - Principal Register

2000-05-16 - Published for opposition

2000-04-14 - Notice of publication

2000-03-17 - Approved for Pub - Principal Register (Initial exam)

2000-03-06 - Examiner's amendment mailed

2000-03-03 - Case file assigned to examining attorney

## CONTACT INFORMATION

**Correspondent (Owner)**
DOLORES LYONS (Attorney of record)

Tawnya Wojciechowski
Sheppard, Mullin, Richter & Hampton LLP
Fourth Floor
650 Town Center Drive
Costa Mesa CA 92626
**Phone Number:** 714-513-5100
**Fax Number:** 714-513-5130
**Email Address:** tawnya@sheppardmullin.com







**NetworkSolutions**

HELP · WHOIS    VIEW OR

| HOME | DOMAIN NAMES | WEB SITES | E-MAIL | BUSINESS BUILDERS | RENEW SERVICE |



## WHOIS SEARCH RESULTS

**bbgcom.com**          **Back-order this name**

The Data in GKG.NET's WHOIS database is provided by GKG.NET for information
purposes, and to assist persons in obtaining information about or related
to a domain name registration record. GKG.NET does not guarantee its
accuracy. By submitting a WHOIS query, you agree that you will use this
Data only for lawful purposes and that, under no circumstances will you use
this Data to: (1) allow, enable, or otherwise support the transmission of
mass unsolicited, commercial advertising or solicitations via e-mail
(spam); or (2) enable high volume, automated, electronic processes that
apply to GKG.NET (or its systems). GKG.NET reserves the right to modify
these terms at any time. By submitting this query, you agree to abide by
this policy.

Registrant:
BBG Com
Administrator Network
1234 Gouge St
San Diego, Ca 80210
US
619-555-1212 (FAX) 619-555-1212
20944@whois.gkg.net

Administrative Contact:
BBG Com
Administrator Network
1234 Gouge St
San Diego, Ca 80210
US
619-555-1212 (FAX) 619-555-1212
20944@whois.gkg.net

Technical Contact:
BBG Com
Administrator Network
1234 Gouge St
San Diego, Ca 80210
US
619-555-1212 (FAX) 619-555-1212
20944@whois.gkg.net

Billing Contact
BBG Com
Administrator Network
1234 Gouge St
San Diego, Ca 80210
US
619-555-1212 (FAX) 619-555-1212
20944@whois.gkg.net

Registrar..: gkg.net (http://register.gkg.net/)
Domain Name: BBGCOM.COM
Created on..............: 17-APR-2001
Expires on..............: 17-APR-2006
Record last updated on..: 02-APR-2003
Status..................: ACTIVE



# Tran
# dom
# fo
# $
#

include

**We
S**

EXHIBIT

C

Domain servers in listed order:

NS.GKG.NET
NS2.GKG.NET

The previous information has been obtained either directly from the
registrant or a registrar of the domain name other than Network Solutions.
Network Solutions, therefore, does not guarantee its accuracy or completeness.

SEARCH AGAIN

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the
of high-volume, automated, electronic processes. The Data in Network Solutions' WHOIS database is
provided by Network Solutions for information purposes only, and to assist persons in obtaining information
about or related to a domain name registration record. Network Solutions does not guarantee its accuracy.
By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you may use
this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow,
enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via
e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to
Network Solutions (or its computer systems). The compilation, repackaging, dissemination or other use of
this Data is expressly prohibited without the prior written consent of Network Solutions. You agree not to use
high-volume, automated, electronic processes to access or query the WHOIS database. Network Solutions
reserves the right to terminate your access to the WHOIS database in its sole discretion, including without
limitation, for excessive querying of the WHOIS database or for failure to otherwise abide by this policy.
Network Solutions reserves the right to modify these terms at any time.



