EOD JUN 23 '03

FILED-CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

03 JUN 23 PM 2:58

TEXAS-EASTERN

BY _____

| | |
|---|---|
| BBG COMMUNCIATIONS, INC. | |
| Plaintiffs, | |
| v. | Case No. 2:03CV227-TJW |
| 1. NETWORK COMMUNICATIONS INTERNATIONAL CORP.,<br>2. WILLIAM POPE,<br>3. JAY WALTERS,<br>4. JEFFERY WALTERS<br>Defendants. | |

## PROTECTIVE ORDER

To facilitate discovery in the above-entitled cause, the Court hereby enters the following Protective Order:

A. INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1. SCOPE. This Protective Order governs access to, use and distribution of material produced by either a party or a non-party from whom discovery is sought (the "Producing Party") which is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided herein. Material which may be so designated includes documents, pleadings, interrogatory responses, responses to requests for admissions, deposition testimony, responses, to third-party subpoenas, and any other discovery or disclosure made in this litigation (collectively "Discovery Material").

2. "CONFIDENTIAL" INFORMATION. Unless otherwise provided herein or agreed to in



1

writing by the parties, all Discovery Material produced by a party to this action shall be deemed "CONFIDENTIAL." Additionally, non-parties may designate Discovery Material as "CONFIDENTIAL" in accordance with the procedures set forth in paragraph A.4 of this Protective Order.

3. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION If any producing Party has a reasonable, good faith belief that any information the Producing Party produces in discovery constitutes a trade secret, unpublished financial information, customer sales, and profit information or marketing data and strategies, the Producing Party may designate such information as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" in accordance with the procedures set forth in paragraph A.4 of this Protective Order.

4. A party or non-party to this action may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph A.2 and A.3, above, as follows:

   1. In the case of documents and other tangible things to be produced in this matter, the Producing Party shall mark such material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at or prior to the time of producing and in such a manner as not to interfere with the legibility of the document. Each page of each document containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall be so marked. In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced.

   2. In the case of depositions: (1)Counsel for the witness shall state on the record that the deposition or a specified portion thereof involves "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" information, or so advise all counsel within 10 days of receipt of the transcript or entry of this order, whichever is later. During this 10-day period, all depositions transcripts and the information contained therein shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY". (2) If no such designation is made either during the deposition or within such 10-day period, the right to make such designation is waived subject to

paragraph C.1, below. (3) Counsel for the witness shall have the right to exclude from any deposition any person who is not authorized by this Protective Order to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" information.

5.  If a party (the "Challenging Party") wishes to challenge the designation of certain material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY", pursuant to paragraphs A.2, A.3 or A.4 above, or C.1, below, the Challenging Party shall inform the Producing Party in writing of the specific documents or testimony which the Challenging party believes was in appropriately designated. The Challenging Party and Producing Party shall then meet and confer in an effort to settle the dispute informally. Only if the parties are unable to informally resolve the dispute as to the designation may the Challenging Party file a motion with the Court challenging the designation. A failure to challenge any designation shall not constitute a waiver of the right to challenge such designation. If a designation is challenged, the Producing Party shall have the burden of establishing that the designation is appropriate pursuant to the terms of this Protective Order. Any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" shall remain subject to the terms of this Protective Order unless otherwise required by a final order of this Court or by consent of the parties.

The terms of this Protective Order are applicable to material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" by a non-party that supplies information in response to a subpoena, a subpoena duces tecum, deposition, or any other formal or informal means. Any material so designated by a non-party in connection with this litigation is protected by the remedies and relief provided herein.

B. PERMITTED USE

1. All information designated as "CONFIDENTIAL" shall be used solely for the purpose of prosecuting or defending this litigation and not for any business or commercial purpose, and shall not be disclosed in any manner to anyone other than the following categories of persons:

   a. Outside counsel for any party in this action, and counsel's partners, associates, legal assistants and employees;

   b. In-house counsel for any party or its affiliated entities;

   c. Experts and consultants employed by any party hereto or their legal counsel, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the Understanding and Agreement in the form attached hereto as Exhibit A;

   d. Parties and their employees where deemed necessary by counsel to assist in the prosecution or defense of this action, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY"

   e. Court officials (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

   f. Any person whom counsel reasonably believes may be a trial witness or deponent, provided such persons agrees to be bound by the provisions of this Protective Order and the jurisdiction of this Court and has so indicated on the record and under oath or has executed the Understanding and Agreement in the form attached hereto as Exhibit A;

   g. Any other person(s) as to whom the producing party expressly and in writing authorizes disclosure; and

Nothing in paragraph B.1 shall prevent counsel from publishing documents designated as "CONFIDENTIAL" to witnesses affiliated or formerly affiliated with the designating party during deposition or at trial for the purposes of direct or cross examination regarding such documents.

2. All information designated as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall be used solely for the purpose of prosecuting or defending this litigation and not for any business or commercial purpose, and shall not be disclosed in any manner to anyone other than the following categories of persons:

    a. Outside counsel for any party in this action, and counsel's partners, associates, legal assistants and employees;

    b. Experts and consultants employed by any party hereto or their legal counsel, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the Understanding and Agreement in the form attached hereto as Exhibit A;

    c. Court officials (including court reporters, persons operating video equipment at depositions, and any special master appointed by the Court), provided that such information filed in Court or disclosed in pleadings shall be filed under seal; and

    d. Any other person(s) as to whom the Producing Party expressly and in writing authorizes disclosure.

