UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 1 6 2003

DAVID MALAND, CLERK
By
Deputy

| | | |
|---|---|---|
| (1) | BBG COMMUNICATIONS, INC. | § |
| VS. | | § |
| | | § |
| (1) | NETWORK COMMUNICATIONS INTERNATIONAL CORP.; | § |
| (2) | WILLIAM POPE; | § |
| (3) | JAY WALTERS; and | § |
| (4) | JEFFERY WALTERS | § |

Civil Case No. 2:03-CV-227

(WARD)

## PLAINTIFF BBG COMMUNICATIONS, INC.'S FIRST MOTION FOR PROTECTION

Plaintiff BBG Communications, Inc. ("BBG") files this, its First Motion for Protection, and in support thereof would show the Court the following:

### I.   BACKGROUND

This motion relates to one specific issue:  Where should BBG's Rule 30(b)(6) deposition take place - in San Diego, California, where BBG and its employees reside, or in Tyler, Texas, the district where this action was brought?

BBG initiated this suit June 19, 2003, by filing its Original Complaint and Ex Parte Motion for TRO to stop Defendant Network Communications International Corp. ("NCIC") and its principals, William Pope, Jay Walters, and Jeff Walters, from continuing their illegal interception of email correspondence intended for BBG and infringement of BBG's trademarks. BBG brought its complaint and application for TRO in the defendants' home district to avoid any issues of venue and personal jurisdiction that might otherwise delay the emergency relief sought.  Upon reviewing BBG's filing, the Court granted BBG's application for TRO and

temporarily restrained the defendants' damaging conduct.  (Temporary Restraining Order, Docket entry # 14, June 19, 2003).  The Court also authorized BBG to take the limited expedited discovery in the form of a 30(b)(6) deposition of NCIC.  (Docket entry # 15, June 19, 2003).  Counsel for BBG traveled to Tyler, Texas and conducted this deposition on July 14, 2003.  (Wojciechowski Decl. ¶5.). Counsel for BBG also later took the deposition of Jeffery Walters in Tyler, Texas on September 15, 2003.  (Wojciechowski Decl. ¶ 5.).

On December 5, 2003, NCIC noticed the 30(b)(6) deposition of BBG for December 16, 2003, and asked that BBG produce representatives knowledgeable about 23 different, wide-ranging categories of information.  (See Exhibit A to Wojciechowski Decl.).  BBG has identified at least 2 or 3 persons most knowledgeable about such information who will be required to testify on BBG's behalf.  (Wojciechowski Decl. ¶ 1.)  All of BBG's identified personnel reside in the San Diego, California area, BBG's principal place of business.  (Wojciechowski Decl. ¶ 4.).  Since receiving the notice, counsel for BBG has conferred on several occasions with counsel for defendants, requesting that the noticed deposition occur in San Diego rather than Tyler.  Counsel for the defendants have refused this request.[1]  (See Exhibit B & C to Wojciechowski Decl.).

BBG seeks to avoid the unnecessary and one-sided cost of producing its personnel for deposition Tyler, Texas when it is much less expensive and more fair for counsel for defendants to travel to San Diego and take the depositions of multiple BBG personnel.  Accordingly, because BBG did not engage in forum shopping or attempt to assert jurisdiction over the defendants in California, but rather brought this case in the defendants' home district, thereby reducing the defendants' overall cost of defense, BBG seeks an order of protection from the

---

[1] Counsel for the parties did agree, however, to reschedule the deposition originally noticed for December 16th for a mutually agreeable date during the first weeks of January, after document production pursuant to the Court's Discovery Order.  The single issue in dispute concerns the location for that deposition.

Court requiring that the depositions of BBG personnel occur at its principal place of business in San Diego.

## II.    DISCUSSION

Federal Rule of Civil Procedure 26 provides as follows:

"(c)    . . . [O]n matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

\* \* \* \*

(2)    that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."

The court may make these determinations pursuant to a motion for protective order by a party sought to be deposed.

