FILED-CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

04 MAR -1 PM 4: 25

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| (1) BBG COMMUNICATIONS, INC. | § | |
| VS. | § | Civil Case No. 2:03-CV-227 |
| (1) NETWORK COMMUNICATIONS INTERNATIONAL CORP.; <br> (2) WILLIAM POPE; <br> (3) JAY WALTERS; and <br> (4) JEFFERY WALTERS | § | (WARD) |

**PLAINTIFF BBG COMMUNICATIONS, INC.'S RESPONSE
TO NCIC'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff BBG Communications, Inc. ("BBG") files this response to counterclaimant NCIC's motion for preliminary injunction and in support thereof would show the Court the following:

**I.  BACKGROUND**

BBG initiated this suit June 19, 2003, by filing its Original Complaint and Ex Parte Motion for TRO to stop Defendant Network Communications International Corp. ("NCIC") and its principals, William Pope, Jay Walters, and Jeff Walters, from continuing their illegal interception of email correspondence intended for BBG and infringement of BBG's trademarks. Upon reviewing BBG's filing, the Court granted BBG's application for TRO and temporarily restrained the defendants' damaging conduct. (Temporary Restraining Order, Docket entry # 14, June 19, 2003). The Court also authorized BBG to take limited expedited discovery. (Docket entry # 15, June 19, 2003). On July 1, 2003, the Court signed an order converting the TRO into a preliminary injunction pursuant to a stipulation of the parties. (Stipulated Preliminary Injunction, Docket entry # 25).

On October 31, 2003, NCIC filed a counterclaim against BBG and third party claims against eleven third party defendants. (Docket entry # 34). Of the eleven third party defendants sued by NCIC, at least six are non-United States citizens residing abroad, two are BBG officers, and one is a related BBG entity. (*See* NCIC's First Amended Counterclaim and Claim Against Third Party Defendants at 2-5). To date, NCIC has not applied for international service on any of the third party defendants located abroad.[1]

Now, some eight months after BBG filed suit and four months after NCIC asserted its counter and third party claims, NCIC moves for a preliminary injunction against BBG and all third party defendants (including those third party defendants who have not even received notice of NCIC's specious claims) seeking to restrain a laundry list of alleged misconduct. Yet, in violation of this Court's local rules (Local Rule CV-7(c)), NCIC fails to cite to authorities justifying the extraordinary relief it seeks and fails to submit evidence beyond its verified allegations demonstrating why it is entitled to extraordinary relief. NCIC's failure in its motion to do anything more than request a preliminary injunction, without even trying to meet the high bar of demonstrating a substantial threat of irreparable injury and a substantial likelihood of success of the merits requires that its motion be denied until NCIC at least attempts to carry its burden.

## II. DISCUSSION

In the Fifth Circuit, courts will not issue a preliminary injunction unless the movant can demonstrate: (1) a *substantial* threat of irreparable injury if the injunction is denied; (2) that the threatened injury to the movant outweighs the threatened harm to defendant; (3) a *substantial*

---

[1] At NCIC's request, counsel for BBG have agreed to accept service and respond to NCIC's claims on behalf of BBG's officers and the BBG related entity. To this end, motions to dismiss for lack of personal jurisdiction with regard to these parties will be filed shortly. However, currently, no party other than BBG has formally appeared in response to NCIC's counter or third party claims.

2

likelihood of success on the merits; and (4) that an injunction will not disserve the public interest. *See American Central Eastern Texas Gas Co. v. Union Pacific Resources Group*, No. 2:98CV0239-TJW, 2000 WL 33176064 (E.D. Tex. July 27, 2000) (citing *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).[2]

A preliminary injunction is considered "an extraordinary remedy" that will be granted only "if the movant has clearly carried the burden of persuasion of all four *Callaway* factors." *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Plains Cotton Cooperative Ass'n v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987) (rejecting any presumption of irreparable harm in a copyright infringement injunction case and holding that "preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction"). If a party cannot prove all four elements, the trial court must deny the injunctive relief, "since the decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Azteca Enterprises, Inc. v. Dallas Area Rapid Transit*, No. 3:99-CV-02819, 1999 WL 102803, *2 (N.D. Tex. 1999) (citing *Danden Petroleum, Inc. v. Northern Natural Gas Co.*, 615 F. Supp. 1093, 1097 (N.D. Tex. 1985)).

Here, NCIC submits its motion for preliminary injunction with nothing more than a reference to its conclusory verified pleadings and a request for relief. Many of NCIC's allegations stand in direct contrast to the evidence and verified pleadings previously submitted by BBG in connection with its applications for temporary restraining order. NCIC makes no effort to address, much less meet, the *Callaway* factors in its brief submission. Without more, NCIC's motion cannot support a preliminary injunction and, accordingly, its motion should be

---

[2] These four requirements are sometimes referred to in the Fifth Circuit as the "*Callaway* factors." *See Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993).

3

denied. In the event NCIC chooses to re-urge a motion for preliminary injunction properly supported by competent evidence at a later date, BBG will respond appropriately at that time.

## III. CONCLUSION

For the foregoing reasons, BBG respectfully requests that the Court deny NCIC's motion for preliminary injunction.

Respectfully submitted,

By: *Otis Carroll* by perm
Otis Carroll – Attorney-in-Charge
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, TX 75703
Tel: (903) 561-1600
Fax: (903) 581-1071

ATTORNEYS FOR PLAINTIFF
BBG COMMUNICATIONS, INC

OF COUNSEL:

Tawyna R. Wojciechowski
CA Bar No. 180,063
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 513-5100
Fax: (714) 513-5130

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via United States mail this 1st day of March, 2004.

_____
Wesley Hill