RECEIVED-CLERK
U.S. DISTRICT COURT
2004 MAR 29 PM 6:29
TX EASTERN-MARSHALL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 29 2004
DAVID MALAND, CLERK
By
Deputy

**BBG COMMUNICATIONS, INC.,**

**V.**

**NETWORK COMMUNICATIONS INTERNATIONAL CORP.; WILLIAM POPE; JAY WALTERS; and JEFFERY WALTERS**

**V.**

**RONAL PEREZ**
**RICARDO SINGER**
**GREGORIO L. GALICOT**
**RAFAEL GALICOT**
**MICHAEL STOMPS**
**AWI FANG**
**a/k/a SURIYANTO SURIYANTO**
**GORAN ALEXIEV**
**MICHAEL ALEXIEV**
**PATRICK MAUCHANT**
**KEVIN WATT**
**BBG HOLDINGS BERMUD d/b/a**
**BBG COMMUNICATIONS**
**(BERMUDA) LTD.**

§ **CIVIL ACTION NO. 2:03-CV-227-TJW**
**(JUDGE WARD)**

## MICHAEL STOMP'S MOTION TO DISMISS NCIC'S CLAIMS AGAINST HIM PURUSANT TO FED. R. CIV. P. 12(b)(2)

Michael Stomps (Stomps), third-party defendant in the above-entitled and numbered civil action, files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) because this court lacks personal jurisdiction over him.

## BACKGROUND

On June 19, 2003, BBG Communications, Inc. filed this civil action against Network Communications International Corp. (NCIC). NCIC filed a first amended third-party complaint (First Amended Third-Party Complaint) against Stomps on January 27, 2004.

## ANALYSIS

### A. Legal Standard

"The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citations and quotations omitted). Sufficient minimum contacts will give rise to either specific or general jurisdiction. *Id.*

General jurisdiction exists "where a defendant's contacts with the forum state are substantial and continuous and systematic but unrelated to the instant cause of action." *Religious Technology Center v. Dell Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003).

Specific jurisdiction, on the other hand, exists when a nonresident defendant has "purposefully directed [his] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001); *see also Religious Technology Center*, 339 F.3d at 375. In addressing specific jurisdiction, the effects of an allegedly intentional tort are to be assessed as a part of the analysis

of the defendant's relevant contacts with forum. *Panda Brandywine Corp.*, 253 F.3d at 869; *Revell*, 317 F.3d at 473.

The mere fact that a plaintiff resides in Texas and has suffered harm in Texas "will not alone support jurisdiction under *Calder*." *Revell*, 317 F.3d at 473. A defendant cannot broadly "purposefully avail [itself] of 'some forum someplace,'" but must "reasonably anticipate" being haled into a particular forum. *Id.* at 475 (citations omitted). Moreover, "foreseeability" of causing injury in a forum alone is not a "sufficient benchmark for specific jurisdiction"—there must be specific acts by the defendant directed toward the forum, suggesting reasonable anticipation of a potential suit. *Panda Brandywine*, 253 F.3d at 869. The fact that a plaintiff has been harmed by a nonresident defendant's tort in a particular forum does not alone trigger personal jurisdiction—there must be "something more." *See Management Insights, Inc. v. CIC Enterprises, Inc.*, 194 F.Supp.2d 520, 526 (N.D. Tex. 2001); *see also Panda Brandywine*, 253 F.3d at 869 (noting that the defendant must "purposefully direct" its efforts toward forum state residents to be subject to personal jurisdiction); *Revell*, 317 F.3d at 473 (the forum must be the "focal point" of defendant's actions); *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Cir. 1988) (noting that the defendant must have "expressly aimed" its allegedly tortious activities at the forum, and the "mere fortuity" that a plaintiff who is injured by a defendant's actions happens to reside in a particular forum will *not* support jurisdiction).

