RECEIVED-CLERK
U.S. DISTRICT COURT
2004 MAR 29 PM 6:31
TX EASTERN-MARSHALL

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 29 2004
DAVID MALAND, CLERK
By
Deputy ______

| | | |
|---|---|---|
| **BBG COMMUNICATIONS, INC.,** | § | |
| **V.** | § | |
| **NETWORK COMMUNICATIONS INTERNATIONAL CORP.; WILLIAM POPE; JAY WALTERS; and JEFFERY WALTERS** | § | |
| **V.** | § | **CIVIL ACTION NO. 2:03-CV-227-TJW** |
| | § | **(JUDGE WARD)** |
| **RONALD PEREZ** | § | |
| **RICARDO SINGER** | § | |
| **GREGORIO L. GALICOT** | § | |
| **RAFAEL GALICOT** | § | |
| **MICHAEL STOMPS** | § | |
| **AWI FANG** | § | |
| **a/k/a SURIYANTO SURIYANTO** | § | |
| **GORAN ALEXIEV** | § | |
| **MICHAEL ALEXIEV** | § | |
| **PATRICK MAUCHANT** | § | |
| **KEVIN WATT** | § | |
| **BBG HOLDINGS BERMUD d/b/a** | § | |
| **BBG COMMUNICATIONS** | § | |
| **(BERMUDA) LTD.** | § | |

**RONALD PEREZ'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3) BECAUSE VENUE IS IMPROPER IN THE EASTERN DISTRICT**

Ronald Perez (Perez), third-party defendant in the above-entitled and numbered civil action, moves to dismiss NCIC's claims against him pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper in the Eastern District of Texas. In support, Perez will show the following.

## BACKGROUND

On June 19, 2003, BBG Communications, Inc. filed this civil action against Network Communications International Corp. (NCIC). NCIC filed a first amended third-party complaint (First Amended Third-Party Complaint) against Perez on January 27, 2004.

## ANALYSIS

### A. Legal Standard

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal of a civil action if venue is improper. Fed. R. Civ. P. 12(b)(3); *Langton v. Cbeyond Comm. LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1047-48 (S.D. Tex. 2000). Once a defendant raises a Rule 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff. *Langton*, 282 F. Supp. 2d at 508; *Laserdynamics Inc. v. Acer America Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002); *Bigham*, 123 F. Supp. 2d at 1048. *Cf. Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Texas 2000); *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729 (E.D. Tex. 1998). If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Langton*, 282 F. Supp. 2d at 508; *Laserdynamics, Inc.*, 209 F.R.D. at 390. Courts will accept uncontroverted facts in a plaintiff's pleadings as true, and will resolve any conflicts in the plaintiff's favor. *Langton*, 282 F. Supp. 2d at 508. If venue is improper, the Court must dismiss the civil action or transfer it to the proper district if the interests of justice so require. 28 U.S.C. § 1406.

28 U.S.C. § 1391(b), which governs this civil action, provides, in relevant part that a civil action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

**B. Application**

All third-party defendants do not reside in Texas. First Amended Third-Party Complaint, ¶¶ 1-10. Thus, venue is not proper under subsection (b)(1). Subsection (b)(3) does not permit venue in the Eastern District of Texas because Perez resides in Porter, Montgomery County, Texas, which is located in the Southern District of Texas. Thus, venue can only be proper under subsection (b)(2). In fact, NCIC specifically relies on subsection (b)(2). NCIC alleges that "[v]enue is proper in this district because NCIC has its principal place of business in this district and a substantial part of the property at issue is situated in this district." First Amended Third-Party Complaint, ¶13.

Venue is not, however, proper under subsection (b)(2). The location of NCIC's principal place of business does not make venue proper in this district. 28 U.S.C. § 1391(b). Further, the causes of action asserted against Perez do not relate to property, and, therefore, its allegation that "a substantial part of the property at issue is situated in this district" does not support venue. *See, e.g.,* First Amended Third-Party Complaint *passim.*

"[A] substantial part of the events or omissions giving rise to the claim[s]" did not occur in the Eastern District of Texas. *Cf.* 28 U.S.C. § 1391(b)(2). Each of NCIC's

specific allegations concerning Perez's wrongdoing occurred outside the Eastern District of Texas. *See, e.g.,* First Amended Third-Party Complaint, ¶¶24(e), (j), (n), (q) and (w). Further, the First Amended Third-Party Complaint makes plain that NCIC's complaints against Perez, where not specifically identified by country, relate to activities occurring outside the United States. *Id.* at ¶¶17-19 (describing NCIC's business dealings in foreign countries through the use of foreign agents).

