

**In the United States District Court**
**For the Eastern District of Texas**
**Marshall Division**

| | |
|---|---|
| BBG Communications, Inc. § | |
| BBG Holdings Limited § | |
| v. § | **Civil Action No. 2:03-CV-227** |
| § | |
| 1) Network Communications § | **(Hon. T. John Ward)** |
|    International Corp.; § | |
| 2) William Pope; § | |
| 3) Jay Walters; and § | |
| 4) Jeffery Walters § | |

### First Amended Answer of Defendants
### Network Communications International Corp.,
### William Pope, Jay Walters, and Jeffery Walters
### To Plaintiff BBG Communications, Inc.'s First Amended Complaint

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, NETWORK COMMUNICATIONS INTERNATIONAL CORP.

("NCIC"), WILLIAM POPE, JAY WALTERS, AND JEFFERY WALTERS,

Defendants in the above referenced cause, and file this their First Amended

Answer to Plaintiffs' First Amended Complaint, and as grounds therefor

would respectfully show unto the Court as follows:

#### FIRST DEFENSE

Plaintiffs' Complaint fails to state claims upon which relief can be
granted.

#### SECOND DEFENSE

By way of response to the specific provisions of Plaintiffs' First
Amended Complaint, Defendants would respectfully show as follows:

1.    Defendants admit that NCIC registered the domain name
BBGCOM.COM. The remaining allegations set forth in Paragraph 1
are denied.

2.     Defendants deny the allegations in Paragraph 2 of Plaintiffs' First Amended Complaint.

3.     Defendants admit that Plaintiffs seek the relief described in Paragraph 3 of Plaintiffs' First Amended Complaint but deny that Plaintiffs are entitled to such relief.   The remaining allegations set forth in Paragraph 3 are denied.

4.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint.  Therefore, the allegations in Paragraph 4 are denied.

5.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiffs' First Amended Complaint.  Therefore, the allegations in Paragraph 5 are denied.

6.     Defendants admit the allegations in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.     Defendants admit the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint.

8.     Defendants admit the allegations contained in Paragraph 8 that Defendant William ("Bill") Pope is an individual residing in Texas and is the President of Defendant NCIC.  The remaining allegations set forth in Paragraph 8 are denied.

9.     Defendants admit the allegations contained in Paragraph 9 that Defendant Jay Walters is an individual residing in Texas and is a principal shareholder and officer of Defendant NCIC. The remaining allegations set forth in Paragraph 9 are denied.

10.    Defendants admit Defendant Jeffery Walters is an individual residing in Texas.  The remaining allegations set forth in Paragraph 10 are denied.

11.    Defendants deny that they did "the things alleged in this Complaint." Accordingly, Defendants deny the allegations set forth in Paragraph 11 of Plaintiffs' First Amended Complaint.

12.    Defendants admit the allegations in Paragraph 12 that Plaintiff purports to assert a claim under the Lanham Act, but denies that

such claim has merit.    The remaining allegations set forth in Paragraph 12 are denied.

13.    The allegations set forth in Paragraph 13 are admitted.

14.    The allegations set forth in Paragraph 14 are admitted.

15.    The allegations set forth in Paragraph 15 are admitted.

16.    Defendants admit the allegations contained in Paragraph 16 that BBG provides internal and external communications in various countries, acting as a carrier and international long distance reseller. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 of Plaintiffs' First Amended Complaint.    Therefore, the remaining allegations in Paragraph 16 are denied.

17.    Defendants admit the allegations in Paragraph 17 that the telecommunications industry is very competitive.    Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in Paragraph 17.

18.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of Plaintiffs' First Amended Complaint. Therefore, the allegations in Paragraph 18 are denied.

19.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint. Therefore, the allegations in Paragraph 19 are denied.

20.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint. Therefore, the allegations in Paragraph 20 are denied.

21.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint. Therefore, the allegations in Paragraph 21 are denied.

