UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

04 MAY 10  PM 4: 07

TX EASTERN-MARSHALL

(1)   BBG COMMUNICATIONS, INC.; and
      BBG HOLDINGS LIMITED

BY_____

VS.

Civil Case No. 2:03-CV-227

(1)   NETWORK COMMUNICATIONS
      INTERNATIONAL CORP.;
(2)   BLUE PHONE LIMITED;
(3)   WILLIAM POPE;
(4)   JAY WALTERS; and
(5)   JEFFERY WALTERS

(WARD)

## PLAINTIFF BBG COMMUNICATIONS, INC.'S REPLY TO DEFENDANT NCIC'S SECOND AMENDED COUNTERCLAIM AND CLAIM AGAINST THIRD-PARTY DEFENDANTS

Plaintiff BBG Communications, Inc. and BBG Holdings Limited (collectively "BBG") file

this reply and answer to Defendant NCIC's Second Amended Counterclaim and Claim Against

Third-Party Defendants.

## PARTIES

1.    Plaintiff admits that Ronald Perez is a citizen of the United States of America and a
      domiciliary of Montgomery County, Texas. Plaintiff admits that Ronald Perez was re-
      engaged by BBG as a sales agent in connection with the sale of communications services
      by BBG in June 2003. Plaintiff is without knowledge or information sufficient enough
      to form a belief as to the truth of the remainder of paragraph 1 and therefore denies the
      same.

2.    Plaintiff admits that Ricardo Singer is a citizen of the United States of America and a
      resident of the state of California. Plaintiff admits that Ricardo Signer is engaged by
      BBG as a sales agent in connection with the sale of communications services. Plaintiff
      is without knowledge or information sufficient enough to form a belief as to the truth of

the remainder of paragraph 2 and therefore denies the same.

3.  Plaintiff admits the allegations in paragraph 3.

4.  Plaintiff admits the allegations in paragraph 4.

5.  Plaintiff admits that Michael Stomps is a resident of the Cayman Islands and was engaged by BBG as a sales agent in June 2003. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of the remainder of paragraph 5 and therefore denies the same.

6.  Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 6 and therefore denies the same.

7.  Plaintiff admits that Goran Alexiev and Michel Alexiev are residents of the Czech Republic and were engaged by BBG as sales agents in June 2003. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of the remainder of paragraph 7 and therefore denies the same.

8.  Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 8 and therefore denies the same.

9.  Plaintiff admits that Keven Watt resides in Canada and was engaged by BBG as a sales agent in or around June 2003. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of the remainder of paragraph 9 and therefore denies the same.

10.  Plaintiff admits the allegations from paragraph 10.

## JURISDICTION AND VENUE

11.  Plaintiff admits that NCIC's counter-claim alleges violations of the Lanham Trademark Act, 15 U.S.C. Sec. 1051, et. seq.  Plaintiff denies the remaining allegations of paragraph 11.

12.  Plaintiff denies the allegations of paragraph 12.

13.  Plaintiff denies the allegations of paragraph 13.

## FACTUAL ALLEGATIONS

14.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 14 and therefore denies the same.

15.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 15 and therefore denies the same.

16.   Plaintiff admits the allegations of paragraph 16.

17.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 17 and therefore denies the same.

18.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 18 and therefore denies the same.

19.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 19 and therefore denies the same.

20.   Plaintiff denies the allegations in paragraph 20.

21.   Plaintiff denies the allegations in paragraph 21.

22.   Plaintiff denies the allegations in paragraph 22.

23.   Plaintiff denies the allegations in paragraph 23.

24.   Plaintiff denies the allegations in the entire preamble of paragraph 24 and as to the reminder of allegations contained in subparagraphs 24 (a), (b), (c), (d) and (u). Plaintiff is without knowledge or information sufficient enough to form a belief as the truth of the remainder of subparagraphs 24 (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (s), (t), (v) and (w), and therefore denies the same.

