UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BBG COMMUNICATIONS, INC.; and
BBG HOLDINGS LIMITED

VS.

NETWORK COMMUNICATIONS
INTERNATIONAL CORP., BLUE
PHONE LIMITED; WILLIAM POPE;
JAY WALTERS; and JEFFERY
WALTERS

Civil Case No. 2:03-CV-227

(WARD)

## PLAINTIFF BBG COMMUNICATIONS, INC.'S REPLY TO NCIC'S OPPOSITION TO BBG'S MOTION TO COMPEL

TO THE HONORABLE COURT:

Plaintiff BBG Communications, Inc. ("BBG") files this reply to NCIC's Opposition To BBG's Motion To Compel and in support thereof would show the Court the following:

### I. BBG'S MOTION SHOULD BE GRANTED

BBG opposed ICS's motion to quash and filed a motion (1) to compel ICS to comply with a subpoena properly served upon it on February 10, 2004 and (2) to compel NCIC to provide a written response to requests for production and adequate responses to interrogatories. NCIC filed an opposition to BBG's motion. ICS did not.

A.  ICS should be ordered to comply with the subpoena

The most important part of NCIC's response is what NCIC did not address. Specifically, NCIC does not dispute that its counsel asked for an extension to permit ICS additional time to gather documents and then did not produce documents on the date ICS agreed to produce documents. NCIC does not dispute that neither ICS nor NCIC ever served an objection to the scope of the subpoena. NCIC does not dispute that ICS waited until after the time it agreed to produce documents had passed before it filed a motion to quash (apparently in an improper attempt to resurrect objections that had already been waived). NCIC does not dispute that defendant Jeffrey Walters

admitted that he could promptly produce documents responsive to the subpoena and that it would not be an undue burden (directly contradicting the basis for ICS's motion to quash).

NCIC's position (and apparently the position of ICS) is that after it promised to produce responsive documents but didn't, and after BBG threatened to file a motion to compel, ICS produced some documents for specific countries and only two cities in Mexico. NCIC argues that should be sufficient. However, ICS and NCIC have processed calls from BBG's exclusively contracted hotels in other parts of Mexico and the world. Decl. of T. Wojciechowski at ¶ 18 (previously submitted). Thus, call detail records showing the volume of these calls is not only relevant, they are critical to show how NCIC has damaged BBG. It is no wonder NCIC and ICS are refusing to produce these documents absent a court order. ICS also failed to produce a list of international toll free numbers it was assigned in each of the countries named in the subpoena and the list of accounts corresponding to customer names, which are required for BBG to match up the call records for stickers found on various exclusively contracted telephones in Europe. Id. Under the liberal standard for discovery, ICS's motion to quash should be denied and ICS should be ordered to comply with the subpoena.

B. NCIC Should Be Ordered To Provide Written Responses to the Request For Production

NCIC does not dispute that it never provided a written response to BBG's Request For Production, even after NCIC's counsel represented that one would be served in a few days. Decl. Of T. Wojciechowski ¶ 15. That alone should be sufficient to issue an order compelling a written response as required by Rule 34. NCIC's reply simply states that it (or ICS) produced a cd-rom with some documents on it in response to the subpoena. Thus, NCIC concludes that it is excused from its obligation under Rule 34 to state in writing whether it will permit inspection. NCIC fails to cite any authority for this novel proposition and BBG is aware of none. Additionally, the Request for Production sought documents relating to the allegations

in NCIC's counterclaim. Thus, NCIC's production must be supplemented or NCIC should be precluded from introducing any other documents at trial.

Simply put, under the Federal Rules of Civil Procedure, BBG is entitled to a written response from NCIC stating whether NCIC is permitting inspection of the requested documents or not. NCIC admittedly never provided one. BBG therefore respectfully requests an order compelling NCIC to comply with its obligations under Rule 34 and produce additional responsive documents accordingly.

In addition, the documents that are responsive to the subpoena served on ICS are also responsive to the Request for Production served upon NCIC. As stated above, NCIC does not dispute that defendant Jeffrey Walters admitted that he could promptly produce documents responsive to the subpoena and that it would not be an undue burden. Thus, both ICS and NCIC should be ordered to produce these documents.

C.  **NCIC Should Be Ordered To Supplement Its Interrogatories**

NCIC does not dispute that it served its interrogatory responses late and only after BBG filed a motion to compel. Thus, under the Federal Rules, NCIC had waived all objections. Nonetheless, NCIC served late objections and inadequate responses.

Exhibit F to Tawnya Wojciechowski's declaration previously submitted details the deficiencies in NCIC's interrogatories. Despite repeated efforts by BBG to informally obtain adequate responses, See ¶¶ 11-13 & Ex. F, NCIC admittedly never provided any additional information. NCIC does not even address these inadequacies in its response. BBG therefore respectfully requests an order compelling NCIC to provide complete and adequate responses to BBG's interrogatories consistent with Exhibit F.

## CONCLUSION

For the reasons above, BBG respectfully requests an order from the Court (1) denying ICS's motion to quash; (2) requiring ICS to comply with the subpoena; (3) compelling NCIC to provide a written response to BBG's Request for Production; and

(4) compelling NCIC to provide complete and adequate responses to BBG's interrogatories consistent with Exhibit F, all within 5 days of the Court's order.

By: _____
Frank J. Johnson, Jr. – Attorney-in-charge
California Bar No. 174882
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130-3051
Telephone:  858-720-8900
Facsimile:   858-509-3691

Tawnya R. Wojciechowski
California Bar No. 180,063
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925
Telephone:  714-513-5100
Facsimile:   714-513-5130

Gregory P. Love
Texas Bar No. 24013060
WELLBORN, HOUSTON, ADKISON, MANN,
SADLER & HILL, LLP
300 W. Main Street
Henderson, Texas 75652
Telephone: (903) 657-8544
Facsimile:  (903) 657-6108

ATTORNEYS FOR PLAINTIFFS
BBG COMMUNICATIONS, INC
BBG HOLDINGS LIMITED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via United States mail this _14_ day of May, 2004.

_____
Gregory P. Love