

RECEIVED - CLERK
U.S. DISTRICT COURT
04 JUN -1 PM 11:23
EASTERN DISTRICT OF TEXAS

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 0 1 2004
DAVID MALAND, CLERK
By
Deputy

**In the United States District Court
For the Eastern District of Texas
Marshall Division**

| | | |
|---|---|---|
| **BBG Communications, Inc.** | § | |
| **BBG Holdings Limited** | § | |
| **v.** | § | **Civil Action No. 2:03-CV-227** |
| | § | |
| **1) Network Communications International Corp.;** | § | **(Hon. T. John Ward)** |
| **2) Blue Phones Limited;** | § | |
| **3) William Pope;** | § | |
| **4) Jay Walters; and** | § | |
| **5) Jeffery Walters** | § | |

**DEFENDANT NETWORK COMMUNICATIONS INTERNATIONAL CORP. ("NCIC"), ET AL'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT RONALD PEREZ'S MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(3)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW NCIC, ET AL and ask this Court to deny Third-Party Defendant Ronald Perez's ("Perez") Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) and would show the Court the following:

## I. Introduction

BBG Communications, Inc. and BBG Holdings Limited ("BBG") filed this civil action against NCIC on June 19, 2003. NCIC filed a First Amended Counterclaim and Third-Party Complaint against Perez on January 27, 2004. Third-Party Defendant Perez filed his Motion to Dismiss on the basis that venue is not proper in the Eastern District of Texas.

## II. Argument

Federal Rule 12(b)(3) allows defendants to move for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3); *Bigham v. Envirocare of Utah, Inc.*, 123 F.Supp.2d 1046, 1047-48 (S.D. Tex. 2002). When a defendant challenges venue pursuant to Rule 12(b)(3), the burden is on defendant to demonstrate affirmatively that plaintiffs filed the lawsuit in an improper venue. *International Truck and Engine v. Quintana*, 259 F.Supp.2d 553 (N.D. Tx. 2003). Venue is proper in a judicial district when "a substantial part of the events or omissions giving rise to the plaintiff's claim occurred in the district or a substantial part of property that is the subject of the action is situated in the district." 28 U.S.C. § 1391(b)(2). A court may examine facts outside the complaint in order to determine whether venue is proper. *Moore v. AT&T Latin America Corp.*, 177 F.Supp.2d 785 (N.D. Ill. 2001). Moreover, in resolving a motion to dismiss pursuant to Rule 12(b)(3), the court must resolve any factual conflicts in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor. *Id.*

Here, a substantial part of the events giving rise to NCIC's claims against Perez occurred in this District. Moreover, the property at issue in this action is situated in this District.

**A. A Substantial Part of the Events or Omissions Giving Rise to NCIC's Claims Against Perez Occurred in this Judicial District.**

Third-Party Defendant Perez is a former employee of NCIC who worked at NCIC's Longview, Texas facility from September 2002 to June 2003. (*See* Affidavit of Jay Walters attached hereto as Exhibit 1 ["Walters Affidavit"]). Perez began working for BBG and its affiliates in direct competition with NCIC while he was still employed by NCIC and in direct violation of his confidential relationship with NCIC. *Id.* Perez and other third-party defendants engaged in conduct that was calculated to harm/damage NCIC's business. *Id.*

In his motion, Perez contends that since some of the conduct occurred in various locations outside the United States, that venue is improper in this District. However, that position ignores the fact that Perez began orchestrating the conspiracy against NCIC while he was still employed by NCIC in Longview, Texas. Much of Perez's conduct in furtherance of this conspiracy, including but not limited to sending electronic mails to BBG affiliates, originated at NCIC's Longview facility in Texas. *See Walters Affidavit.* The mere fact that Perez executed his plan in various locations is a mere by-product of the nature of NCIC's business as a telecommunications company with business in various international markets. Moreover, the test for proper venue is not which venue has the

most substantial contacts. *Pasulka v. Sykes*, 131 F.Supp.2d 988, 994 (N.D. Ill. 2001). As long as the contacts in plaintiff's chosen forum are substantial, "venue is proper notwithstanding the possibility that defendant's activities may have been more substantial elsewhere." *Walton Films Ltd., LLC v. Cinquanon Pictures Int'l*, 1997 WL 779059, *2 (N.D. Ill. 1997).

