IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

FILED-CLERK
DISTRICT COURT
04 JUL 19 PM 1:07
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:03-CV-227 |
| NETWORK COMMUNICATIONS INTERNATIONAL CORP., WILLIAM POPE, JAY WALTERS, AND JEFFERY WALTERS | § | |

## ORDER

Third-party defendants Rafael Galicot, Ricardo Singer, and Gregorio L. Galicot's motion to dismiss for lack of personal jurisdiction is granted in part and denied in part (#55). NCIC has made out a *prima facie* case that Gregorio Galicot sent e-mails into Texas in an effort to lure an NCIC employee away from NCIC in furtherance of the alleged conspiracy by BBG and the individual agents to destroy NCIC as a competitor. *Calder v. Jones*, 465 U.S. 783 (1984). He is subject to personal jurisdiction. As to Rafael Galicot, the Walter's affidavit states that he admits to accessing NCIC's server. Under the theory alleged by NCIC, this conduct is directed toward Texas and has a foreseeable economic impact in Texas. Rafael Galicot is therefore subject to personal jurisdiction and his motion is denied. With respect to Ricardo Singer, he is alleged to have committed certain acts in furtherance of the conspiracy, but all of his alleged tortious activity is directed at locations other than Texas. The proffered evidence linking his conduct to Texas, however, is simply too thin, and the court has determined that NCIC has not made out a *prima facie* case of personal jurisdiction

over Singer. His alleged conduct might have caused injury in Texas, but the caselaw is clear that more is required and that such effects are simply assessed as a part of the overall personal jurisdiction analysis. *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001). His motion to dismiss is therefore granted.

So **ORDERED** and **SIGNED** this 19th day of July, 2004.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE