IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 1) BBG COMMUNICATIONS, INC., | § | |
| 2) BBG HOLDINGS LIMITED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | Civil Action No. 2:03cv227 (TJW) |
| | § | |
| 1) NETWORK COMMUNICATIONS, | § | |
| 2) BLUE PHONES, | § | |
| 3) WILLIAM POPE, | § | |
| 4) JAY WALTERS, | § | |
| 5) JEFFERY WALTERS | § | |
| | § | |
| *Defendants and* | § | |
| *Third-Party Plaintiffs* | § | |
| | § | |
| VS. | § | |
| | § | |
| 1)  RONALD PEREZ | § | |
| 2)  GREGORIO L. GALICOT | § | |
| 3)  RAFAEL GALICOT | § | |
| 4)  MICHAEL STOMPS | § | |
| 5)  AWI FANG A/K/A | § | |
|     SURIYANTO SURIYANTO | § | |
| 6)  GORAN ALEXIEV | § | |
| 7)  MICHEL ALEXIEV | § | |
| 8)  PATRICK MAUCHANT | § | |
| 9)  KEVIN WATT | § | |
| 10) BBG HOLDINGS BERMUDA | § | |
|     D/B/A BBG COMMUNICATIONS | § | |
|     (BERMUDA) LTD | § | |
| | § | |
| *Third-Party Defendants* | § | |

## MICHEL ALEXIEV'S MOTION TO DISMISS THIRD-PARTY COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)(4) and (5)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Michel Alexiev ("Alexiev"), Third-Party Defendant in the above entitled and numbered civil action, and files this Motion to Dismiss Third-Party Complaint Pursuant to Fed. R. Civ. P. 12(2)(4) and (5).  In support, he will show the following:

## I.    INTRODUCTION

On June 19, 2003, BBG Communications, Inc. filed this civil action against Network Communications International Corp. (NCIC).   Third-Party Defendants filed a Third-Party complaint against Alexiev and others on August 27, 2004.  Third-Party Defendants attempted to serve Alexiev by direct mail from Texas to the Czech Republic and their failure to properly follow the requirements and procedures of The Hague Convention, in part, provides the basis for this Motion to Dismiss.   Alexiev would also argue that he is not subject to the personal jurisdiction of this court.

## II.    INSUFFICIENT PROCESS OR SERVICE – RULE 12(b)(4)(5)

## A. RELEVANT FACTS:

The Third-Party Complaint at issue was filed on August 27, 2004 and Summons was issued on September 27, 2004.   Mr. Alexiev is a Dutch national currently residing in Barcelona, Spain.   On October 5, 2004, Third-Party Defendants sent, via Federal Express from Texas, a Summons and Complaint directly to Alexiev's former residence in Prague, Czech Republic.   Third-Party Defendants' Affidavit of Service attached as Exhibit "A" confirms this attempted service.  The Third-Party Defendants have failed to properly serve sufficient process on Alexiev.  As set forth more fully below, simply sending a Summons and Complaint by mail is not proper service under The Convention on Service Abroad of Judicial and Extrajudicial Documents and Civil or Commercial Matters, commonly known as The Hague Convention.

Proper service under The Hague Convention is Alexiev's right.  It is clear that the Third-Party Defendants failed to comply with The Hague Convention in mailing by Federal Express their complaint to Alexiev in this case.  Accordingly, Third-Party Defendants' claims against Alexiev should be dismissed.

## B.  **APPLICABLE LAW:**

The requirements for effecting service of process abroad upon a foreign defendant in an action brought in the United States are found in The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter "The Hague Convention"), done November 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163.  The United States and the Czech Republic are signatories to The Hague Convention.

The purpose of The Hague Convention is to establish a uniform procedure for service of process in foreign countries.  Stated in the Preamble to The Convention, the signatories (including the United States and the Czech Republic) intended "to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time" and "to improve the organization of mutual judicial assistance for the purpose by simplifying and expediting the procedure."  The Hague Convention, Preamble; see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 703-04 (1988).  The United States Supreme Court has affirmed that The Hague Convention provides the exclusive means by which a foreign defendant residing in a country which has adopted The Hague Convention may be served abroad with process in an action pending in the United States.  Volkswagenwerk, 486 U.S. at 699-701.  Since The Hague Convention is applicable in this case, it provides the exclusive method for service of process abroad on Alexiev.

