IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 1) BBG COMMUNICATIONS, INC., | § | |
| 2) BBG HOLDINGS LIMITED | § | |
| | § | |
| *Plaintiffs,* | § | |
| V. | § | |
| | § | |
| 1) NETWORK COMMUNICATIONS, | § | |
| 2) BLUE PHONES, | § | |
| 3) WILLIAM POPE, | § | |
| 4) JAY WALTERS, | § | |
| 5) JEFFERY WALTERS | § | |
| | § | |
| *Defendants and* | § | |
| *Third-Party Plaintiffs* | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 2:03cv227 (TJW) |
| 1) RONALD PEREZ | § | |
| 2) GREGORIO L. GALICOT | § | |
| 3) RAFAEL GALICOT | § | |
| 4) MICHAEL STOMPS | § | |
| 5) AWI FANG A/K/A | § | |
|    SURIYANTO SURIYANTO | § | |
| 6) GORAN ALEXIEV | § | |
| 7) MICHEL ALEXIEV | § | |
| 8) PATRICK MAUCHANT | § | |
| 9) KEVIN WATT | § | |
| 10) BBG HOLDINGS BERMUDA | § | |
|    D/B/A BBG COMMUNICATIONS | § | |
|    (BERMUDA) LTD | § | |
| | § | |
| *Third-Party Defendants.* | § | |

**DEFENDANT MICHEL ALEXIEV'S ANSWER TO NCIC, ET AL'S
FOURTH AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT
AGAINST BBG COMMUNICATIONS, INC., BBG HOLDINGS LIMITED, AND
THIRD-PARTY DEFENDANTS**

COMES NOW, Third Party Defendant MICHEL ALEXIEV, by and through his attorney

of record, and files this his Answer to NCIC, et al's Fourth Amended Counterclaim and Third

Party Complaint Against BBG Communications, Inc., BBG Holdings Limited, and Third Party Defendants (hereinafter referred to as the "Complaint").

## GENERAL DENIAL

MICHEL ALEXIEV denies each and every allegation in the Complaint that is not specifically and unambiguously admitted below.

## PARTIES

1. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 1 and therefore denies the same.

2. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 2 and therefore denies the same.

3. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 3 and therefore denies the same.

4. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 4 and therefore denies the same.

5. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 5 and therefore denies the same.

6. MICHEL ALEXIEV admits that he is a citizen of the Netherlands. MICHEL ALEXIEV denies that he is a resident of the Czech Republic, as he has not been a Czech Republic resident since September 9, 2004. MICHEL ALEXIEV denies the rest of the allegations in paragraph 6.

7. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 7 and therefore denies the same.

8. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 8 and therefore denies the same.

9. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 9 and therefore denies the same.

## JURISDICTION AND VENUE

10. MICHEL ALEXIEV admits that Third Party Plaintiffs' Complaint alleges violations of the Lanham Trademark Act, 15 U.S.C.§1051, et. seq. and that the Court has subject matter jurisdiction over all Third Party Defendants pursuant to 28 U.S.C. §1331, 1338, and 1367.

11. MICHEL ALEXIEV denies that the Court has personal jurisdiction over him, but he is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 11 as to whether this Court has personal jurisdiction over the remaining Third Party Defendants.

12. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 12 and therefore denies the same.

13. MICHEL ALEXIEV denies the allegations of paragraph 13.

## FACTUAL ALLEGATIONS

14. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 14 and therefore denies the same.

15. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 15 and therefore denies the same.

16. MICHEL ALEXIEV admits the allegations of paragraph 16.

17. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 17 and therefore denies the same.

*NCIC, et al's Third Party Complaint*
**Page 3**

18. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 18 and therefore denies the same.

19. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 19 and therefore denies the same.

20. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 20 and therefore denies the same.

21. MICHEL ALEXIEV denies the allegations of paragraph 21.

22. MICHEL ALEXIEV denies the allegations of paragraph 22.

23. MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of paragraph 23 and therefore denies the same.

24. MICHEL ALEXIEV denies the allegations in the entire preamble of paragraph 24 and subsections (o), (p), (q), (s), and (hh) (as it pertains to him). MICHEL ALEXIEV is without knowledge or information sufficient enough to form a belief as to the truth of subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (r), (t), (u), (v), (w), (x), (y), (z), (aa), (bb), (cc), (dd), (ee), (ff), (gg), and (ii) (as it pertains to other parties) and therefore denies the same.

## COUNT ONE

## CIVIL CONSPIRACY

25. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 24 as fully set forth herein.

