IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| | § | |
| NETWORK COMMUNICATIONS | § | |
| INTERNATIONAL CORP.; | § | |
| WILLIAM POPE; | § | |
| JAY WALTERS; and | § | |
| JEFFERY WALTERS | § | |
| | § | |
| V. | §CIVIL ACTION NO. 2:03-CV-227-TJW | |
| | § | |
| RONALD PEREZ | § | |
| RICARDO SINGER | § | JURY DEMANDED |
| GREGORIO L. GALICOT | § | |
| RAFAEL GALICOT | § | |
| MICHAEL STOMPS | § | |
| AWI FANG | § | |
| a/k/a SURIYANTO SURIYANTO | § | |
| GORAN ALEXIEV | § | |
| MICHAEL ALEXIEV | § | |
| PATRICK MAUCHANT | § | |
| KEVIN WATT | § | |
| BBG HOLDINGS BERMUDA d/b/a | § | |
| BBG COMMUNICATIONS | § | |
| (BERMUDA) LTD. | § | |

**THIRD-PARTY DEFENDANTS RONALD PEREZ, MICHAEL STOMPS AND KEVEN WATT'S RESPONSE TO NCIC ET AL.'S MOTION TO COMPEL**

Ronald Perez, Michael Stomps and Keven Watt, third-party defendants in the above-entitled and numbered civil action, file this response to NCIC, et al.'s Motion to Compel ("NCIC's Motion").  In support, the third-party defendants will show the following.

NCIC's Motion argues that the third-party defendants have not produced all documents subject to disclosure under Paragraph 3 of this Court's Amended Discovery Order, and, therefore, argues that this Court should require the third-party defendants to produce the hard drives to their personal computers.  In support of it assertion of wrongdoing and the unusual relief requested, NCIC's Motion points to several perceived irregularities with the production and argues that Stomps has destroyed discoverable evidence.[1]  Nothing in NCIC's Motion suggests that the third-party defendants have improperly withheld documents subject to disclosure and that its requested relief is appropriate.

First, NCIC's Motion claims that emails produced by Stomps had the dates removed.  Exhibit A, attached thereto, contains three emails bearing Bates Nos. MS0009, MS0089 and MS0091.  The first email does not indicate the sender, recipient or the date and time sent.  However, neither Stomps nor counsel deleted this information.  Exhibit 1. Neither Stomps nor counsel understands exactly why that information is not included. The most likely explanation is that this information was automatically stripped from the email when Stomps initially saved a draft of an email forwarding the email, deleted the draft and then sent this deleted draft of counsel via email to produce it.  *Id.*[2]  Similarly, the other emails contained in Exhibit A likely contain the word "none" in the "sent" field because Stomps had previously exported the emails from Outlook on an old computer and imported them into Outlook Express on a new computer.  *Id.*

---

[1] NCIC's Motion does not allege that either Perez or Watt destroyed documents subject to disclosure.
[2] On the date this Response was drafted, Stomps forwarded counsel an email as an attachment out of his deleted folder.  When counsel opened the attached email, the to, from and sent fields were blank.

Second, NCIC's Motion claims that Perez and Stomps produced emails which were redacted. However, Exhibit B to NCIC's Motion reveals that the redacted emails bear BBG Bates Numbers. Perez and Stomps did not produce redacted emails.

NCIC's Motion claims that Stomps' admission that he "deleted electronic mails [sic] from January 2003 to the present relating to persons using the @BBGCOMM.COM and the @BBGCOM.COM domains from your personal computer,"[3] attached to NCIC's Motion as Exhibit G, coupled with the fact that he forwarded emails to counsel for BBG on April 5, 2004, attached to NCIC's Motion as Exhibit H, supports a conclusion that he has deleted emails during the pendency of this lawsuit. This conclusion does not follow. Stomps was not named as a third-party defendant in this civil action until October, 2003, and, thus, had not obligation to preserve any or all of his emails. Furthermore, he is under no obligation to retain emails wholly unrelated to the allegations in this civil action. Therefore, there was nothing inappropriate about deleting some emails "from January 2003 to the present." Stomps has not deleted any emails related to the allegations in this civil action since he was made a party.