**Back to top** | About Us | Partnerships | Contact Us | Site Map

Home | Domain Names | Web Sites | E-Mail | Renew Services | Account Manager

Review our Privacy Policy, Service Agreement, Legal Notice and Disclaimer © Copyright 2003
Network Solutions, Inc. All rights reserved.



**GKG** MAKING THE INTERNET
WORK FOR YOU

| home | register domain | web hosting | co-located servers | internet access | development services | training | company info | policies |

domain tools | whois | help | resellers | anti-spam | contact | en español | lo

## register a domain

[                    ] **GO!**

click here to search whois

### domain registration

▶ register a domain

▶ domain management

▶ GKG username management

- change address, phone, fax, email

? how to change address, phone, fax, email

- change password

- create a GKG username

? how to create a GKG username

- lookup your GKG username

- lookup a GKG username associated with a domain

- forgot your password?

- Administrative GKG Username Change Letter

▶ renewals

▶ parking

▶ DNS (domain name server/host name) management

▶ domain transfers/ change registrar to GKG

▶ resellers

▶ whois

## Password Reminder

The contact usernames and email addresses associated with **bbgcom.com** are listed below. Click a link to have the password emailed to that particular contact username.

| Username | Email | Contact Type |
|----------|-------|--------------|
| bpope | globalbrosky@yahoo.com | Registrant |
| bpope | globalbrosky@yahoo.com | Administrative |
| bpope | globalbrosky@yahoo.com | Technical |
| bpope | globalbrosky@yahoo.com | Billing |



EXHIBIT

_D_

Home | Domain Registration | Web Hosting | Web Site Development | Co-Located Servers | Training | E-Government Consulting | GKG Internet Customer Service | GKG info | GKG Jobs | Contact us.

For questions or assistance, please call 8-6 CST (800) 617-0412 or email support@gkg.net

© Copyright 1997 - 2003 GKG.NET, INC. All rights reserved.

Please read our Disclaimer, our Privacy Policy, our Registration Agreement, and our Domain Name Dispute Policy.

## Wesley Hill

| | |
|---|---|
| **From:** | Michael Stomps [stomps@candw.ky] |
| **Sent:** | Thursday, January 16, 2003 3:46 PM |
| **To:** | David Chretien (Hotmail) |
| **Subject:** | FW: Credit to account |

**Importance:** High

David,

Seems the problem is not solved yet. Did you call the hotel?

-----Original Message-----
From: Jeffrey Walters [mailto:jeffrey@3comcr.com]
Sent: Thursday, January 16, 2003 11:10 AM
To: Michael Stomps
Subject: Fw: Credit to account
Importance: High


Did you call this Hotel?

Jeff & Tony


----- Original Message -----
From: "McAlhaney, Michael" <Michael.McAlhaney@Pfizer.com>
To: <annel@bbgcom.com>
Sent: Thursday, January 16, 2003 8:14 AM
Subject: FW: Credit to account


> Annel,
> Would you please acknowledge receipt of this e-mail and let me know the
> status of my claim?  As of this morning, Thurs. Jan. 16th, there is still
no
> credit to my VISA account.
> Thank you,
> Michael T. McAlhaney
>
> > -----Original Message-----
> > From: McAlhaney, Michael
> > Sent: Friday, January 10, 2003 11:36 AM
> > To: 'annel@bbgcom.com'
> > Subject: Credit to account
> >
> > Hi Annel,
> >
> > We spoke a few days ago about a credit that was to be processed to my
> > credit card for a $55.21 call I placed in November at Le Meridien Hotel
> > Etoile in Paris.  You thought the credit had been processed but couldn't
> > verify that as someone was out on vacation at the time.
> >
> > As of this morning my account has still not been credited - when we

1



**EXHIBIT**

_E_

spoke
> > you thought the credit would probably occur this week.
> >
> > Can you let me know where things currently stand or if you need any
> > additional information from me to research the matter?
> >
> > Thank you,
> > Michael T. McAlhaney
> > Pfizer, Inc.
> > 212 733-0986
> >
> >
> >
>