~~BBG's counsel shall be allowed to disclose the name and contact information of any individual member of the public who sent an email to BBG (which was not received by BBG) where such individual sought credit refunds or other immediate responsive information which would allow BBG to immediately redress any such public harm.~~ Nothing in paragraph B.2 shall prevent counsel from

publishing documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to witnesses affiliated or formerly affiliated with the designating party during deposition or at trial for the purposes of direct cross examination regarding such documents.

(3) It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Order be (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

C. INADVERTENT DISCLOSURE OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION

1. The inadvertent failure to designate any Discovery Materials during this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not constitute a waiver of any otherwise valid claim for confidential treatment thereof. Upon learning of such an inadvertent failure to designate Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party shall provide written notification of the inadvertent failure to designate to the Party to whom such Discovery Material was produced, and shall make arrangements to appropriately designate the information in accordance with this Stipulation and Protective Order. The Party receiving undesignated Discovery Materials shall have no liability under this Stipulation and Protective Order for any disclosure of the information contained in undesignated documents or things that occurs prior to notice of the Producing Party's claim of confidentiality pursuant to this paragraph.

2. If a Producing party determines that it has produced Discovery Materials designated as CONFIDENTIAL that it believes should have been produced without such designation or that it has produced Discovery Materials designated HIGHLY CONFIDENTIAL that it believes should have been produced with a CONFIDENTIAL designation or without any confidentiality designation, it shall notify the non-producing Party, and shall provide the non-producing Party with appropriately designated copies of the documents.

3. A copy of this Stipulation and Protective Order shall be served with any subpoena served in connection with this action upon any non-party.

D. RETENTION OF "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" INFORMATION

1. The attorneys for the parties are directed to retain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" in their custody and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to such information.

2. Within ninety (90) days after the conclusion of this litigation (including all appeals), all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall be returned to the producing party or counsel shall certify that all such information has been destroyed, at the election of the Producing Party.

E. LIMITATIONS

This Protective Order shall not affect:

1. Any party's right to use with complete discretion the information which it initially

produced;

2. Any party's right to object to any discovery demand on any ground;

3. Any party's right to seek an order compelling discovery with respect to and discovery demand.

4. Any party's right to object to the admissibility of any information on any ground;

5. Any counsel's right to make litigation decisions in this or any other proceeding that do not involve disclosure of information subject to this Protective Order or any copy, transcript, excerpt or summary thereof;

6. Any party's right to use without limitation any information, including information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" that the party acquires independently and in a lawful manner from a source other than the designating party;

7. Any party's duty to disclose any information pursuant to a duly authorized subpoena or civil investigation demand, provided that any arty producing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall give counsel for the designating party prompt notice of such subpoena or civil investigative demand, which notice if possible shall be at least ten (10) days prior to the earlier of (a) any deadline for filing objections to the subpoena or civil investigative demand, or (b) the actual production of the information; or

8. Any party's right to seek amendments to this Protective Order broadening or restricting the rights of access to, or the use of, material subject to this Protective Order or otherwise modifying this Protective Order.

F. RETENTION OF "EXHIBIT A" DOCUMENTS

Counsel for each party shall preserve, for a period of not less than one year following the conclusion of this litigation (including all appeals), all "Exhibit A" documents signed by persons to whom counsel has disclosed information subject tot his Protective Order. Counsel shall not be required to serve "Exhibit A" documents on counsel for other parties in the litigation.

**SO ORDERED** this 23rd day of June, 2003.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BBG COMMUNCIATIONS, INC.

        Plaintiffs,

v.

1. NETWORK COMMUNICATIONS
   INTERNATIONAL COPR.,
2. WILLIAM POPE,
3. JAY WALTERS,
4. JEFFERY WALTERS
           Defendants.

Case No. 2:03CV227-TJW

## UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, have read the PROTECTIVE ORDER ("Order") entered by order of The Honorable_____, United States District Court for the Eastern District of Texas, Marshall Division, in this lawsuit and know the contents thereof. I understand and agree that I shall not use or disclose, in public or private, any Confidential or Highly Confidential Materials or information contained therein or information derived therefrom without the prior written consent of the party or non-party who produced such information or as otherwise set forth in the Order or permitted or required by an order of the Court I further agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation or obtained outside of discovery in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

SIGNATURE: _____

-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

---

BBG COMMUNCIATIONS, INC.

      Plaintiffs,

v.              Case No. _____

1. NETWORK COMMUNICATIONS
  INTERNATIONAL CORP.,
2. WILLIAM POPE,
3. JAY WALTERS,
4. JEFFERY WALTERS
      Defendants.

---

**NOTICE OF DEPOSITION OF JEFFERY WALTERS**

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 30 and the Court's Order served herewith, Plaintiff BBG Communications, Inc., ("BBG") will take the deposition upon oral examination of Jeffrey Walters, an employee of Defendant NCIC, commencing at the following time and place and continuing day to day until complete:

Date:   June \_\_\_, 2003

Time:   10:00 a.m.

Place:   _____

PLEASE TAKE FURTHER NOTICE that the deposition shall be videotaped and/or produced through a stenographic method of instant display and shall continue from day to day thereafter until completed, and will be continued to such other dates as may be mutually agreed upon by the witness and the parties.

Dated: June ____, 2003

Respectfully submitted,

_____
Otis W. Carroll
State Bar No. 03895700
Wesley Hill
State Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
South Broadway at Grande Boulevard
Tyler, Texas 75703
(903) 561-1600
(903) 581-1071 (fax)

ATTORNEYS FOR PLAINTIFF
BBG COMMUNICATIONS, INC.

OF COUNSEL

TAWNYA R. WOJCIECHOWSKI
CAL. BAR NO. 180,063
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone:   (714) 513-5100
Facsimile:    (714) 513-5130