Under the prevailing case law, a party's deposition is normally taken in the district in which it resides or is employed or has a place of business. *See*, Grey v. Continental Mktg. Ass'n, 315 F.Supp. 826, 832 (N.D. Ga. 1970) ("unusual circumstances" required to justify putting party to inconvenience of deposition elsewhere). Moreover, where a corporate party designates an officer, director or employee to testify on its behalf, the deposition is ordinarily taken at the corporation's principal place of business. Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982).

Here, BBG and its personnel all reside in the San Diego area. Furthermore, defendants' notice of deposition contains 23 categories of wide-ranging issues necessitates the production of

multiple persons to respond on behalf of the corporate entity. The balance of convenience, cost, and fairness counsel that the depositions should take place in San Diego.

Moreover, this is not a case where BBG filed in this district as an exercise in forum-shopping. BBG brought its complaint and application for TRO in this, the defendants' home district to avoid any issues of venue and personal jurisdiction that might otherwise delay the emergency relief initially sought in the case. BBG should not now be forced to effectively bear all travel and business interruption costs associated with depositions simply because it came to the defendants' home forum to file suit.

As the court discussed in <u>Archer Daniels Midland, Co. v. Aon Risk Services Inc.</u>, while there is a general rule that plaintiff is required to make itself available for a deposition in the district in which the suit was commenced, that rule is subject to exception when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum district. 187 F.R.D. 578, 587-88 (D. Minn. 1999). BBG has already agreed to take the depositions of the defendants in the forum district. In light of how and why BBG came to this forum, that defendants be forced to reciprocate and take the depositions of BBG's personnel at its place of business in San Diego is only fair. To do otherwise would unduly place the cost of discovery, both in terms of travel and business interruption, upon BBG.

## III.    CONCLUSION

For the foregoing reasons, BBG respectfully requests that the Court issue a protective order protecting BBG from producing its personnel in Tyler, Texas and requiring that their depositions occur at its principal place of business in San Diego.

Respectfully submitted,

4

By: _____
Otis Carroll – Attorney-in-Charge
State Bar No. 03895700
Wesley Hill
State Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, TX 75703
Tel:  (903) 561-1600
Fax:  (903) 581-1071

ATTORNEYS FOR PLAINTIFF
BBG COMMUNICATIONS, INC

OF COUNSEL:

Tawyna R. Wojciechowski
CA Bar No. 180,063
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 513-5100
Fax:  (714) 513-5130

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), movant has contacted opposing counsel and was informed that opposing counsel is opposed to the relief requested herein. Accordingly, this matter is submitted to the Court for determination.

Wesley Hill

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via United States mail this _16th_ day of _December_ , _2003_ .

Wesley Hill

## DECLARATION OF TAWNYA WOJCIECHOWSKI

I, Tawnya R. Wojciechowski, say and declare:

I am an attorney in the law firm of Sheppard, Mullin, Richter & Hampton LLP ("SMR&H"), counsel for plaintiff BBG Communications, Inc. ("Plaintiff") in this action. I am licensed to practice before this court on a pro hac vice basis and all the Courts of the State of California. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

1. Attached hereto as Exhibit "A" is a true and correct copy of Defendants' Notices of Deposition and Demand for Production of Documents, scheduling the depositions of BBG's persons most knowledgeable about 23 different categories of information. BBG has identified at least 2 or 3 personnel who will be required to provide testimony in its Rule 30 (b)(6) deposition as individuals having the most knowledge of the facts concerning those 23 categories of information.

2. Attached hereto as Exhibit "B" is a true and correct copy of my letter of December 7, 2003, requesting that the locale of the deposition be in San Diego, California rather than Tyler, Texas.

1    3.    Attached as Exhibit "C" is an email received from Jerry Harper,

2 counsel for Defendants, rejecting my request to hold these depositions in San

3 Diego.

4

5

6    4.    On information and belief, BBG and its officers/employees who

7 would be deposed under Defendants' Rule 30(b)(6) deposition notice are all

8 residents of San Diego County, California.