The plaintiff bears the burden to establish a *prima facie* case that the defendant has sufficient minimum contacts with Texas so as to subject him to personal jurisdiction in a Texas federal court. *See Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff's allegations concerning the basis for personal jurisdiction must generally be

accepted as true.[1] *Panda Brandywine Corp.*, 253 F.3d at 868. However, "acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented." *Id.* A plaintiff's allegations must still succeed in demonstrating a defendant's "purposeful availment of the benefits and protections of and minimum contacts with the forum state." *Id.* Otherwise, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit no matter how frivolous or groundless the suit may be." *Id.* at 870 (internal citations omitted).

**B. Jurisdictional Allegations Concerning Michael Stomps**

NCIC alleges that it felt the *effects* of Stomps' alleged torts in Texas, which is an attempt to establish specific jurisdiction. First Amended Third-Party Complaint, ¶ 12 (alleging that "[t]his court has personal jurisdiction over all third-party defendants because they committed intentional torts aimed at NCIC, a Texas Corporation, causing foreseeable harm to NCIC in Texas"). The First Amended Third-Party Complaint does not allege that Stomps aimed his allegedly tortuous actions at Texas. In fact, the First Amended Third-Party Complaint alleges that Stomps engaged in tortuous conduct outside the United States. *See, e.g., id.* at ¶¶24(m), (q), and (r). Specifically, NCIC alleges that

> NCIC was a party to a contract with Starhub, a telephone company from Singapore, for telephones in the Singapore Airport. Michael Stomps sent a letter to Starhub in June, 2003, allegedly acting on behalf of NCIC, purporting to terminate that contract. Such actions caused the business theretofore serviced by NCIC with Starhub to be directed to BBG's affiliate VozBBG.

First Amended Third-Party Complaint, ¶24(m); *see also id.* at ¶68(d). Additionally, NCIC alleges that

---

[1] A plaintiff must make more than mere conclusory allegations to support an assertion of jurisdiction—there must be some other alleged evidence of a defendant's contacts with a forum beyond pure conclusions. *Panda Brandywine Corp.*, 253 F.3d at 868.

> [i]n June, 2003 Michael Stomps requested from an NCIC Bahamas employee and obtained a list of all (working and non-working) NCIC's telephones in the Bahamas for disclosure and use by BBG and its affiliates.

First Amended Third-Party Complaint, ¶24(r). Finally, NCIC claims that

> Michael Stomps . . . violated [his] fiduciary [duty] to NCIC and its affiliates by providing information to BBG and its affiliates which was deemed confidential by NCIC and its affiliates, was imparted to such persons in confidence and under the circumstances where such defendants knew that the information was confidential and provided such information to BBG and its affiliates. Such information includes customer volumes, locations, and customer names.

First Amended Third-Party Complaint, ¶¶24(q); *see also id.* at ¶¶77-81.

**C. Lack of Person Jurisdiction Over Michael Stomps**

**1. General Jurisdiction**

NCIC does not allege that Stomps, a citizen of the Netherlands and a resident of the Cayman Islands, Exhibit A, had "substantial and continuous and systematic" contacts with Texas. *See Religious Technology Center*, 339 F.3d at 374; *cf. Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438 (1952). Therefore, any further inquiry into the appropriateness of general jurisdiction is unnecessary—general jurisdiction has not been alleged or demonstrated by NCIC.

**2. Specific Jurisdiction**

NCIC has generally alleged the effects of Stomps' actions were felt by NCIC in Texas, asserting that personal jurisdiction over them should hold in Texas because "they committed intentional torts aimed at NCIC, a Texas corporation, causing foreseeable harm to NCIC in Texas." First Amended Third-Party Complaint, ¶12. This conclusory allegation, however, is not sufficient to establish personal jurisdiction under Fifth Circuit precedent. *Panda Brandywine*, 253 F.3d at 868-69.