The causes of action asserted by NCIC confirm that a substantial part of the events or omissions giving rise to the claims did not occur in the Eastern District of Texas. NCIC does not allege where the alleged conspirators reach their agreement, ¶¶ 25-28, but it is clear from the allegations that none of the conspirators reside or work in the Eastern District of Texas, *see* First Amended Third-Party Complaint, ¶¶ 1-10, and, thus, it is unreasonable to read the Third-Party Complaint as alleging such conspiracy occurred in the Eastern District. NCIC also failed to allege sufficient venue facts concerning the other causes of action.

Several of the causes of action—Trademark Infringement (Texas and federal law),[1] *id.* at ¶¶ 36-52, Defamation, *id.* at ¶¶ 53-58, Commercial Disparagement, *id.* at ¶¶ 59-65, Tortious Interference with Contract (present and future), *id.* at ¶¶ 66-76, Knowing Participation in Breach of Fiduciary Duty, *id.* at ¶¶ 82-85, Intentional Property Damage, *id.* at ¶¶ 98-100, and Unfair Competition, *id.* at ¶¶ 105-107—make no specific allegations concerning Perez and make no allegations that the infringing/tortuous conduct occurred within the Eastern District of Texas. In fact, the specific allegations made in support of

[1] Even if venue is proper, Texas law will not apply.

these claims are alleged to have been committed outside the Eastern District of Texas. *See, e.g.*, at ¶¶68(a)-(g); 74(a) & (b).

The causes of action which specifically reference Perez—Breach of Fiduciary Duty, *id.* at ¶¶ 77-81, Unjust Enrichment, *id.* at 89-93, Conversion, *id.* at ¶¶ 94-97, and Violation of Texas Penal Code § 32.43, *id.* at ¶¶ 101-104—allege conduct in various locations outside the United States, including, Santiago, Chile, *id.* at ¶ 80(a), El Salvador, *id.* at ¶ 80(f), St. Lucia, *id.* at ¶¶ 80(h), 102(b), and the Dominican Republic, *id.* at ¶ 96(a), but *never* in the Eastern District of Texas.

Finally, NCIC alleges Misappropriation of Trade Secrets and Confidential Information. *Id.* at ¶¶ 29-35. However, NCIC did not allege that this misappropriation happened in the Eastern District of Texas. *Id.* In fact, the First Amended Third-Party Complaint, read as a whole, alleges that this misappropriation happened outside the Eastern District of Texas. *See, e.g., id.* at ¶ 22 (noting that Perez along with others collectively represented 75% of NCIC's *international* sales), ¶¶ 19-22 (describing alleged tortuous conduct in respect to the international markets).

Finally, NCIC cannot rely on its Lanham Act claims to support venue. In *Texas Marine & Brokerage, Inc.*, the Court addressed venue under 28 U.S.C. § 1391(b) where the plaintiff alleged a Lanham Act violation. The Court concluded venue was proper in the Eastern District because consumers were confused by the defendants acts in the Eastern District. *See id.* at 612-13. The facts in *Texas Marine & Brokerage, Inc.* are sharply different that the Lanham Act allegations in NCIC's First Amended Third-Party Complaint, which does not allege that Perez misused NCIC's mark in the Eastern District of Texas. *See also Metropolitan Opera Association, Inc. v. Naxos of America, Inc.*, 2000

U.S. Dist. LEXIS 9834 at *9 (S.D. NY 2000) (noting that "[i]n trademark infringement claims, courts have held that venue may be proper in each jurisdiction where infringement is properly alleged to have occurred").

Finally, this Court can transfer this action to the proper venue if the interests of justice so require. 28 U.S.C. § 1406(a). To do so would not be in the interests of justice. The claims NCIC brought against Perez were not alleged in a free-standing law suit, but rather as third-party claims. Justice requires NCIC to bring suit against Perez, if it chooses to do so, in the proper venue.

**CONCLUSION**

For the reasons discussed above, this Court should dismiss the third-party claims against Perez.

Respectfully submitted,

Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Bunt, Wright & Stevens, PLLC
211 E. Tyler Street, Suite 821
Longview, Texas 75601
(903) 238-9700 (office)
(903) 238-9704 (fax)
sstevens@bwslawfirm.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was sent, via certified mail, return receipt requested, to all counsel of record on this the 29th day of March, 2004.

Eric M. Albritton