22.    Defendants deny the allegations in Paragraph 22 that BBG's telecommunication services cover the entire world and are of high quality.    Defendants deny that BBG Marks have come to symbolize

quality and value in the eyes of the consuming public within the industry. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22 of Plaintiffs' First Amended Complaint. Therefore, the remaining allegations in Paragraph 22 are denied.

23.  Defendants deny the allegations in Paragraph 23.

24.  Defendants admit that BBG has registered the internet domain name BBGCOMM.COM. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of Plaintiffs' First Amended Complaint. Therefore, the remaining allegations in Paragraph 24 are denied.

25.  Defendants admit the allegations in Paragraph 25 that NCIC is a direct competitor of BBG in some facets of the telecommunications industry. Defendants admit that NCIC has competed with BBG for some hotel accounts, telephone pay phone contracts, government communications licenses, and local sales agents. Defendants deny the remaining allegations in Paragraph 25.

26.  Defendants admit the allegations in Paragraph 26 that BBG and NCIC have had significant competitive contacts over the past five years. Defendants admit that BBG and NCIC have placed competitive bids for contracts with foreign carriers, operators of pay phones, airports, seaports, cruise lines, hotels, and other accounts. Defendants admit that they are aware of BBG's presence in the telecommunications industry.

27.  Defendants deny the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.  Defendants deny the allegations in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.  The allegations set for in Paragraph 29 are admitted.

30.  The allegations set forth in Paragraph 30 are admitted.

31.  Defendants admit that the owner's name, address, and telephone number given on the domain registration as alleged in Paragraph 31 are inaccurate. Defendants are without sufficient knowledge to admit

4

or deny that Exhibit C attached to the Original Complaint is a copy of the official record associated with the Network Solutions database as alleged in Paragraph 31and therefore deny this allegation.

32. Defendants admit that the "bpope" associated with the BBGCOM.COM domain name as alleged in Paragraph 32 is Defendant William "Bill" Pope. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 32.

33. Defendants admit maintaining email accounts related to the domain name as alleged in Paragraph 33. Defendants admit that BBG recently hired Mr. Michael Stomps and that he previously worked for NCIC. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 34, therefore these allegations are denied.

35. Defendants are unable to respond to what Plaintiffs have "ascertained" and deny the allegations in Paragraph 35.

36. Defendants are without sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 36, and therefore deny these allegations. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 37 that BBG had its personnel search e-mail records, and therefore deny this allegation. Defendants deny the remaining allegations in Paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint.

39. Defendants respond to Paragraph 39 by repeating their responses above to the allegations contained in Paragraphs 1 through 38 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of Plaintiffs' First Amended Complaint. Therefore, the allegations in Paragraph 41 are denied.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' First Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendants respond to Paragraph 49 by repeating their responses above to the allegations contained in Paragraphs 1 through 48 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

50. Defendants deny the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiffs' First Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.   Defendants deny the allegations in Paragraph 54 of Plaintiffs' First
      Amended Complaint.

55.   Defendants deny the allegations in Paragraph 55 of Plaintiffs' First
      Amended Complaint.

56.   Defendants respond to Paragraph 56 by repeating their responses to
      the allegations contained in Paragraphs 1 through 55 of the Plaintiffs'
      First Amended Complaint as if fully set forth herein.

57.   Defendants deny the allegations in Paragraph 57 of Plaintiffs' First
      Amended Complaint.

58.   Defendants deny the allegations in Paragraph 58 of Plaintiffs' First
      Amended Complaint.

59.   Defendants deny the allegations in Paragraph 59 of Plaintiffs' First
      Amended Complaint.

60.   Defendants deny the allegations in Paragraph 60 of Plaintiffs' First
      Amended Complaint.

61.   Defendants deny the allegations in Paragraph 61 of Plaintiffs' First
      Amended Complaint.

62.   Defendants deny the allegations in Paragraph 62 of Plaintiffs' First
      Amended Complaint.

63.   Defendants deny the allegations in Paragraph 63 of Plaintiffs' First
      Amended Complaint.

64.   Defendants deny the allegations in Paragraph 64 of Plaintiffs' First
      Amended Complaint.

65.   Defendants deny the allegations in Paragraph 65 of Plaintiffs' First
      Amended Complaint.

66.   Defendants respond to Paragraph 66 by repeating their responses to
      the allegations contained in Paragraphs 1 through 65 of the Plaintiffs'
      First Amended Complaint as if fully set forth herein.