## COUNT ONE

### Civil Conspiracy

25.   Plaintiff denies the allegations in paragraph 25.

26.   Plaintiff denies the allegations in paragraph 26.

27.   Plaintiff denies the allegations in paragraph 27.

28.     Plaintiff denies the allegations in paragraph 28.

## COUNT TWO

### Misappropriation of Trade Secrets
### And Confidential Information

29.     Plaintiff denies the allegations in paragraph 29.

30.     Plaintiff denies the allegations in paragraph 30.

31.     Plaintiff denies the allegations in paragraph 31.

32.     Plaintiff denies the allegations in paragraph 32.

33.     Plaintiff denies the allegations in paragraph 33.

34.     Plaintiff denies the allegations in paragraph 34.

35.     Plaintiff denies the allegations in paragraph 35.

36.     Plaintiff denies the allegations in paragraph 36.

## COUNT THREE

Trademark Infringement (Texas Law)

37.     Plaintiff denies the allegations in paragraph 37.

38. Plaintiff denies the allegations in paragraph 38.

39. Plaintiff denies the allegations in paragraph 39.

40. Plaintiff denies the allegations in paragraph 40.

41. Plaintiff denies the allegations in paragraph 41 (a).  Plaintiff is without knowledge
or information sufficient enough to form a belief as to the truth of the allegations
in paragraphs 41 (b), (c), (d) and (e) and therefore denies the same.

42. Plaintiff denies the allegations in paragraph 42.

43. Plaintiff denies the allegations in paragraph 43.

44. Plaintiff denies the allegations in paragraph 44.

45. Plaintiff denies the allegations in paragraph 45.

46. Plaintiff denies the allegations in paragraph 46.

| W02-OC:NTW\41349277.1 | -4- | BBG'S REPLY TO NCIC'S SECOND AMENDED COUNTERCLAIM AND CLAIM AGAINST THIRD-PARTY DEFENDANTS |
| --- | --- | --- |

## COUNT FOUR

Trademark Infringement (Federal Law)