**B. A Substantial Part of the Property at Issue Here is Located in this Judicial District.**

In his motion, Perez asserts that there is no property involved in this case. (Motion to Dismiss ¶ 5). On the contrary, however, the property at issue here is NCIC's business which is centered here in Texas. Property for purposes of general venue may consist of personal property or assets. *See e.g., Vishipco Line v. Chase Manhattan Bank, N.A.*, 660 F.2d 854, 862 (2nd Cir. 1981), cert denied 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982) (accounts receivable is property).

NCIC is in the business of offering telecommunication services whereby it charges end users for the placement of credit card calls, calling card calls, collect calls and third-party calls originating from hotels, pay phones, and public facilities originating from outside the United States and terminating into the United States.

NCIC's business operations, including its call center that processes

these international calls, are located in Longview, Texas. NCIC employs about 120 individuals at the call center in Longview, Texas, and, as a result of lost revenues, has had to lay off a considerable number of those employees. Therefore, interfering with NCIC contractual relations in multiple locations such as Aruba and the Bahamas has produced a domino effect in Longview, Texas.

## III. Conclusion

For the reasons set forth above, Third-Party Defendant Ronald Perez's motion to dismiss for lack of venue should be denied.

Respectfully submitted,

by permission of Tom Henson

**Tom Henson–Attorney-in-Charge**
State Bar Card No. 09494000
**Sharon O. Small**
State Bar Card No. 24042773
**RAMEY & FLOCK, P.C.**
100 E. Ferguson, Ste. 500
Tyler, TX 75702
(903) 597-3301
Fax: (903) 597-2413

**Jerry Harper**
Louisiana Bar No. 6585
**JERALD R. HARPER, PLC**
504 Texas St., Ste. 405
Shreveport, LA 71101
(318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR DEFENDANTS, NETWORK COMMUNICATIONS INTERNATIONAL CORP., BLUE PHONES LIMITED, WILLIAM POPE, JAY WALTERS, AND JEFFERY WALTERS

## Certificate of Service

I certify that on the 1st day of June, 2004 a copy of this document was served, via the indicated method, on the following:

Gregory P. Love **(Via CM-RRR No. 7002 0860 0001 0493 1331)**
WELLBORN, HOUSTON, ADKISON, MANN,
SADLER & HILL, L.L.P.
P.O. Box 1109
Henderson, TX 75653-1109

Tawnya R. Wojciechowski **(Via CM-RRR No. 7002 0860 0001 0493 1348)**
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Dr., 4th Floor
Costa Mesa, CA 92626-1925

Frank J. Johnson, Jr. **(Via CM-RRR No. 7002 0860 0001 0493 1355)**
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12544 High Bluff Dr., Ste. 300
San Diego, CA 92130-3051

Eric M. Albritton **(Via CM-RRR No. 7002 0860 0001 0493 1362)**
ALBRITTON LAW FIRM
109 W. Tyler St.
Longview, TX 75601

Scott E. Stevens **(Via CM-RRR No. 7002 0860 0001 0493 1379)**
BUNT, WRIGHT & STEVENS, PLLC
P.O. Box 3969
Longview, TX 75606-3969

SHARON SMALL

# 167380.1

**In the United States District Court**
**For the Eastern District of Texas**
**Marshall Division**

| | | |
|---|---|---|
| **BBG Communications, Inc.** | § | |
| **BBG Holdings Limited** | § | |
| **v.** | § | **Civil Action No. 2:03-CV-227** |
| | § | |
| **1) Network Communications International Corp.;** | § | **(Hon. T. John Ward)** |
| **2) Blue Phones Limited;** | § | |
| **3) William Pope;** | § | |
| **4) Jay Walters; and** | § | |
| **5) Jeffery Walters** | § | |

**AFFIDAVIT IN SUPPORT OF THIRD-PARTY PLAINTIFFS NCIC, ET AL'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

STATE OF TEXAS §
§
COUNTY OF SMITH §

BEFORE ME, the undersigned authority, personally appeared Jay D. Walters who, being by me duly sworn, deposed as follows:

1. "My name is Jay D. Walters and I am of sound mind, capable of making this Affidavit and I have personal knowledge of all matters stated herein.

2. I am an individual residing in Longview, Gregg County, Texas.

3. I am the Vice President of Network Communications International Corp. ("NCIC"). I have been employed with NCIC since September 1, 1996.