1. **Third-Party Defendants' Purported Service of the Complaint on Alexiev via Federal Express is Not Valid Service Under The Hague Convention**

The Hague Convention establishes specific procedures which parties must follow in order to accomplish service of process. Articles 2 through 6 provide for service of process through a Central Authority in each country. Article 8 permits service through diplomatic agents of the country of origin of the suit.[1] Article 19 allows service by any method of service permitted by the internal laws of the country in which service is made. Article 10 of The Convention provides additional procedures as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> a) The freedom to send judicial documents, by postal channels, directly to persons abroad.
> b) The freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
> c) The freedom of any person interested in the judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination.

(emphasis added).

Under Article 21, each signatory nation had to ratify The Convention subject to any conditions or objections that it held about its provisions. When accepting The Convention, the Czech Republic made an objection that excludes serving documents by direct mail in the Czech Republic. Therefore, the only correct way to serve judicial and extrajudicial documents in the Czech Republic is via the Czech Ministry of Justice.

In their apparent attempt to effect service of process on Alexiev by sending the Complaint from Texas by Federal Express to his attention in the Czech Republic, the

---

[1] The United States does not permit its foreign service officers to serve process on behalf of private litigants. 22 C.F.R. 92.85.

Third-Party Defendants evidently are ignoring Czech objections to The Hague Convention and the terms of The Hague Convention itself and relying on a line of authority which equate Article 10(a)'s provision for "send[ing] judicial documents by postal channels" with effecting service of process by mailing a proper Summons and Complaint directly to the defendant.  However, the contrary -- and correct -- line of authority holds that Article 10(a) does not provide for <u>service</u> of process via mail and that failure to object to this subsection (although the Czech Republic has objected) was not intended to authorize such purported service.

Courts which hold that Article 10(a) does not provide for service of process by mail sent directly to a Czech Republic defendant rely on three reasons: (1) principles of statutory construction dictate that "send" does not mean "serve"; (2) the opposite interpretation permits a method of service of process that is not permitted under Czech law; and (3) the bulk of The Hague Convention is rendered meaningless if The Convention's formal procedures for service of process can be bypassed simply by utilizing Federal Express for mailing.

Alexiev urges this Court to acknowledge that Article 10(a) does not provide for service of process on a Czech defendant by use of mail.

a) <u>**Principles of Statutory Construction Compel the Interpretation that Article 10(a) Does Not Provide for Service by Mail.**</u>

First, "[it is a] familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily by regarded as conclusive."  <u>Consumer Prods. Safety Comm's v. GTE Sylvania, Inc.</u>,

447 U.S. 102, 108 (1980). Article 10(a) provides that The Hague Convention would not interfere with "[t]he freedom to send judicial documents, by postal channels, directly to persons abroad," as long as the signatory states did not object (emphasis added).

Second, as an element of statutory construction, if a legislative body "include[d] particular language in one section of the statue but omit[ted] it in another section of the same Act, it is generally presumed that [the legislative body] act[ed] intentionally and purposely in the disparate inclusion or exclusion." Russell v. United States, 464 U.S. 16, 23 (1983). "Finally, where a legislative body 'use[d] terms that have accumulated meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that the [legislative body] [meant] to incorporate the established meaning of those terms.'" Mommsen v. Toro Co., 108 F.R.D. 444, 446 (S.D. Iowa 1985) (quoting National Labor Relations Board v. Aman Coal Co., 453 U.S. 322, 329 (1981)).

As the United States Supreme Court has stated in interpreting The Hague Convention, "the term 'service of process' has a well-established technical meaning." Volkswagenwerk v. Schlunk, 486 U.S. at 700. On the other hand, the word "send" has no such technical meaning: it means simply to dispatch or to transmit. Webster's New Collegiate Dictionary. Throughout the text of The Hague Convention, its draftsmen persistently used the terms "serve" and "effect service" to refer to "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." Volkswagenwerk v. Schlunk, 486 U.S. at 700. While the term "serve" was used in appropriate places

throughout the rest of the treaty, The Hague Convention's draftsmen did not use the term "serve" in Article 10(a).