26. MICHEL ALEXIEV denies the allegations in paragraph 26.

27. MICHEL ALEXIEV denies the allegations in paragraph 27.

28. MICHEL ALEXIEV denies the allegations in paragraph 28.

## COUNT TWO

### MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

29. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 28 as fully set forth herein.

30. MICHEL ALEXIEV denies the allegations in paragraph 30.

31. MICHEL ALEXIEV denies the allegations in paragraph 31.

32. MICHEL ALEXIEV denies the allegations in paragraph 32.

33. MICHEL ALEXIEV denies the allegations in paragraph 33.

34. MICHEL ALEXIEV denies the allegations in paragraph 34.

35. MICHEL ALEXIEV denies the allegations in paragraph 35.

36. MICHEL ALEXIEV denies the allegations in paragraph 36.

## COUNT THREE

### TRADEMARK INFRINGEMENT (TEXAS LAW)

37. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 36 as fully set forth herein.

38. MICHEL ALEXIEV denies the allegations in paragraph 38.

39. MICHEL ALEXIEV denies the allegations in paragraph 39.

40. MICHEL ALEXIEV denies the allegations in paragraph 40.

41. MICHEL ALEXIEV denies the allegations in paragraph 41.

42. MICHEL ALEXIEV denies the allegations in paragraph 42.

43. MICHEL ALEXIEV denies the allegations in paragraph 43.

44. MICHEL ALEXIEV denies the allegations in paragraph 44.

45. MICHEL ALEXIEV denies the allegations in paragraph 45.

46. MICHEL ALEXIEV denies the allegations in paragraph 46.

## COUNT FOUR

## TRADEMARK INFRINGEMENT (FEDERAL LAW)

47. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 46 as fully set forth herein.

48. MICHEL ALEXIEV denies the allegations in paragraph 48.

49. MICHEL ALEXIEV denies the allegations in paragraph 49.

50. MICHEL ALEXIEV denies the allegations in paragraph 50.

51. MICHEL ALEXIEV denies the allegations in paragraph 51.

52. MICHEL ALEXIEV denies the allegations in paragraph 52.

53. MICHEL ALEXIEV denies the allegations in paragraph 53.

## COUNT FIVE

## DEFAMATION

54. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 53 as fully set forth herein.

55. MICHEL ALEXIEV denies the allegations in paragraph 55.

56. MICHEL ALEXIEV denies the allegations in paragraph 56.

57. MICHEL ALEXIEV denies the allegations in paragraph 57.

58. MICHEL ALEXIEV denies the allegations in paragraph 58.

59. MICHEL ALEXIEV denies the allegations in paragraph 59.

## COUNT SIX

## COMMERCIAL DISPARAGEMENT

60. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 59 as fully set forth herein.

61. MICHEL ALEXIEV denies the allegations in paragraph 61.

62. MICHEL ALEXIEV denies the allegations in paragraph 62.

63. MICHEL ALEXIEV denies the allegations in paragraph 63.

64. MICHEL ALEXIEV denies the allegations in paragraph 64.

65. MICHEL ALEXIEV denies the allegations in paragraph 65.

66. MICHEL ALEXIEV denies the allegations in paragraph 66.

## COUNT SEVEN

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

67. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 66 as fully set forth herein.

68. MICHEL ALEXIEV denies the allegations in paragraph 68.

69. MICHEL ALEXIEV denies the allegations in paragraph 69.

70. MICHEL ALEXIEV denies the allegations in paragraph 70.

71. MICHEL ALEXIEV denies the allegations in paragraph 71.

72. MICHEL ALEXIEV denies the allegations in paragraph 72.

### COUNT EIGHT

### TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

73. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 72 as fully set forth herein.

74. MICHEL ALEXIEV denies the allegations in paragraph 74.

75. MICHEL ALEXIEV denies the allegations in paragraph 75.

76. MICHEL ALEXIEV denies the allegations in paragraph 76.

77. MICHEL ALEXIEV denies the allegations in paragraph 77.

### COUNT NINE

### BREACH OF FIDUCIARY DUTY

78. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 77 as fully set forth herein.

79. MICHEL ALEXIEV denies the allegations in paragraph 79.

80. MICHEL ALEXIEV denies the allegations in paragraph 80.

81. MICHEL ALEXIEV denies the allegations in paragraph 81.

82. MICHEL ALEXIEV denies the allegations in paragraph 82.

### COUNT TEN

### KNOWING PARTICIPATION IN A BREACH OF FIDUCIARY DUTY

83. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 82 as fully set forth herein.