Additionally, NCIC's Motion does not point to any emails that Stomps did not produce. In fact, the emails contained in Exhibit H were produced by Stomps and bear bates nos. MS0092, MS0097, MS0098, MS0099, MS0089, MS0091, MS0087and MS0088.

NCIC requested the third-party defendants to produce their passport pages and travel documents which related to the "period of transition" to BBG.[4] According to Ms.

---

[3] The Request for Admission did not call for an admission that *all* emails from January 2003 to the present were deleted. NCIC's Motion, Exhibit G.

[4] Initially, NCIC requested copies of all travel documents and passport pages from June, 2002 to present, Exhibit E attached to NCIC's Motion, but narrowed the timeframe to the "transition period" during a

Small, counsel for NCIC, these documents are relevant to NCIC's claims to the extent that they show travel to San Diego, California.  The passport pages of the third-party defendants are not relevant to a claim or defense.  Perez is a citizen of the United States of America, and, therefore, his passport would not show travel to California.  Stomps and Watt are foreign nationals.  However, their passports do not show any travel to California during the period of transition.[5]

There is no evidence, therefore, that any of the third-party defendants have tampered with documents produced, that they destroyed documents subject to disclosure or that they have otherwise failed to produce anything subject to disclosure under Paragraph 3 of this Court's Amended Discovery Order.  For this reason alone, the Court should deny NCIC's request for an order compelling the third-party defendants to produce copies of the hard drives from their personal computers.[6]

Further, as NCIC knows, it is impossible for Watt and Stomps to produce the hard drives from their personal computers used during the relevant time-frame.  As Watt testified during this deposition, he did not have a personal computer until after he began

---

telephone conference between Ms. Small on behalf of NCIC and Mr. Albritton on behalf of Perez, Stomps and Watt.  NCIC's Motion at 2.

[5] Only the port of entry into the United States is stamped into a foreign national's passport.

[6] While not dispositive, NCIC's Motion does not accurately reflect the status of prior discussion concerning the requested production of the hard drivers from the third-party defendants' computers.  NCIC's Motion states that counsel for NCIC requested the third-party defendants to produce the hard drivers of their personal computers by letter dated September 14, 2004, attached to NCIC's Motion as Exhibit C. However, Exhibit C only requested the third-party defendants to produce their hard drives if they had not produced all relevant electronic communications between them and BBG.  Exhibit C ("If you have produced additional documents to those referenced above and if those documents reflect the complete electronic communications between your clients and BBG please let me know.  If not, we would like your clients to produce their personal computers . . .").  Counsel for Perez and Stomps responded to NCIC's September 14, 2004, letter on September 17, 2004, and advised that additional emails had been produced to Mr. Harper and that all documents subject to disclosure under Paragraph 3 had been produced.  NCIC's Motion, Exhibit D.  This letter did not address production of the hard drives because, as discussed above, NCIC only requested production of the hard drives if all emails had not been produced.  In the October 22, 2004, letter from Sharon Small on behalf of NCIC to counsel for Stomps, Perez and Watt, attached to NCIC's Motion as Exhibit E, which forms the basis of NCIC's Motion *does not* request production of the third-party defendants' hard drives.

working with BBG communications (*i.e.,* after the transition period) and, as counsel advised Ms. Small prior to the filing of NCIC's Motion, the personal computer Stomps used during the relevant time-frame was inadvertently destroyed.  Exhibit 2.

For each of these reasons, this Court should deny NCIC's Motion.

Respectfully submitted,

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Stevens Law Firm
P.O. Box 807
Longview, Texas 75606
(903) 753-6760 (office)
(903) 753-6761 (fax)
 scott@seslawfirm.com

ATTORNEYS FOR RONALD PEREZ,
MICHAEL STOMPS AND KEVEN WATT

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 22nd day of November, 2004.

_____
Eric M. Albritton