9

10

11    5.    BBG has previously taken the deposition of William Pope, the

12 Rule 30(b)(6) designee and President of defendant NCIC on July 14, 2003, and the

13 deposition of Jeffrey Walters on September 15, 2003 in connection with this

14 litigation. I flew out to Tyler (along with another attorney from my law firm, Jerry

15 Gumpel, and our client representatives) for both of these depositions which I noticed

16 to take place in Tyler, Texas. Both depositions were taken in Tyler, Texas.

17

18

19    I declare under penalty of perjury under the laws of the United States

20 and State of California that the foregoing is true and correct and that this declaration

21 is executed on December 16, 2003 at Costa Mesa, California.

22

23

24

25

26 _____

27    TAWNYA R. WOJCIECHOWSKI

28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**BBG COMMUNICATIONS, INC.**                    **CIVIL ACTION NO. 2:03-CV-227**

**VERSUS**                                       **JUDGE WARD**

**NETWORK COMMUNICATIONS
INTERNATIONAL CORPORATION,
WILLIAM POPE, JAY WALTERS, and
JEFFREY WALTERS**

## NOTICE OF RULE 30(b)(6) DEPOSITION
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes defendants, NETWORK

COMMUNICATIONS INTERNATIONAL CORPORATION, WILLIAM POPE, JAY WALTERS

and JEFFREY WALTERS, who hereby provide notice to all parties that it will take the oral

deposition of plaintiff, BBG COMMUNICATIONS, INC., pursuant to Fed. R. Civ. P. 30(b)(6), on

December 16, 2003, at 9:30 a.m. at the offices of Ramey & Flock, P.C., 100 East Ferguson, Suite

500, Tyler, Texas 75702, for all purposes, before a duly authorized court reporter, and continuing

from day to day thereafter until completed.

Pursuant to Rule 30(b)(6), plaintiff is obligated to produce the most qualified person(s) to

testify on its behalf regarding each of the following matters (except as otherwise noted, such subjects

and related document requests should deal with the time period from January 1, 2003 to the present):

1.    The identification of the shareholders, officers, directors, key employees and sale agents of
      BBG Communications, Inc. and its foreign and domestic affiliates, as well as the corporate
      structure and hierarchy of each;

2.    The identification and description of the policies and procedures of BBG and its affiliates
      with respect to ethical conduct of its employees, agents, and independent sales agents and
      contractors in the market place;



3.  A description of the actual, customary and usual means of determining compensation and paying compensation to the employees, agents and sales representatives of BBG Communications, Inc. and its representatives and the actual compensation paid as a result thereof;

4.  The identification of (i) the business conducted by BBG Communications, Inc., and its affiliates, (ii) its methodologies, means and philosophies of conducting business, and (iii) the identification of all entities or individuals considered to be competitors thereto;

5.  The identification of all documents created, received or otherwise obtained by BBG Communications, Inc., its officers, directors, shareholders, agents, independent contractors and/or sales representatives, or any affiliates thereof relating to Network Communications International Corporation ("NCIC"), William Pope, Jay Walters, Jeffrey Walters, BluePhone, Ltd., ICS, Ton Hoogstratten, Ronald Perez, Michael Stomps, Awi Fang a/k/a Suriyanto Suriyanto, Goren Alexiev, Michel Alexiev, Patrick Mauchant, Keven Watt and/or NCIC Bermuda, Ltd.;

6.  The identification of all documents or information orally conveyed which relates or pertains to NCIC or its affiliates or their respective businesses, prospects, contracts, call volumes, communications among agents, employees, or contractors obtained by BBG, its affiliates, officers, directors, shareholders, agents, independent contractors and/or sales representatives, from any of the following persons prior to July 20, 2003:

    a.   Ronald Perez
    b.   Ton Hoogstratten
    c.   Michael Stomps
    d.   Awi Fang a/k/a Suriyanto Suriyanto
    e.   Goren Alexiev
    f.   Michel Alexiev
    g.   Patrick Mauchant
    h.   Keven Watt