NCIC has failed to allege facts sufficient to carry its burden to establish a *prima facie* case of Stomps' minimum contacts with Texas. *See Kelly*, 213 F.3d at 854. Stomps is a citizen of the Netherlands and a resident of the Cayman Islands. Exhibit A; First Amended Third-Party Complaint, ¶5. NCIC has not only failed to allege Stomps had minimum contacts with Texas—aside from the general "effects" theory stated in the First Amended Third-Party Complaint, ¶12—it has failed to allege that Stomps had *any* contacts with Texas. *Cf. id.* at ¶¶24(m), (q), and (r). Stomps, in fact, has almost no contacts with Texas. Exhibit A.

The mere fact that NCIC resides in Texas and allegedly suffered injury in Texas from Stomps' actions "will not alone support jurisdiction." *Revell*, 317 F.3d at 473. Unless Stomps "expressly aimed" his allegedly tortious conduct at Texas, the "mere fortuity" that NCIC resides in Texas will not support personal jurisdiction over him in Texas. *Southmark*, 851 F.2d at 773. For personal jurisdiction to hold based on harmful effects, Stomps must have "purposefully directed" his conduct towards Texas, making it the "focal point of its actions." *Panda Brandywine*, 253 F.3d at 869; *Revell*, 317 F.3d at 473.

Two of the three specific allegations concerning Stomps involve allegedly tortuous conduct which occurred in Singapore and the Bahamas. First Amended Third-Party Complaint, ¶¶24(m), (r). As to those allegations, any effect in Texas was merely fortuitous. *See Southmark*, 851 F.2d at 773. NCIC does not allege, because it cannot, that Texas was the focal point of the allegedly tortuous conduct. *See Panda Brandywine*, 253 F.3d at 869; *see also Revell*, 317 F.3d at 473.

The final specific allegation concerning Stomps—that he allegedly violated his fiduciary duty to NCIC and its affiliates by providing confidential information to BBG—does not allege the location of the alleged disclosure. First Amended Third-Party Complaint, ¶24(q); *but see id.*

at ¶¶77-81. A comprehensive reading of NCIC's allegations makes plain that the alleged disclosure happened outside Texas. The substantive cause of action alleging Breach of Fiduciary Duty specifically references alleged misdeeds outside the United States, *see, e.g., id.* at ¶80(e), and none inside the State of Texas. Just like the other allegations, any effect resulting from the alleged disclosure of confidential information in Texas was merely fortuitous. *See Southmark*, 851 F.2d at 773. NCIC does not allege, because it cannot, that Texas was the focal point of the allegedly tortuous conduct. *See Panda Brandywine*, 253 F.3d at 869; *see also Revell*, 317 F.3d at 473.

**CONCLUSION**

For these reasons, this Court must dismiss the third-party claims against Stomps.

Respectfully submitted,

Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Bunt, Wright & Stevens, PLLC
211 E. Tyler Street, Suite 821
Longview, Texas 75601
(903) 238-9700 (office)
(903) 238-9704 (fax)
sstevens@bwslawfirm.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was sent, via certified mail, return receipt requested, to all counsel of record on this the 29th day of March, 2004.

Eric M. Albritton

**DECLARATION OF MICHAEL STOMPS**

I, Michael Stomps, declare as follows:

1. I am over the age of 18 and am otherwise competent to make this declaration. I have personal knowledge of the facts herein stated and could and would testify competently thereto if sworn as a witness.

2. I have been named as a third-party defendant in *BBG Communications, Inc. v. Network Communications International Corp.*, civil action no. 2:03-cv-227, pending in the United States District Court for the Eastern District of Texas.

3. I am a citizen of the Netherlands and a resident of the Cayman Islands. I have never been a citizen of the United States nor a resident of Texas.

4. I do not own any property in the State of Texas.

5. I do not regularly visit Texas for business or personal reasons.

6. I never have been an employee of Network Communications International Corporation nor have I ever contracted with Network Communications International Corporation.

7. I do not regularly communicate with anyone residing in Texas.

8. I am not personally a party to any contracts governed by Texas law.

9. I never have entered into any business deal while in Texas.

I declare under penalty of perjury under the laws of the Cayman Islands that the foregoing is true and correct.

25/3/04
Date

Michael Stomps