67.  Defendants deny the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint relating to the Electronic Communications Privacy Act.

68.  Defendants deny the allegations in Paragraph 68 of Plaintiffs' First Amended Complaint relating to the Electronic Communications Privacy Act.

69.  Defendants deny the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint relating to the Electronic Communications Privacy Act.

70.  Defendants deny the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.  Defendants deny the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint relating to the Electronic Communications Privacy Act.

72.  Defendants respond to Paragraph 72 by repeating their responses to the allegations contained in Paragraphs 1 through 71 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

73.  Defendants deny the allegations in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.  Defendants deny the allegations in Paragraph 74 of Plaintiffs' First Amended Complaint.

75.  Defendants deny the allegations in Paragraph 75 of Plaintiffs' First Amended Complaint.

76.  Defendants deny the allegations in Paragraph 76 of Plaintiffs' First Amended Complaint.

77.  Defendants deny the allegations in Paragraph 77 of Plaintiffs' First Amended Complaint.

78.  Defendants repeat their answers to the allegations contained in Paragraphs 1 through 77 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

79. Defendants deny the allegations in Paragraph 79 of Plaintiffs' First Amended Complaint.

80. Defendants deny the allegations in Paragraph 80 of Plaintiffs' First Amended Complaint.

81. Defendants deny the allegations in Paragraph 81 of Plaintiffs' First Amended Complaint.

82. Defendants deny the allegations in Paragraph 82 of Plaintiffs' First Amended Complaint.

83. Defendants deny the allegations in Paragraph 83 of Plaintiffs' First Amended Complaint.

84. Defendants deny the allegations in Paragraph 84 of Plaintiffs' First Amended Complaint.

85. Defendants deny the allegations in Paragraph 85 of Plaintiffs' First Amended Complaint.

86. Defendants respond to Paragraph 86 by repeating their responses to the allegations contained in Paragraphs 1 through 85 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

87. Defendants deny the allegations in Paragraph 87 of Plaintiffs' First Amended Complaint.

88. Defendants deny the allegations in Paragraph 88 of Plaintiffs' First Amended Complaint.

89. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 89 of Plaintiffs' First Amended Complaint accordingly, these allegations are denied.

90. The allegations set for in Paragraph 90 are admitted.

91. Defendants admit registering the domain name as alleged in Paragraph 91, but deny the remaining allegations set forth in said Paragraph of Plaintiffs' First Amended Complaint.

92. Defendants deny the allegations in Paragraph 92.

93.   Defendants deny the allegations in Paragraph 93.

94.   Defendants deny the allegations in Paragraph 94.

95.   Defendants deny the allegations in Paragraph 95.

96.   Defendants respond to Paragraph 96 by repeating their responses to the allegations contained in Paragraphs 1 through 95 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

97.   Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 97.

98.   Defendants admit registering the domain name but deny the remaining allegations set forth in Paragraph 98 of Plaintiffs' First Amended Complaint.

99.   Defendants deny the allegations in Paragraph 99 of Plaintiffs' First Amended Complaint.

100.  Defendants deny the allegations in Paragraph 100 of Plaintiffs' First Amended Complaint.

101.  Defendants deny the allegations in Paragraph 101.

102.  Defendants respond to Paragraph 102 by repeating their responses to the allegations contained in Paragraphs 1 through 101 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

103.  Defendants admit the allegation contained in Paragraph 103 that they knew of some business relationships between BBG and customers, but deny that they knew all of these various relationships. Defendants deny the remaining allegations in Paragraph 103 of Plaintiffs' First Amended Complaint.