47.    Plaintiff denies the allegations in paragraph 47.

48.    Plaintiff denies the allegations in paragraph 48.

49.    Plaintiff denies the allegations in paragraph 49.

50.    Plaintiff denies the allegations in paragraph 50.

51.    Plaintiff denies the allegations in paragraph 51.

52.    Plaintiff denies the allegations in paragraph 52.

53.    Plaintiff denies the allegations in paragraph 53.

## COUNT FIVE

### Defamation

54.    Plaintiff denies the allegations in paragraph 54

55. Plaintiff denies the allegations in paragraph 55(a), (b), (c), (d), (e), (f) and (g).

56. Plaintiff denies the allegations in paragraph 56

57. Plaintiff denies the allegations in paragraph 57

58. Plaintiff denies the allegations in paragraph 58

59. Plaintiff denies the allegations in paragraph 59

## COUNT SIX

### Commercial Disparagement

60.    Plaintiff denies the allegations in paragraph 60.

61.    Plaintiff denies the allegations in paragraph 61

62. Plaintiff denies the allegations in paragraph 62

63. Plaintiff denies the allegations in paragraph 63

64. Plaintiff denies the allegations in paragraph 64

65. Plaintiff denies the allegations in paragraph 65

66. Plaintiff denies the allegations in paragraph 66

## COUNT SEVEN

### Tortious Interference with
### Existing Contractual Relations

67.    Plaintiff denies the allegations in paragraph 67

68.    Plaintiff denies the allegations in paragraph 68

69.    Plaintiff denies the allegations in paragraph 69(a), (b), (c), (d), (e), (f), (g) and (h).

70.    Plaintiff denies the allegations in paragraph 70.

71.    Plaintiff denies the allegations in paragraph 71.

72.    Plaintiff denies the allegations in paragraph 72.

## COUNT EIGHT

### Tortious Interference with
### Prospective Contractual Relations

73.    Plaintiff denies the allegations in paragraph 73.

74.    Plaintiff denies the allegations in paragraph 74.

75.    Plaintiff denies the allegations in paragraph 75 (a) and (b).

76.    Plaintiff denies the allegations in paragraph 76.

77.    Plaintiff denies the allegations in paragraph 77.

## COUNT NINE

### Breach of Fiduciary Duty

78.    Plaintiff denies the allegations in paragraph 78.

79.    Plaintiff denies the allegations in paragraph 79.

80.    Plaintiff denies the allegations in paragraph 80.

81.    Plaintiff denies the allegations in paragraph 81 (a), (b), (c), (d), (e), (f), (g) and (h).

82.    Plaintiff denies the allegations in paragraph 82.

## COUNT TEN

### Knowing Participation In A
### Breach of Fiduciary Duty

83.   Plaintiff denies the allegations in paragraph 83.

84.   Plaintiff denies the allegations in paragraph 84.

85.   Plaintiff denies the allegations in paragraph 85.

86.   Plaintiff denies the allegations in paragraph 86.

## COUNT ELEVEN

### Breach of Contract

87.   Plaintiff denies the allegations in paragraph 87.

88.   Plaintiff denies the allegations in paragraph 88.

89.   Plaintiff denies the allegations in paragraph 89.

## COUNT TWELVE

### Unjust Enrichment

90.   Plaintiff denies the allegations in paragraph 90.

91.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 91 and therefore denies the same.

92.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 92 and therefore denies the same.

93.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 93 and therefore denies the same.

94.   Plaintiff denies the allegations in paragraph 94.

## COUNT THIRTEEN

### Conversion

95.   Plaintiff denies the allegations in paragraph 95.

96.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 96 and therefore denies the same.

97.   Plaintiff is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 97 (a), (b) and (f).  Plaintiff denies paragraph 97 (c), (d) and (e).

98.   Plaintiff denies the allegations in paragraph 98.

## COUNT FOURTEEN

### Intentional Property Damage

99.   Plaintiff denies the allegations in paragraph 99.

100.  Plaintiff denies the allegations in paragraph 100.

101.  Plaintiff denies the allegations in paragraph 101.

## COUNT FIFTEEN

### Action in Tort:  Violation of Texas Penal Code Section 32.43

102.  Plaintiff denies the allegations in paragraph 102.

103.  Plaintiff denies the allegations in paragraph 103 (a) and (b).

104.  Plaintiff denies the allegations in paragraph 104.

105.  Plaintiff denies the allegations in paragraph 105.

## COUNT SIXTEEN

### Unfair Competition

106.  Plaintiff denies the allegations in paragraph 106.

107.  Plaintiff denies the allegations in paragraph 107.

108.  Plaintiff denies the allegations in paragraph 108.

## COUNT SEVENTEEN

### Computer Fraud and Abuse Act

109.  Plaintiff denies the allegations in paragraph 109.

110.  Plaintiff denies the allegations in paragraph 110.

## PUNITIVE DAMAGES

111.  Plaintiff denies the allegations in paragraph 111.

112.   Plaintiff denies the allegations in paragraph 112.

113.   Plaintiff denies the allegations in paragraph 113.

## INJUNCTIVE RELIEF

114.   Plaintiff denies the allegations in paragraph 114.

115.   Plaintiff denies the allegations in paragraph 115.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause of Action)

1.   The Counterclaim, and each and every cause of action asserted therein, fails to allege facts sufficient to state a cause of action against BBG.

SECOND AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

2.   Each COUNTERCLAIMANT has failed to take reasonable steps to mitigate its damages, if any, and, therefore, its claims against BBG are barred, reduced, and/or excused.

THIRD AFFIRMATIVE DEFENSE

(Partial Fault Of Third Parties)

3.   BBG is informed and believes, and thereon alleges, that the negligent and/or intentional acts and omissions of third parties contributed to the damages complained of in the Counterclaim, if any.  BBG is entitled to a judicial determination of the proportion of fault of those third parties and to a reduction of damages, if any, awarded to any COUNTERCLAIMANT in proportion to that fault.

## FOURTH AFFIRMATIVE DEFENSE

### (Exclusive Fault Of Third Parties)

4.      BBG is informed and believes, and thereon alleges, that the injuries complained of in the Counterclaim, if any, were caused solely, directly and proximately by the negligent and/or intentional acts or omissions of persons other than BBG. These other persons are solely responsible for any damages caused thereby.