4. NCIC is a telecommunications company incorporated in the state of Texas.

5. Ronald Perez was an employee of NCIC from September 2002 until June 2003.



6. Beginning on a date unknown to NCIC, but well prior to Perez's departure from NCIC, Perez began surreptitiously working for BBG and its affiliates in direct competition with NCIC.

7. Perez, BBG, and BBG's affiliates began a concerted effort to destroy NCIC as a competitor for telecommunications services in the international markets by, amongst other things, targeting NCIC's network of agents and/or joint venturers and offering them substantial cash payments to cease efforts on behalf of NCIC and to promote BBG services instead.

8. Perez's contribution to this large scale conspiracy to destroy NCIC included:

   a. rerouting existing "800" call traffic previously designated for NCIC at the Santiago, Chile International Airport to BBG;

   b. improperly retaining control over equipment purchased by NCIC for use in the Dominican Republic and El Salvador;

   c. removing NCIC telephones from the El Salvador Airport and attempting to alter the ownership name of the permit obtained for NCIC to that of BBG;

   d. programming telephone access numbers (DIDs) belonging to BBG into equipment owned and operated by NCIC in St. Lucia; falsely representing his association with NCIC to NCIC's agent in St. Lucia long after he left NCIC; offering a substantial amount of money to NCIC's agent in St. Lucia, Andy Bolouge, to cease working with NCIC in that market; and

   e. revealing confidential information and trade secrets belonging to NCIC, which he obtained by virtue of his confidential relationship with NCIC, to BBG.

9. The re-routing of "800" call traffic and reprogramming of telephone access numbers was done from BBG's call center Centris Information Services in Longview, Texas.

10. The telephone equipment purchased on behalf of NCIC was invoiced from NCIC's Longview, Texas facility.

11. Much of the above-referenced conduct relating to the disclosure of NCIC's trade secret and proprietary information, involved the use of electronic mail sent and received by Perez at NCIC's Longview facility as well as telephone calls to and from such facility." (**See Exhibit 1**)"

Further affiant sayeth not.

IN WITNESS HEREOF, the undersigned has executed this affidavit on June 1, 2004.

JAY D. WALTERS

Sworn and subscribed to before me this 1st day of June, 2004 to certify which witness my hand and official seal.

TERRI L. HARVEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-5-2007

Notary Public in and for the State of Texas

REDACTED

**From:** Gregorio Galicot [mailto:gregorio@bbgcomm.com]
**Sent:** Tuesday, June 10, 2003 7:42 PM
**To:** Ronald Perez
**Subject:** Re: NCIC Operator Service Proposal

Aqui te va uno revisalo y si te gusta envialo......
Goyo

----- Original Message -----
**From:** Ronald Perez
**To:** 'Gregorio Galicot'
**Sent:** Tuesday, June 10, 2003 7:25 PM
**Subject:** RE: NCIC Operator Service Proposal

Gregorio,

Enviame el Company Profile que no lo tengo.

Ronald

-----Original Message-----
**From:** Gregorio Galicot [mailto:gregorio@bbgcomm.com]
**Sent:** Tuesday, June 10, 2003 8:27 PM
**To:** Ronald Perez
**Subject:** Re: NCIC Operator Service Proposal

**Roland... dile al bato..... cuantos numeros vamos a necesitar? Puedo conseguir uno rapido para el Aeropuerto**

EXHIBIT 1

Dear Mr. Chung.

Thank you for your prompt reply!

The reason we have made the request is because in recent days our company has been taken over by the largest operator service company in the U.S.A. BI communications, Inc. (see attached profile.) and they usually order the toll free numbers from our local partners in order to increase the profitability of the business for them (basically they provide a IDD number routed to our operator center.) The company would be willing to provide you a deposit on the usage this number if you desire to go this route if not we will be providing a new list of 800 numbers.

Because of the recent changes we would like to inform you that the contract name will be signed under BBG Holdings, Ltd
Best regards

Ronald Perez

----- Original Message -----
**From:** Ronald Perez
**To:** gregorio@bbgcomm.com
**Sent:** Tuesday, June 10, 2003 1:50 PM
**Subject:** FW: NCIC Operator Service Proposal

CONFIDENTIAL

Favor de ver abajo para tu referencia.