The Court in <u>Mommsen v. Toro Co.</u> 108 F.R.D. 444 (S.D. Iowa 1985), analyzed whether The Hague Convention's draftsmen intended the word "send" in Article 10(a) to mean "service of process":

> The provisions at issue here, subparagraph (a) of Article 10, does not expressly allow "service" of judicial process by postal channels in signatory nations; it merely permits one to "send" judicial documents by mail to persons abroad... The Hague Convention repeatedly refers to "service" of documents, and if the drafters of The Convention had meant for subparagraph (a) of Article 10 to provide an additional manner of service of judicial documents, they would have used the word "service." To hold that subparagraph (a) permits direct mail service of process, would go beyond the plain meaning of the word "send" and would create a method of service of process at odds with the other methods of service permitted by The Convention.

<u>Mommsen</u>, 108 F.R.D. at 446. More recently, in <u>Brand v. Mazda Motor of America, Inc.</u>, 920 F. Supp. 1169 (D. Kan. 1996), the district court stated that "Since the drafters were careful to use 'serve' and 'service' in several other provisions of this treaty, this court shares the reluctance of other courts to believe the drafters were simply careless in using 'send' in Article 10(a) as opposed to 'serve.'" <u>Id</u>. at 1172. The <u>Brand</u> court thus concluded that "the registered mailings to the defendant in Japan did not comply with The Hague Convention." <u>Id</u>. Similarly, in <u>Charas v. Sand Technology Systems Int'l, Inc.</u>, 1992 WL 296406 (S.D.N.Y.), the court reasoned that "unlike Articles 10(b) and (c), Article 10(a) refers to sending judicial documents abroad, not effecting service of judicial documents. <u>The distinction is clear, and cannot be ignored</u>. While all other provisions of The Convention that address the transmittal of documents

specifically referred to 'service' <u>Article 10(a) is the only such provision with</u> <u>language that does not include the word 'service.'</u>" <u>Charas</u> at *2 (emphasis added).

Courts that interpret this Article 10(a) language under the above-described method of statutory construction deem differences in the language used to be intentional: (1) they start with the words themselves -- "service" or "send"; (2) they consider the exclusion of the repeatedly-used "service" from subsection (a); and (3) they consider that "service of process" has a recognized, technical meaning in the law.[2]   These courts find that "while Articles 10(b) and (c) authorize different methods of service, Article 10(a) authorizes 'a method for sending subsequent documents before or after service of process has been obtained by means of the central authority.'" <u>Charas</u> at *2 (quoting <u>Bankston v.</u> <u>Toyota Motor Corp.</u>, 899 F.2d, 172, 174 (8th Cir. 1989); <u>Accord Mateo v. M/S</u> <u>Kiso</u>, 792 (N.D. Cal. 1992) ("As the language used in international treaties is usually chosen with great care, the court strictly construes Article 10(a) only to allow the sending of legal documents other than summons.")   These courts conclude that a signatory nation "did not intend to authorize service of process by mail when it failed to object to Article 10(a) of The Convention," <u>Charas</u> at *2, and that "[s]ending a copy of a summons and complaint by registered mail

---

directly to a defendant in a foreign country is not a method of service of process allowed by The Hague Convention."[3]  Mommsen 108 F.R.D. at 446.

Cases reaching the conclusion that Article 10(a) permits service of process by registered mail reason that The Convention drafters used the word "send" rather than the otherwise consistently-used "service," can be attributed to "careless drafting," because otherwise, "the reference to 'the freedom to send judicial documents by postal channels, directly to persons abroad, would be superfluous unless it was related to the sending of such documents for the purpose of service." Ackerman v. Levine, 788 F.2d 830, 839 (2nd Cir. 1986).

However, based on the principles of statutory construction which have been advised in numerous United States Supreme Court decisions, it makes no sense to dismiss the difference in specific terms employed in a treaty -- which was drafted over a number of years by people trained in the subject – as simply "careless drafting." The better-reasoned view is to follow the sound principles of statutory construction and to recognize the unavoidable difference in the meanings of "send" and "serve."

**b) Czech Law Does Not Permit Service by Federal Express**

Interpreting The Hague Convention to allow service of process via mail on Czech citizens is contrary to the internal law of the Czech Republic.  The Czech Republic specifically objected to this provision of The Hague Convention.  The