84. MICHEL ALEXIEV denies the allegations in paragraph 84.

85. MICHEL ALEXIEV denies the allegations in paragraph 85.

86. MICHEL ALEXIEV denies the allegations in paragraph 86.

## COUNT ELEVEN

## BREACH OF CONTRACT

87. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 86 as fully set forth herein.

88. MICHEL ALEXIEV denies the allegations in paragraph 88.

89. MICHEL ALEXIEV denies the allegations in paragraph 89.

90. MICHEL ALEXIEV denies the allegations in paragraph 90.

## COUNT TWELVE

## UNJUST ENRICHMENT

91. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 90 as fully set forth herein.

92. MICHEL ALEXIEV denies the allegations in paragraph 92.

93. MICHEL ALEXIEV denies the allegations in paragraph 93.

94. MICHEL ALEXIEV denies the allegations in paragraph 94.

95. MICHEL ALEXIEV denies the allegations in paragraph 95.

## COUNT THIRTEEN

## CONVERSION

96. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 95 as fully set forth herein.

97. MICHEL ALEXIEV denies the allegations in paragraph 97.

98. MICHEL ALEXIEV denies the allegations in paragraph 98.

99. MICHEL ALEXIEV denies the allegations in paragraph 99.

## COUNT FOURTEEN

## ACTION IN TORT: VIOLATION OF TEXAS PENAL CODE § 32.43

100. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 99 as fully set forth herein.

101. MICHEL ALEXIEV denies the allegations in paragraph 101.

102. MICHEL ALEXIEV denies the allegations in paragraph 102.

103. MICHEL ALEXIEV denies the allegations in paragraph 103.

## COUNT FIFTEEN

## UNFAIR COMPETITION

104. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 103 as fully set forth herein.

105. MICHEL ALEXIEV denies the allegations in paragraph 105.

106. MICHEL ALEXIEV denies the allegations in paragraph 106.

## COUNT SIXTEEN

## COMPUTER FRAUD AND ABUSE ACT

107. MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 106 as fully set forth herein.

108. MICHEL ALEXIEV denies the allegations in paragraph 108.

109. MICHEL ALEXIEV denies the allegations in paragraph 109.

### BLUE PHONES

### PUNITIVE DAMAGES

110.  MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 109 as fully set forth herein.

111.  MICHEL ALEXIEV denies the allegations in paragraph 111.

112.  MICHEL ALEXIEV denies the allegations in paragraph 112.

### INJUNCTIVE RELIEF

113.  MICHEL ALEXIEV repeats and incorporates the denials and admissions to paragraphs 1 through 112 as fully set forth herein.

114.  MICHEL ALEXIEV denies the allegations in paragraph 114.

### AFFIRMATIVE DEFENSES

115.  Pleading further, and in the alternative, if such be necessary, and subject to the foregoing pleas, and without waiving same, MICHEL ALEXIEV would state that in the event he is held legally responsible to Third Party Plaintiffs, any such responsibility being expressly denied by MICHEL ALEXIEV, then he hereby invokes the provisions of Chapter 33 Comparative/Proportionate Responsibility of the Tex. Civ. Prac. & Rem. Code, which provisions would entitle MICHEL ALEXIEV among other things to reduction for the negligence, liability, responsibility or other conduct alleged which is attributable to any other party or settling person or third party.  Alternatively, MICHEL ALEXIEV would invoke the provisions of Chapter 32 of the Tex. Civ. Prac. & Rem. Code as that Code affects the rights of contribution and indemnity between parties to litigation in the State of Texas, and the provisions thereunder whereby MICHEL ALEXIEV is entitled to a credit for any settlement paid or to be paid to Third Party Plaintiffs.

116.    Pleading further, and in the alternative, MICHEL ALEXIEV pleads that the Damages Act applies to restrict Third Party Plaintiffs' claim for exemplary damages, and would show that in the unlikely event of a recovery for exemplary damages, if any, such damages are limited pursuant to the Tex. Civ. Prac. & Rem. Code §41.008.

117.    Pleading further, and in the alternative, the Complaint, and each and every cause of action asserted therein, fails to allege facts sufficient to state a cause of action against MICHEL ALEXIEV.

118.    Pleading further, and in the alternative, each Third Party Plaintiff has failed to take reasonable steps to mitigate its damages, if any, and therefore, its claims against MICHEL ALEXIEV are barred, reduced, and/or excused.

119.    Pleading further, and in the alternative, MICHEL ALEXIEV is informed and believes, and thereon alleges, that the injuries complained of in the Complaint, if any, were caused solely, directly and proximately by the negligent and/or intentional acts or omissions of persons other than MICHEL ALEXIEV.  These other persons are solely responsible for any damages caused thereby.