7.  A full description, to the extent not privileged, of the investigation you have conducted, if any, with respect to the allegations in the counterclaim and third party claim in this action;

8.  The identification of findings and documents obtained as a result of the investigation, if any, identified in the immediately preceding subparagraph;

9.  The remedial measures, if any, taken in connection with the matters described in the immediately two preceding paragraphs;

2

10. The efforts and actions of BBG Communications, Inc., their affiliates, and their respective officers, directors, agents, independent contractors and/or sales representatives in competing with NCIC and/or it affiliates, BluePhone, Ltd., NCIC Bermuda, Ltd.;

11. The identification of any oral or written communications by and between BBG Communications, Inc., its affiliates, officers, directors, shareholders, agents, independent contractors or sales representatives on the one hand and any of the following persons or entities on the other:

      a.    NCIC
      b.    William Pope
      c.    Jay Walters
      d.    Jeffrey Walters
      e.    Ton Hoogstratten
      f.    Ronald Perez
      g.    Michael Stomps
      h.    Awi Fang a/k/a Suriyanto Suriyanto
      i.    Goren Alexiev
      j.    Michel Alexiev
      k.    Patrick Mauchant
      l.    Keven Watt
      m.    NCIC Bermuda, Ltd.

12. The circumstances surrounding the business association established between BBG Communications, Inc. and/or any of its affiliates, their respective officers, directors, shareholders, agents, independent contractors or sales representatives on the one hand and any of the following persons on the other:

      a.    Ronald Perez
      b.    Michael Stomps
      c.    Awi Fang a/k/a Suriyanto Suriyanto
      d.    Goren Alexiev
      e.    Michel Alexiev
      f.    Patrick Mauchant
      g.    Keven Watt
      h.    NCIC Bermuda, Ltd.

13. The identification of any and all compensation arrangements between the parties identified in connection with the immediately preceding paragraph and the means by which such compensation arrangements were made;

14. The identification of all documents or other information obtained by BBG Communications, Inc. and/or its affiliates and/or their respective officers, directors, shareholders, agents,

3

independent contractors and sales representatives arising, directly or indirectly, out of any of the matters disclosed in connection with the immediately two preceding subparagraphs;

15.   Any facts pertaining to damage to, tampering with, entry into, reprogramming, tampering or any other operations or alterations performed on any telecommunications equipment owned by NCIC, BluePhone, Ltd., ICS, or any other competitor;

16.   Any acquisition of business, including obtaining or executing agreements with any person or entity which at any time during the immediately preceding twelve (12) months had done business with NCIC, BluePhone, Ltd. or any affiliate thereof;

17.   The identification of any payments made by BBG Communications and/or their affiliates and/or any of their officers, directors, employees, agents, independent contractors, or sales representatives on the one hand to any officer, directors, agent, employee, or other representative of any telecommunications company known by BBG Communications, Inc. to have conducted business with NCIC or any of its affiliates within the twelve (12) months immediately preceding such payment;

18.   The identification of any payments by BBG Communications, Inc. and/or any of its affiliates or their respective officers, directors, agents, shareholders, employees, independent contractors or sales representatives on the one hand and any government official in any jurisdiction in which NCIC or any of its affiliates conducted business within the twelve (12) months immediately preceding such payment;

19.   The identification of all facts and persons and/or documents with evidence the facts which support the allegations of the original complaint filed herein with respect to each of the defendants, individually (NCIC, William Pope, Jay Walters and Jeffrey Walters) to the extent not acknowledged in the answers and deposition testimony of William Pope and Jeffrey Walters;

20.   The identification of each and every element of damage claimed to be sustained by BBG Communications, Inc. as a result of the claims asserted in this action together with (i) a complete description of how each such element of damage was caused by each such defendant; (ii) the amount of damages sustained in connection with each such element of damage by each such defendant; and (iii) the identification of all witnesses and documents which evidence the foregoing;