104.  Defendants deny the allegations in Paragraph 104 of Plaintiffs' First Amended Complaint.

105.  Defendants deny the allegations in Paragraph 105 of Plaintiffs' First Amended Complaint.

106.  Defendants deny the allegations in Paragraph 106 of Plaintiffs' First Amended Complaint.

107. Defendants respond to Paragraph 107 by repeating their responses to the allegations contained in Paragraphs 1 through 106 of the Plaintiffs' First Amended Complaint as if fully set forth herein.

108. Defendants admit that they knew of some business relationships between Plaintiffs and customers but deny they knew all these relationships.   Defendants deny the remaining allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109 of Plaintiffs' First Amended Complaint.

110. Defendants deny the allegations in Paragraph 110 of Plaintiffs' First Amended Complaint.

111. Defendants deny the allegations in Paragraph 111 of Plaintiffs' First Amended Complaint.

112. Defendants deny the allegations in Paragraph 112 of Plaintiffs' First Amended Complaint.

113. Defendants deny the allegations in Paragraph 113 of Plaintiffs' First Amended Complaint.

114. Defendants respond to Paragraph 114 by repeating their responses to the allegations contained in Paragraphs 1 through 113 of the Plaintiffs' First Amended Complaint.

115. Defendants deny the allegations in Paragraph 115 of Plaintiffs' First Amended Complaint.

116. Defendants deny the allegations in Paragraph 116 of Plaintiffs' First Amended Complaint.

117. Defendants deny the allegations in Paragraph 117 of Plaintiffs' First Amended Complaint.

The requests set forth in the Prayer for relief in Plaintiffs' First Amended Complaint are denied.

### THIRD DEFENSE

Plaintiffs are barred from recovery under the doctrine of equitable estoppel or unclean hands.

### FOURTH DEFENSE

Plaintiffs have failed to take sufficient steps to mitigate their damages.

### FIFTH DEFENSE

As soon as Defendants have had an opportunity to complete their investigation and their discovery herein, they will seek leave of the Court to further amend their Answer so as to set forth any additional affirmative defenses which may be appropriate.

WHEREFORE, Defendants, Network Communications International Corp. ("NCIC"), William Pope, Jay Walters and Jeffery Walters pray that Plaintiffs, BBG Communications, Inc. and BBG Holdings Limited take nothing by reason of this suit and that upon final trial Defendants be allowed to go hence with their costs without delay.

12

Respectfully submitted,

Tom Henson–Attorney-in-Charge
State Bar Card No. 09494000
**Sharon O. Small**
State Bar Card No. 24042773
**RAMEY & FLOCK, P.C.**
100 E. Ferguson, Ste. 500
Tyler, TX 75702
(903) 597-3301
Fax: (903) 597-2413

**Jerry Harper**
Louisiana Bar No. 6585
**JERALD R. HARPER, PLC**
504 Texas St., Ste. 405
Shreveport, LA 71101
(318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR DEFENDANTS,
WILLIAM POPE, JAY WALTERS, JEFFERY
WALTERS AND COUNTERCLAIM
PLAINTIFF, NETWORK COMMUNICATIONS
INTERNATIONAL CORP.

13

# Certificate of Service

I certify that on the ___29___ day of March, 2004 a copy of this amended answer was served, via the indicated method, on the following:

Otis W. Carroll          **(Via CM-RRR No. 7002 2410 0006 3358 7958)**
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Ste. 500
Tyler, TX 75703

Tawnya R. Wojciechowski     **(Via CM-RRR No. 7002 2410 0006 3358 7965)**
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Dr., 4th Floor
Costa Mesa, CA 92626-1925

_____
Sharon O. Small

# 163892.1

14