## FIFTH AFFIRMATIVE DEFENSE

### (Exclusive Fault of Each COUNTERCLAIMANT)

5.      The injuries complained of in the Counterclaim, if any, were caused solely, directly and proximately by the negligence, carelessness, lack of care, and/or fault of each COUNTERCLAIMANT, or that of each COUNTERCLAIMANT's agents and/or employees. EACH COUNTERCLAIMANT is therefore solely responsible for any damages caused thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

6.      If any COUNTERCLAIMANT sustained any injury or is entitled to any damages under the circumstances alleged in the Counterclaim or in any other respect, said injury or damages are wholly or in part directly and proximately caused by each COUNTERCLAIMANT's own negligence, careless lack of due care, and/or fault, or that of each COUNTERCLAIMANT's agents and/or employees. In the event that any COUNTERCLAIMANT is found to have sustained injury and to be entitled to recovery of damages, that COUNTERCLAIMANT's recovery against BBG, if any, must be reduced by the proportion of damages caused by the acts and conduct of that

COUNTERCLAIMANT, and its agents and/or employees.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

7.      BBG has been damaged by each COUNTERCLAIMANT's conduct in an amount at least as great as each COUNTERCLAIMANT's alleged injuries.  BBG is therefore entitled to an offset against each COUNTERCLAIMANT's alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

8.      The damages sustained by any COUNTERCLAIMANT, if any, are the result of actions of third parties constituting an intervening or superseding cause precluding any liability on the part of BBG.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.      Each COUNTERCLAIMANT has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of conduct, negligence, or any other right to assert any claim against BBG.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     Each COUNTERCLAIMANT has engaged in conduct and activities sufficient to estop it from bringing the claims asserted in the Counterclaim against BBG.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Each COUNTERCLAIMANT's inexcusable and unreasonable delay in filing its Counterclaim, and its knowledge regarding the allegations in the Counterclaim, bar each COUNTERCLAIMANT from maintaining this action under the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.     Each COUNTERCLAIMANT is completely barred from maintaining this action under the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack Of Causation)

13.     Each COUNTERCLAIMANT's injuries, if any, were not a result of or caused by any acts or omissions of BBG or its agents or employees, and therefore, each COUNTERCLAIMANT is barred from asserting any cause of action against BBG.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification And Privilege)

14.     BBG alleges that any failure to perform any contractual duties on its part, which failure is specifically denied, and any other allegedly wrongful conduct on BBG's part was commercially reasonable, justified, and privileged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ambiguity)

15.     The Counterclaim is ambiguous and unintelligible in that it does not allege with sufficient specificity the grounds upon which BBG is alleged to be responsible, in whole or in part, for each COUNTERCLAIMANT's alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

16.     Each COUNTERCLAIMANT, its agents, servants, representatives, or other predecessors in interest, did not rely on any promises, warranties, or representations, if any, which may have been made by BBG.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17.     Each COUNTERCLAIMANT's claim for damages is barred by the applicable statutes of limitation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Punitive Damages Request)

18.     Each COUNTERCLAIMANT's prayer for punitive damages is unconstitutional because it seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States and it violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

19.    Each COUNTERCLAIMANT's claim for damages is barred because its alleged damages are speculative and uncertain.


20.    BBG is presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  BBG reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

### **PRAYER**

Wherefore, Plaintiffs BBG Communications, Inc. and BBG Holdings Limited pray for judgment against NCIC as follows:

    a.  That NCIC's counter-claims be dismissed in their entirety with prejudice, and that all relief requested by NCIC be denied.

    b.  That a judgment be entered granting Plaintiffs all relief sought in Plaintiffs' Complaint.

    c.  That Plaintiffs be awarded cost, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled, and

    d.  That Plaintiffs be awarded such other and further relief as deemed just and proper.

By: _Frank Johnson Jr._ _by permission_

Frank J. Johnson, Jr. – Attorney-in-charge
California Bar No. 174882
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130-3051
Telephone:  858-720-8900
Facsimile:  858-509-3691

Tawnya R. Wojciechowski
California Bar No. 180,063
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925
Telephone:  714-513-5100
Facsimile:  714-513-5130


ATTORNEYS FOR PLAINTIFFS
BBG COMMUNICATIONS, INC
BBG HOLDINGS LIMITED

OF COUNSEL:

Gregory P. Love
Texas Bar No. 24013060
WELLBORN, HOUSTON, ADKISON, MANN,
SADLER & HILL, LLP
300 W. Main Street
Henderson, Texas 75652
Telephone: (903) 657-8544
Facsimile:  (903) 657-6108

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via United States mail this _10_ day of _May_ , _2004_ .

_Frank Johnson, Jr. by permission_

BBG'S REPLY TO NCIC'S SECOND AMENDED
COUNTERCLAIM AND CLAIM AGAINST
THIRD-PARTY DEFENDANTS