Los asiáticos son un poco difíciles de entender cambios y bastante precavidos. Es por eso que no quería hacer ningún cambio drástico ó el Release que comentabas el usar. Podríamos hacer esto luego de que el contrato este firmado......

Como podemos hacer sin crearnos problemas?

En adición, necesitamos utilizar ITF's distintos asignados a nosotros en lugar de los que están actualmente asignados en el contrato de MCI a NCIC.

Espero tus comentarios.

Ronald

-----Original Message-----
**From:** ¦æ¾P¬ì [mailto:mkting@cht.com.tw]
**Sent:** Tuesday, June 10, 2003 3:27 AM
**To:** rperez@telconetcorp.com
**Subject:** NCIC Operator Service Proposal

Dear Mr. Perez,

Please be informed that ITF is a reverse billed service. Although your toll free number is assigned by CHT-I, the applying tariff i: a matter between your company and MCI Worldcom. Your company is responsible for payment of all charges due to MCI Worldcom who applies for ITF on behalf of your company. In other words, your request in your previous message is against the rules of ITF.

As for the change of company name, it seems rather difficult since the contract is on the way to our Headquarter. I am wondering why you make such a change.

Best regards

C. S. Chung
Director of Voice Services Promotions Division
Marketing Department/International Business Group
Chunghwa Telecom
Tel: +886 2 23442557
Fax: +886 2 23917740
e-mail: mkting@cht.com.tw

Dear Mr. Chung,

Thanks for your kind reply and comments.

While the headquarters make their final approval on our project, I would like to inform that we wi be working this application under a different company name, BBG Holdings. Could you please modify the contract to reflect the new name we will be using BBG Holdings instead of NCIC?

Also, per our agreement, you will be providing the access to the following ITF numbers: 00801-137014, 0801-137015, 00801-137039, 00801-137040, 00801-137340, 00801-137341, 00801-137362, 00801-137363, 00801-137364, 00801-137365, 00801-137366, 00801-139926 and 00801-139928. Are you going to invoice the per minute access directly to us? What is the per minute rate? We would like to work directly with Chunghwa on this, so we prefer to obtain the number directly and pay you directly.

I await your comments a..u reply.

Regards,

Ronald Perez
Tel: 281-354-5024 Ext 201
Fax: 281-354-4094
rperez@telconetcorp.com
NCIC/BBG

-----Original Message-----
**From:** ¦æ¾P¬ì [mailto:mkting@cht.com.tw]
**Sent:** Friday, June 06, 2003 2:50 AM
**To:** rperez@ncic.com
**Cc:** sfyang@cht.com.tw
**Subject:**

Dear Mr. Perez,

I am writing to advise that the service agreement is still on the way to our Headquarter. We will keep you informed abou· the progress.

Best regards

C. S. Chung
Director of Voice Services Promotions Division
Marketing Department/International Business Group
Chunghwa Telecom
Tel: +886 2 23442557
Fax: +886 2 23917740
e-mail: mkting@cht.com.tw

CONFIDENTIAL

**Terry Cloyd**

**From:** Jeffrey Walters [jeffrey@3comcr.com]
**Sent:** Friday, March 21, 2003 10:01 AM
**To:** Ronald Perez
**Cc:** Bill Pope
**Subject:** Fw: call termination in Peru

Ronald, why don't you see if we can get this guy to market to the Airports & larger Hotels for us in Peru?

He may have residential collect calls. Please advise on how this goes...

----- Original Message -----
**From:** Aline Harris
**To:** jeffrey@3comcr.com
**Sent:** Friday, March 21, 2003 11:01 AM
**Subject:** FW: call termination in Peru

-----Original Message-----
**From:** Giovanni Conetta [mailto:gconetta@si.com.pe]
**Sent:** vendredi 21 mars 2003 10:38
**To:** Info - General
**Subject:** call termination in Peru

Dear Sir,

I´m a peruvian local long distance and call termination provider, and I want to discuss about the posibility to terminate your calls in Peru with the most competitive rates. Can you send my mail to the proper person or send me their e-mail?.

If you are interested in our services, please let me know.

Best regards,

Giovanni Conetta Vivanco

---

Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.463 / Virus Database: 262 - Release Date: 17/03/2003

DEPOSITION EXHIBIT 14 Pope

BBG 002500