---

[3] Accord Knapp v. Yamaha Motor Corp. USA, 60 F.Supp.2d 566 (S.D.W.V. 1999); Pennebaker v. Kawaski Motors Corp. USA, 155 F.R.D. 153, 157 (S.D. Miss. 1994); Fitzgibbon v. Sanyo Securities America, Inc., 1994 WL 2819228 (S.D.N.Y.); Gallagher v. Mazda Motor of America, Inc., 781 F.Supp. 1079, 1082 (E.D. Pa. 1992); McClenon v. Nissan Motor Corp. in U.S.A., 726 F.Supp. 822, 826 (N.D. Fla. 1989); Hantover Inc. v. Omet, S.N.C. of Volentieri & C., 688 F. Supp. 1377, 1385 (W.D. Mo. 1988); Prost v. Honda Motor Co., 122 F.R.D. 215, 216 (E.D. Mo. 1987); Pochop v. Toyota Motor Co., 111 F.R.D. 464, 466 (S.D. Miss. 1986); Mommsen v. Toro Co., 108 F.R.D. 444, 446 (S.D. Iowa 1985); Suzuki Motor Co. v. Superior Court, 200 Cal. App. 3d 1476, 249 Cal. Rptr. 376 (1988).

United States Supreme Court has said in interpreting The Hague Convention, "once a central authority [of the nation to which process is sent] receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." Volkswagenwerk v. Schlunk, 486 U.S. at 699. Clearly, the essential ingredient in the treaty that assured its widespread acceptance was that the methods of service under The Convention must be acceptable under the law of both the sending and the receiving states.

In permitting different methods of service, The Hague Convention provided that such methods could be used unless they were inconsistent with the law of the receiving State. See Hague Convention, Article 5(b); Article 19. In Cartwright v. Fokker Aircraft U.S.A. Inc., 713 F.Supp. 389 (N.D. Ga. 1988), a different Judge Ward examined the necessity that methods of service of process under The Convention be consistent with the internal laws of the receiving State. The Cartwright court was called upon to interpret the provision of Article 5 which allows that "service may be made by delivery to an addressee who accepts it voluntarily unless this method of service is incompatible with the laws of the nation to which the delivery is addressed." The court found that "[i]t also appears that the form of service utilized [mailing by the Central Authority] is compatible with the law of The Netherlands. The Netherlands did not give any indication when it adopted The Hague Convention that it objected to service by mail." 713 F.Supp. at 395. Again, the Czech Republic made just such an objection.

As is clearly demonstrated by the language of The Convention and the cases discussed above, it would be inconsistent with the principles behind and provisions within The Convention to permit a method of service of process by mail upon a Czech civil practice. Such inconsistency with Czech law arises when a United States court permits service of process by mail directly upon a Czech citizen from a United States plaintiff.

**c)** **The Bulk of The Hague Convention is Useless if a Plaintiff Can Effect Service Simply by Mailing**

A fundamental intent of the parties to The Convention was to establish more formal modes of service of process, and a liberal reading of the word "send" to include effective service of legal process would vitiate that intent. Wilson v. Honda Motor Company, Ltd., 776 F.Supp. 339 342, (E.D. Tenn. 1991). One commentator on The Hague Convention has stated that allowing service of process via mail directly to a foreign citizen "would be a rather illogical result as The Convention sets a rather cumbersome and involved procedure for service of process; and if [Article 10(a)] allows to circumvent the procedure by simply sending something through the mail, the vast bulk of The Convention would be useless." E. Charles Routh, "Litigation between Japanese and American Parties," Current Legal Aspects of Doing Business in Japan and East Asia, J. Hadley, Ed. (A.B.A. 1978), 190-191. See also Raffa v. Nissan Motor Co., Ltd., 141 F.R.D. 45, 46-47 (E.D. Pa 1991) ("[T]he Convention laboriously developed a complex system for service of process, yet if service of process could be accomplished

simply by sending something through the mail, the vast bulk of The Convention would be useless.'" (citations omitted).

As is well stated above, it would be an illogical and unreasonable result to find that the drafters of the deliberate, elaborate procedures of The Hague Convention would provide for a method of service with absolutely no shred of formality. Such a conclusion simply eviscerates The Hague Convention.

## 2. The Fifth Circuit's Position on Mail Service Under The Hague Convention

On virtually identical facts, the Fifth Circuit has adopted the reasoning of courts that have decided that The Hague Convention does not permit service by mail. Nuovo Pignone v. Storman Asia M/V, 310 F.3d. 374 (5th Cir. 2002).

In Pignone, the court discussed The Hague Convention's applicability to mail service as follows:

> Indeed, Fed. R. Civ. P. 4(f)(1) presumes that The Hague Convention provides methods of service "reasonably calculated to give notice." We are not confident, nor should the drafters have been confident in 1967, that mail service in the more than forty signatories is sufficient to ensure this goal.