120.    Pleading further, and in the alternative, the injuries complained of in the Complaint, if any, were caused solely, directly and proximately by the negligence, carelessness, lack of care, and/or fault of each Third Party Plaintiff, or that of each Third Party Plaintiffs' agents and/or employees.  Each Third Party Plaintiff is therefore solely responsible for any damages caused thereby.

121.    Pleading further, and in the alternative, the damages sustained by any Third Party Plaintiff, if any, are the result of actions of third parties constituting an intervening or superseding cause precluding any liability on the part of MICHEL ALEXIEV.

122.    Pleading further, and in the alternative, each Third Party Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of conduct, negligence, or any other right to assert any claim against MICHEL ALEXIEV.

123.    Pleading further, and in the alternative, each Third Party Plaintiff has engaged in conduct and activities sufficient to estop it from bringing the claims asserted in the Complaint against MICHEL ALEXIEV.

124.    Pleading further, and in the alternative, each Third Party Plaintiffs' inexcusable and unreasonable delay in filing its Complaint, and its knowledge regarding the allegations in the Complaint, bar each Third Party Plaintiff from maintaining this action under the doctrine of laches.

125     Pleading further, and in the alternative, each Third Party Plaintiff is completely barred from maintaining this action under the doctrine of unclean hands.

126.    Pleading further, and in the alternative, each Third Party Plaintiffs' injuries, if any, were not a result of or caused by any acts or omissions of MICHEL ALEXIEV or his agents or employees, and therefore, each Third Party Plaintiff is barred from asserting any cause of action against MICHEL ALEXIEV.

127.    Pleading further, and in the alternative, MICHEL ALEXIEV alleges that any failure to perform any contractual duties on its part, which failure is specifically denied, and any other allegedly wrongful conduct on MICHEL ALEXIEV's part was commercially reasonable, justified and privileged.

128.    Pleading further, and in the alternative, the Complaint is ambiguous and unintelligible in that it does not allege with sufficient specificity the grounds upon which

ALEXIEV is alleged to be responsible, in whole or in part, for each Third Party Plaintiffs' alleged damages.

129. Pleading further, and in the alternative, each Third Party Plaintiff, its agents, servants, representatives or other predecessors in interest, did not rely on any promises, warranties, or representations, if any, which may have been made by MICHEL ALEXIEV.

130. Pleading further, and in the alternative, each Third Party Plaintiffs' prayer for punitive damages is unconstitutional because it seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the united States and it violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the united States.

131. Pleading further, and in the alternative, MICHEL ALEXIEV pleads the affirmative defense of truth to any claims of defamation and/or commercial disparagement by Third Party Plaintiffs.

132. Pleading further, and in the alternative, MICHEL ALEXIV pleads the affirmative defense of restraint of trade.

133. Pleading further, and in the alternative, MICHEL ALEXIEV would show that Third Party Plaintiffs misused the trademark made the basis of this lawsuit.

PRAYER

WHEREFORE, MICHEL ALEXIEV prays for judgment against Third Party Plaintiffs NETWORK COMMUNICATIONS INTERNATIONAL CORP., BLUE PHONES LIMITED, WILLIAM POPE, JAY WALTERS, and JEFFERY WALTERS as follows:

a. That Third Party Plaintiffs' claims against MICHEL ALEXIEV be dismissed in their entirety with prejudice, and that all relief requested by Third Party Plaintiffs be denied;

b. That MICHEL ALEXIEV be awarded cost, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled; and

c. That MICHEL ALEXIEV be awarded such other and further relief as deemed just and proper.

Respectfully submitted,

**GILLAM ❖ SMITH, L.L.P.**
110 South Bolivar
Suite 204
Marshall, TX  75670
Phone: 903.934.8450
Fax:    903.934.9257

By:  /s/
MELISSA R. SMITH
State Bar No. 24001351
melissa@gillamsmithlaw.com

HARRY L. GILLAM, JR.
State Bar No. 07921800
gil@gillamsmithlaw.com

**ATTORNEYS FOR THIRD PARTY DEFENDANT MICHEL ALEXIEV**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document, **DEFENDANT MICHEL ALEXIEV'S ANSWER TO NCIC, ET AL'S FOURTH AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT AGAINST BBG COMMUNICATIONS, INC., BBG HOLDINGS LIMITED, AND THIRD PARTY DEFENDANTS**, via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 1st day of November, 2004.

/s/
MELISSA R. SMITH