21.   The extent which BBG has sought to mitigate its damages;

22.   The identification of all legal actions, overtly threatened or filed, in the last thirty-six (36) months, with respect to allegations that BBG Communications, Inc., it affiliates, employees, agents, independent contractors, officers, directors or shareholders have engaged in unlawful or unethical business practices, including, but not limited to:

4

(a)   offering to give or giving anything of value to any public officials;

(b)   offering to give or giving anything of value to any employee, officer, director or agent of any customer or potential customer of BBG Communications, Inc. ;

(c)   the destruction of property, including telecommunication equipment;

(d)   reprogramming telecommunication equipment without the knowledge and consent of the owner or user thereof;

(e)   misappropriation of trade secrets or confidential commercial information;

(f)   commercial disparagement;

23.   Any aliases used by officers, directors, employees, agents, independent contractors of BBG Communications, Inc.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with Fed R. Civ. P. 34, plaintiff is directed to produce at the deposition the following documents, records or other materials:

1.   Any and all documents, recordings, or other materials evidencing, relating or concerning any of the Rule 30(b)(6) deposition topics specified above;

2.   Any documents which relate or pertain to BBG;

3.   Any documents which relate or pertain to communications with any person or entity who (which) at the time of the communications was providing services to or consuming services from NCIC or any of its affiliates, including, but not limited to the following:

        a.   Ton Hoogstratten
        b.   Ronald Perez
        c.   Michael Stomps
        d.   Awi Fang a/k/a Suriyanto Suriyanto
        e.   Goren Alexiev
        f.   Michel Alexiev
        g.   Patrick Mauchant
        h.   Keven Watt
        i.   Theo Heyliger - St. Maarten
        j.   Bram (A) van der Star - Netherlands
        k.   Andrew Sharp - England

l.    Jose Fabio Parriaguirre - Costa Rica
m.    Giselle Morio - Costa Rica
n.    Maril Nunez de Falquer - Dom. Republic
o.    Valérie Sbuelz - France
p.    Dirk Scholing - Netherlands
q.    Susan Thronson - USA
r.    Gerardo La Femina - Italy
s.    Arnel Brown - St. Maarten
t.    Liz Molloy - Ireland
u.    Maria Chris Baumer - Austria
v.    Andy Boulogne - St Lucia (local partner)
w.    Hubert Knulst - Australia (local partner)
x.    Michael Dubero - Aruba (local partner)
y.    Doug Scollin - Florida/Bahamas (agent)
z.    Tom Mayer - Florida/Europe (customer)
aa.   Mike Sre - California / Spain (customer)
bb.   Steve Levine - Mission Communications (customer)
cc.   Mike Vogel - Mission Communications (customer)
dd.   Jeroen Sluiter - Netherlands/Austria (local partner)
ee.   Ricardo Gonzalez - Texas (former employee)
ff.   Berlin Key - Bahamas (local partner)
gg.   Charles Lightbourne - Bahamas (local partner)
hh.   Craig Roberts - Bahamas (local partner)
ii.   David Lobo, Francis Lobo (Vishwagram Marketing) - India (local partner)
jj.   Jean Pierre Choul - Antigua (local partner)
kk.   Vance James / Island Plus - Partner in St Maarten (local partner)
ll.   Antonia Windfield - St Maarten  Manager of Island Plus
mm.   Gilberto Caprino - St Maarten (agent)
nn.   Keng Hai Chow / Swissotel - Singapore (customer)
oo.   Aileen Wong - Hong Kong (customer)
pp.   Norman Barr - Costa Rica (contract employee)
qq.   Joseph Rivera - France (former customer / current BBG agent)
rr.   Jose Nelson Mejia - El Salvador (customer)
ss.   Hondutel - Honduras (former customer)
tt.   800Reverse - Australia (customer)
uu.   Telcom New Zealand - New Zealand (customer)
vv.   Shangri La Hotel Group - Hong Kong (customer)
ww.   Zellmer Payphone Company - Germany (customer)
xx.   StarHub - Singapore (customer)
yy.   Tritel Payphones - Australia (customer)
zz.   Leo Bezemer - Netherlands (agent)