> It is unlikely that the drafters would have put in place these methods of service requiring the direct participation of government officials, while simultaneously permitting the uncertainties of service by mail.

The Fifth Circuit then concluded that article 10(a) does not permit parties to effect direct service of process on foreign defendants by mail.

## III.      LACK OF PERSONAL JURISDICTION – RULE 12(b)(2)

The Third-Party Plaintiffs allege that Third-Party Defendants committed intentional torts aimed at NCIC, a Texas corporation, causing foreseeable harm to NCIC in Texas and therefore allowing for personal jurisdiction by this court over Third-Party Defendants.

The Plaintiff bears the burden of establishing a *prima facie* case that the Defendant has sufficient minimum contacts with Texas so as to subject him to personal jurisdiction in a Texas federal court.  See <u>Kelly v. Syria Shell Petroleum Development B.V.</u>, 213 F.3d 841, 854 (5th Cir. 2000).  A Plaintiff's allegations concerning the basis for personal jurisdiction must generally be accepted as true.  <u>Panda Brandywine Corp.</u>, 253 F.3d at 868.  However, "acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."  <u>Id</u>.  A plaintiff's allegations must still succeed in demonstrating a defendant's "purposeful availment of the benefits and protections of and minimum contacts with the forum state."  <u>Id</u>.  Otherwise, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit no matter how frivolous or groundless the suit may be."  <u>Id</u>. at 870 (internal citations omitted).

Here, the Fourth Amended Third-Party Complaint only identifies alleged torts committed by Alexiev outside both Texas and the United States, see, e.g. paragraph 22 and 24 (o)(p)(q)(s).

Alexeiv is a partner in a Netherlands company, Benchmark Capital Partners B.V., which owns a Czech Republic company, Benchmark Project Management.  Benchmark Project Management is active in the telecommunication business.  See Exhibit "B".

Alexiev is a Dutch National and a resident of Barcelona, Spain.  Alexiev has never been to Texas for either business or personal affairs.  Alexiev has never been involved in litigation in Texas or the United States.  Alexiev has never sold telecommunications services to Texas customers.  Alexiev does not own property in Texas.  Alexiev's only contact with Texas involves a business transaction in which NCIC, the Texas defendant and Third-Party Plaintiff in this action, authorized him to market telecommunications services on its' behalf in Europe.  At no

time has Mr. Alexiev ever marketed telecommunications services in Texas. For these reasons, the Third-Party Defendants have failed to provide specific allegations sufficient to establish a *prima facie* case of minimum contacts between Alexiev and Texas that would support the assertion of personal jurisdiction over him.

## IV.   CONCLUSION

The Third-Party Plaintiffs attempt at service on Alexiev fails. Service of process by Federal Express from Texas to an individual in the Czech Republic is not permitted under The Hague Convention. Furthermore, the Czech Republic specifically objected to such form of service when becoming a signatory to The Convention. Accordingly, Alexiev respectfully requests that this court dismiss all claims asserted against Alexiev in this action.

In the alternative, Alexiev urges that this court may not maintain personal jurisdiction over his person and moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

Respectfully submitted,

GILLAM & SMITH, L.L.P.

_____/s/_____

MELISSA R. SMITH
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
110 South Bolivar Street, Suite 204
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 – Fax

**ATTORNEY FOR THIRD-PARTY
DEFENDANTS, MICHEL ALEXIEV**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) as well as by first class mail on this 1st day of November 2004.

_____/s/_____

Melissa R. Smith

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
S. DISTRICT COURT

04 OCT 22 PM 3: 40

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC., | § | |
| BBG HOLDINGS LIMITED | § | |
| | § | |
| V. | § | |
| | § | |
| NETWORK COMMUNICATIONS | § | |
| INTERNATIONAL CORP., | § | |
| BLUE PHONES LIMITED; | § | |
| WILLIAM POPE, JAY WALTERS, | § | CIVIL ACTION NO. 2:03-CV-227 |
| AND JEFFREY WALTERS | § | |
| | § | JUDGE WARD |
| V. | § | |
| | § | |
| RONALD PEREZ; | § | |
| GREGORIO L. GALICOT; RAFAEL | § | |
| GALICOT; MICHAEL STOMPS; AWI | § | |
| FANG A/K/A SURIYANTO SURIYANTO; | § | |
| GORAN ALEXIEV; MICHEL ALEXIEV; | § | |
| PATRICK MAUCHANT; KEVEN WATT; | § | |
| AND BBG HOLDINGS BERMUDA | § | |
| D/B/A BBG COMMUNICATIONS | § | |
| (BERMUDA), LTD. | § | |

**Affidavit of Service**

"I certify under penalty of perjury that a copy of a document titled Summons and Fourth Amended Counterclaim and Third-Party Complaint was served on Michel Alexiev and Goran Alexiev, whose address is 17000 Prague 7, Strossmayerovo NAM.11 Czech Republic by Federal Express (tracking number 790778141121) on October 5, 2004."