4.    Any documents which relate or pertain to communications with any consumer of telecommunications services, including customers of NCIC, the subject matter of which relates to NCIC, its officers, directors, employees, agents or independent contractors;

5.    Any documents which relate or pertain to communications from BBG Communications, Inc. or its affiliates, to AT&T, or its affiliates, the subject matter of which is, in whole or in part, NCIC or its affiliates, officers, directors, employees, agents and/or independent contractors; and

6.    Any communications between BBG Communications, Inc. or its affiliates and its officers, directors, employees, agents or independent contractors which relates or pertain to action proposed or actively taken with respect to NCIC equipment, sales agents, employees or customers.

Respectfully submitted:

JERALD R. HARPER
A Professional Law Corporation

By:_____
Jerald R. Harper
La. Bar No. 6585

504 Texas Street, Suite 405
P. O. Box 72
Shreveport, Louisiana  71161-0072
Phone:          (318) 221-1004
Facsimile:      (318) 221-0008


Tom Henson, Texas Bar No. 09494000
Maria B. Sowders, Texas Bar No. 02129080
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
Phone:          (903) 597-3301
Facsimile:      (903) 597-2413

ATTORNEYS FOR DEFENDANTS
N E T W O R K     C O M M U N I C A T I O N S
INTERNATIONAL CORPORATION, WILLIAM
POPE, JAY WALTERS and JEFFREY WALTERS

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF RULE 30(b)(6) DEPOSITION

AND REQUEST FOR PRODUCTION OF DOCUMENTS has been sent to the following counsel

of record by fax and by placing a copy of same in the U.S. Mail properly addressed and postage paid.

> Ms. Tawnya R. Wojciechowski
> Sheppard, Mullin, Richter & Hampton, LLP
> 650 Town Center Drive, 4th Floor
> Costa Mesa, CA 92626-1925
> Fax No.: 714-513-5130
>
> Mr. Otis Carroll
> Mr. J. Wesley Hill
> Mr. Collin Maloney
> Ireland, Carroll & Kelley, P.C.
> 6101 South Broadway, Suit 500
> Tyler, TX 75703
> Fax No.: 903-581-1071

Shreveport, Louisiana this 5 day of December, 2003.

_____
OF COUNSEL

8

# JERALD R. HARPER, PLC

A Professional Law Corporation
504 Texas Street, Suite 405
Post Office Box 72
Shreveport, LA 71161-0072
Telephone: (318) 221-1004
Facsimile: (318) 221-0008

## FACSIMILE TRANSMITTAL LETTER

Date: December 5, 2003

| | | | |
|---|---|---|---|
| TO: | Tawnya R. Wojciechowski | FAX NO.: | (714) 513-5130 |
| | Otis Carroll<br>J. Wesley Hill | FAX NO.: | (903) 581-1071 |
| CC: | Tom Henson<br>Maria Sowders | FAX NO.: | (903) 597-2413 |
| | William Pope<br>Jeffrey Walters<br>Jay Walters | FAX NO.: | (903) 757-4899 |

FROM:    Jerry Harper

Total Pages (including this cover page): __9__

Comments: _____

_____

_____

### IF YOU DO NOT RECEIVE ALL PAGES
### OR HAVE ANY PROBLEMS WITH RECEIVING,
### PLEASE CALL: (318) 221-1004.

_XX___ Original being mailed                    _____ Original not being mailed

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

4th Floor | 650 Town Center Drive | Costa Mesa, CA 92626-1993
714-513-5100 *office* | 714-513-5130 *fax* | *www.sheppardmullin.com*

Writer's Direct Line
**714-424-2828**
tawnya@sheppardmullin.com

Our File Number: 082X-105444

December 7, 2003

*VIA FACSIMILE*

Mr. Jerry Harper
Jerald R. Harper, PLC
504 Texas Street, Suite 405
Shreveport, LA  71101
Facsimile: 318-221-0008

Re:   Civil Case No. 2:03 CV-227 (Ward)
      BBG Communications v. NCIC, et al.