Further Affiant Sayeth Not.

IN WITNESS HEREOF, the undersigned has executed this Affidavit of Service on October 19, 2004.

_____
LEAH TWEDT

Sworn and subscribed to before me this _____ day of _October_ , 2004 to certify which witness my hand and official seal.

TERRI L. HARVEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-5-2007

_____
Notary Public in and for the State of Texas

**EXHIBIT**
**A**

## Certificate of Service

I certify that on the ___19___ day of October, 2004 the above Affidavit of Service is being sent to the following counsel of record via facsimile:

Gregory P. Love
WELLBORN, HOUSTON, ADKISON, MANN,
 SADLER & HILL, L.L.P.
P.O. Box 1109
Henderson, TX 75653-1109

Tawnya R. Wojciechowski
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Dr., 4th Floor
Costa Mesa, CA 92626-1925

James J. Mittermiller
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 W. Broadway, 19th Floor
San Diego, CA 92101

Betty J. Santohigashi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12544 High Bluff Dr., Ste. 300
San Diego, CA 92130-3051

Eric M. Albritton
ALBRITTON LAW FIRM
109 W. Tyler St.
Longview, TX 75601

Scott E. Stevens
BUNT, WRIGHT & STEVENS, PLLC
P.O. Box 3969
Longview, TX 75606-3969

SHARON SMALL

#174136



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

10/07/2004

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **790778141121**. Our records reflect the following information.

## Delivery Information:

**Signed for by:** A.LEXIOV
**Delivery Location:** 17000 PRAQUE
**Delivery Date:** Oct 5, 2004 11:10

## Shipping Information:

**Tracking number:** 790778141121

**Ship Date:** Sep 27, 2004
**Weight:** 1.0 lbs.

**Recipient:**
MICHEL ALEXIEV
17000 PRAQUE
STROSSMAYEROVO NAM.11
CZ

**Shipper:**
LEAH TWEDT
RAMEY & FLOCK, P.C
100 EAST FERGUSON
TYLER , TX 75702
US

**Reference:**

5204-1 SOS

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®

SĀ Ō 441 (Rev. 8/01) Third Party Summons in a Cī ¯ ˀ Action

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ TEXAS

PLAINTIFF
BBG COMMUNICATIONS, INC.
BBG HOLDINGS LIMITED

### THIRD PARTY SUMMONS IN A
### CIVIL ACTION

V. DEFENDANT AND THIRD PARTY PLAINTIFF
1) NETWORK COMMUNICATIONS
   INTERNATIONAL CORP.,
2)  BLUE PHONES LIMITED,
3)  WILLIAM POPE,
4)  JAY WALTERS, AND
5)  JEFFERY WALTERS

Case Number: 2:03-CV-227

JUDGE WARD

V. THIRD PARTY DEFENDANT

RONALD PEREZ, ET AL

To:  Name and address of Third Party Defendant
MICHEL ALEXIEV
Strossmayerovo NAM.11
17000 Prague
Czech Republic

May be served pursuant to the Hague Convention on the
Service Abroad of Judicial and Extra-Judicial Documents
in Civil or Commercial Matters, 20 U.S.T. 361, 658 U.N.T.S.
163, reprinted in 28 U.S.C.A. and in accordance with
international law.