Dear Jerry:

I confirm receipt of your Notice of Deposition under Rule 30(b)(6) and the attached Request for Production of Documents under Rule 43. Please be advised that BBG shall be pleased to make its designees available for all 23 of the categories you designated for questioning at the deposition on December 16, 2003 at the BBG facilities in San Diego. As we had previously indicated to you, we do not believe you have given us any basis for proceeding with a general Rule 30 deposition (as opposed to an expedited deposition sought in connection with an application for preliminary relief and its associated supporting pleadings) in Tyler, Texas.

Normally, a party's deposition is taken in the district in which it resides or is employed or has a place of business. *See*, Grey v. Continental Mktg. Ass'n (N.D. GA 1970) 315 F.Supp. 826, 832 ("unusual circumstances" required to justify putting party to inconvenience of deposition elsewhere). Moreover, where a corporate party designates an officer, director or employee to testify on its behalf, the deposition is ordinarily taken at the corporation's principal place of business. Moore v. Pyrotech Corp. (D. KS 1991) 137 F.R.D. 356, 357; Zuckert v. Berkliff Corp. (N.D.IL 1982) 96 F.R.D. 161, 162. Your 23 categories of wide-ranging issues necessitates the production of multiple persons to respond on behalf of the corporate entity. Absent your production of any justifiable basis for requiring BBG to incur unreasonable, substantial additional costs by having the deposition of multiple personnel in Tyler, we shall seek a protective order of the court to prevent your client from subjecting BBG to this burdensome and inconvenient deposition.



EXHIBIT
**6**

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mr. Jerry Harper
December 7, 2003
Page 2

Additionally, you noticed the production of documents at the deposition under Rule 34. Please be advised that while we are currently preparing our initial disclosure and production of documents in accordance with the court's scheduling order, we cannot and will not be able to produce all of the additional documents that you request by the proposed time of this deposition (within one week). Moreover, any production of documents under Rule 34 allows the producing party no less than 30 days to prepare and serve its responses to any document demand. See FRCP Rule 34(b). As such, we shall be pleased to prepare and serve our objections and/or responses to such document demand within such 30 day period and/or produce any unobjectionable and unprivileged responsive documents we are able to obtain during such time.

Please advise us by the close of business on Tuesday whether you will agree to take the deposition of BBG's designated 30(b)(6) representatives on Tuesday, December 16 at BBG's facilities in San Diego (Upon your request, we are also willing to make our law firm's offices in downtown San Diego available on such date). If you wish to reschedule the deposition to take place in San Diego after our production of any relevant documents, we would also be pleased to work out a mutually agreeable date. Absent your agreement to the above, we shall seek the protection of the court under a Rule 26 motion for protective order, and request that the court order our fees/costs associated with the preparation of such motion as discovery sanctions.

Please feel free to contact me directly to discuss any questions you may have.

Very truly yours,

Tawnya Wojciechowski

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-OC:NTW\41343215.1
Enclosures

cc:    Jerry Gumpel, Esq.

       Wesley Hill, Esq.
       Maria Sowders, Esq.



4th Floor | 650 Town Center Drive | Costa Mesa, CA 92626-1925
714-513-5100 *office* | 714-513-5130 *fax* | *www.sheppardmullin.com*

## F A C S I M I L E   C O V E R   S H E E T

*** THIS FACSIMILE TRANSMISSION WILL NOT BE MAILED ***

Date:     December 8, 2003                    File Number: 082X-105444

Total number of pages:        *3*        If all pages are not received, please call
(including 1-page cover sheet)            Sheppard Mullin at 714-513-5100

| **TO:** | **Facsimile No.** | **Telephone No.** |
|---|---|---|
| Mr. Jerry Harper | 318-221-0008 | 318-221-1004 |

From:    Tawnya Wojciechowski

Re:      Civil Case No. 2:03 CV-227 (Ward)
         BBG Communications v. NCIC, et al.