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)
Gregory P. Love
Welborn, Houston, Adkison,
Mann, Sadler & Hill, LLP
300 West Main St.,
Henderson, Texas   75653

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)
Sharon Small
Jerry Harper
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702

an answer to the third-party complaint which is served on you with this summons, within 20 days after the service of this
summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the
relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of
the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within
Rule 9(h) Federal Rules of Civil Procedure, *and (2)* the third-party plaintiff is demanding judgment against you in favor
of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which
situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party
plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

DAVID J. MALAND

CLERK

(By) DEPUTY CLERK

5/27/04

DATE

% O 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[w] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the third-party defendant. Place where served:

☐   Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☒   Other (specify):   By Federal Express.  7907 7814 1121

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   9/27/04        _Leah Swett_
Date                           *Signature of Server*

100 E. Ferguson Ste. 500  Tyler, TX 75702
*Address of Server*

(I) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

SAО 44? (Rev. 8/01) Third Party Summons in a Ci      tion

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>          District of          <u>TEXAS</u>

PLAINTIFF
BBG COMMUNICATIONS, INC.
BBG HOLDINGS LIMITED

### THIRD PARTY SUMMONS IN A
### CIVIL ACTION

V. DEFENDANT AND THIRD PARTY PLAINTIFF
1) NETWORK COMMUNICATIONS
   INTERNATIONAL CORP.,
2) BLUE PHONES LIMITED
3) WILLIAM POPE,
4) JAY WALTERS, AND
5) JEFFERY WALTERS.

Case Number: 2:03-CV-227

JUDGE WARD

V. THIRD PARTY DEFENDANT

RONALD PEREZ, ET AL

To: Name and address of Third Party Defendant
GORAN ALEXIEV
Strossmayerovo NAM.11
17000 Prague
Czech Republic

May be served pursuant to the Hague Convention on the
Service Abroad of Judicial and Extra-Judicial Documents
in Civil or Commercial Matters, 20 U.S.T. 361, 658 U.N.T.S.
163, reprinted in 28 U.S.C.A. and in accordance with
international law.

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

Gregory P. Love
Welborn, Houston, Adkison,
Mann, Sadler & Hill, LLP
300 West Main St.,
Henderson, Texas  75653

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

Sharon Small
Jerry Harper
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702

an answer to the third-party complaint which is served on you with this summons, within <u>20</u> days after the service of this
summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the
relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of
the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within
Rule 9(h) Federal Rules of Civil Procedure, *and (2)* the third-party plaintiff is demanding judgment against you in favor
of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which
situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party
plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

DAVID J. MALAND

9/27/04

CLERK

DATE

(By) DEPUTY CLERK

%AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[w] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):  By Federal Express 790779141121

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   9/27/04          *Reandwedt*
Date                        *Signature of Server*

100 E. Ferguson Ste. 500   Tyler, TX 75702
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 1) BBG COMMUNICATIONS, INC.,<br>2) BBG HOLDINGS LIMITED<br><br>   *Plaintiffs,*<br><br>VS.<br><br>1) NETWORK COMMUNICATIONS,<br>2) BLUE PHONES,<br>3) WILLIAM POPE,<br>4) JAY WALTERS, AND<br>5) JEFFERY WALTERS.<br><br>   *Defendants and*<br>   *Third-Party Plaintiffs*<br><br>VS.<br><br>1) RONALD PEREZ<br>2) RICARDO SINGER<br>3) GREGORIO L. GALICOT<br>4) RAFAEL GALICOT<br>5) MICHAEL STOMPS<br>6) AWI FANG A/K/A<br>  SURIYANTO SURIYANTO<br>7) GORAN ALEXIEV<br>8) MICHEL ALEXIEV<br>9) PATRICK MAUCHANT<br>10) KEVIN WATT<br>11) BBG HOLDINGS BERMUDA<br>  D/B/A BBG COMMUNICATIONS<br>  (BERMUDA) LTD.<br><br>   *Third-Party Defendants* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:03cv227 (TJW) |

**DECLARATION OF MICHEL ALEXIEV IN SUPPORT OF HIS MOTION TO DISMISS
FOURTH AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

  I, Michel Alexiev, declare as follows:



1. I am a partner in a Netherlands company, Benchmark Capital Partners B.V., which owns a Czech Republic company, Benchmark Project Management. Benchmark Project Management is active in the telecommunication business.

2. I am a Dutch National and a resident of Prague, Czech Republic.

3. I have never been to Texas for either business or personal affairs.

4. I have never been involved in litigation in Texas or the United States.

5. I have never sold telecommunications services to Texas customers.

6. I do not own property in Texas.

7. My only contact with Texas involves a business transaction in which NCIC, the Texas defendant in this action, authorized me to market telecommunications services on its' behalf in Europe.

8. At no time have I ever marketed telecommunications services in Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 1st day of November, 2004 in Barcelona, Spain.

_____
Michel Alexeev