**MESSAGE:**

NOTE:  THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

```
                    Transmission Report


                    Date/Time                      12- 8-03: 1:36PM
                    Local ID                            714 513 5130
                    Local Name                     SHEPPARD MULLIN OC
                    Company Logo                   SHEPPARD MULLIN OC

 This document was confirmed.
    (reduced sample and details below)
  Document Size   Letter-S
```

SHEPPARD MULLIN
ATTORNEYS AT LAW
4th Floor | 650 Town Center Drive | Costa Mesa, CA 92626-1925
714-513-5100 office | 714-513-5130 fax | www.sheppardmullin.com

## FACSIMILE COVER SHEET

### ** THIS FACSIMILE TRANSMISSION WILL NOT BE MAILED **

| Date: December 8, 2003 | File Number: 082X-105444 |
|---|---|

| Total number of pages: (including 1-page cover sheet)   **3** | If all pages are not received, please call Sheppard Mullin at 714-513-5100 |
|---|---|

| TO: | Facsimile No. | Telephone No. |
|---|---|---|
| Mr. Jerry Harper | 318-221-0008 | 318-221-1004 |

From:   Tawnya Wojciechowski

Re:     Civil Case No. 2:03 CV-227 (Ward)
        BBO Communications v. NCIC, et al.

MESSAGE:

NOTE: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

W02-OC:NTW41342064.1

```
  Total Pages Scanned  : 3  Total Pages Confirmed : 3
```

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|---|---|---|---|---|---|---|---|---|
| 1 | 512 | ##105444#91318221000 | 12- 8-03: 1:34PM | 2'11" | 3/ 3 | G3 | | CP 14.4 |

```
otes :
C: Error Correct        RE: Resend              PD: Polled by Remote     MB: Receive to Mailbox
C: Broadcast Send       MP: Multi-Poll          PG: Polling a Remote     PI: Power Interruption
P: Completed            RM: Receive to Memory   DR: Document Removed      TM: Terminated by user
S: Host Scan            HP: Host Print          FO: Forced Output         WT: Waiting Transfer
F: Host Fax             HR: Host Receive        FM: Forward Mailbox Doc.  WS: Waiting Send
```

-----Original Message-----
From: Harper [mailto:harper@mmw-law.com]
Sent: Wednesday, December 10, 2003 6:44 AM
To: jgumpel@sheppardmullin.com
Cc: rameyflock.comt.thenson@; internet
Subject: Re: BBG vs. NCIC


Let me respond to both of Tawnya's letters last two communications. We have
addressed them both directly before: First Tawna's letter expressing an
understanding that no answer is required of BBG and that a new delay runs
form service of an amended counterclaim is not correct. This was the last
isssue addressed in our "Rule 11" conference and I raised it to make sure
there was no misunderstanding on this issue. It appears my efforts to
eliminate all confusion on this issue has, for whatever reason, failed. With
respect to the location of the 30 B(6)deposition we have addressed his
several times:  We both have been advised with respect to the practice and
law in the Eastern Disterict of Texas. We believe the deposition is properly
noticed in Tyler. We have, however, attempted to reach your local counsel,
to let him know of our willingness to have some flexibility on the date to
accomodate the production of documents on a timely basis. We believe that no
one's interest is served by several sittings for this deposition.Please let
us know if this will help ease any inconvenience to you. Thanks.

Jerry:
Neither I nor Tawnya have had a response to Tawnya's letter to you ( sent
yesterday ) regarding the BBG deposition. Let us know where you stand on her
request.
Jerry


Jerry Gumpel
Sheppard Mullin Richter & Hampton, LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130-3051
Tel  (858) 720 8965
Fax (858) 509 3691


This message is sent by a law firm and may contain information that is privileged or
confidential. If you received this transmission in error, please notify the sender by
reply e-mail and delete the message and any attachments. Sheppard, Mullin, Richter &
Hampton LLP
Please visit our website at http://www.sheppardmullin.com

