**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BBG COMMUNICATIONS, INC.,** | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | |
| **NETWORK COMMUNICATIONS** | § | |
| **INTERNATIONAL CORP.;** | § | |
| **WILLIAM POPE;** | § | |
| **JAY WALTERS; and** | § | |
| **JEFFERY WALTERS** | § | |
| | § | |
| **V.** | §**CIVIL ACTION NO. 2:03-CV-227-TJW** | |
| | § | |
| **RONALD PEREZ** | § | |
| **RICARDO SINGER** | § | **JURY DEMANDED** |
| **GREGORIO L. GALICOT** | § | |
| **RAFAEL GALICOT** | § | |
| **MICHAEL STOMPS** | § | |
| **AWI FANG** | § | |
| **a/k/a SURIYANTO SURIYANTO** | § | |
| **GORAN ALEXIEV** | § | |
| **MICHAEL ALEXIEV** | § | |
| **PATRICK MAUCHANT** | § | |
| **KEVEN WATT** | § | |
| **BBG HOLDINGS BERMUDA d/b/a** | § | |
| **BBG COMMUNICATIONS** | § | |
| **(BERMUDA) LTD.** | § | |

**MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM 16 FOR VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT**

BBG Communications, Inc., BBG Holdings Limited, Rafael Galicot, Gregorio Galicot, Ronald Perez, Michael Stomps and Keven Watt, counterclaim and third-party defendants, file this Motion for Summary Judgment on Counterclaim 16 for violations of the Computer Fraud and Abuse Act, on the grounds that a required element of a private cause of action under the Computer Fraud and Abuse Act is damages of at least $5,000,

and NCIC has no evidence that they suffered any damages as a result of any alleged

unauthorized access by BBG or Third Party Defendants to NCIC's computers.

Accordingly, NCIC cannot meet its burden of showing that there exists a genuine issue of

material fact as to its claim for violations of the Computer Fraud and Abuse Act, and this

Court should grant BBG's and Third Party Defendants' Motion for Summary Judgment as

to this Counterclaim.

## ANALYSIS

### A.    Legal Standard For Motion For Summary Judgment

A court should grant summary judgment when "there is no genuine issue as to any

material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is

material if it might affect the outcome of a case under the governing substantive law.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). While the court must view

the evidence in a light favorable to the party opposing summary judgment, this favorable

presumption for the non-movant exists only when the non-movant presents an actual

controversy of fact. Coburn Supply Co., Inc. v. Kohler Co., 194 F. Supp. 2d 580,

581 (E.D. Tex. 2002) (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.

1994)). This burden is not satisfied by some metaphysical doubt as to the material facts,

by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of

evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Courts cannot

"in the absence of any proof, assume that the nonmoving party could or would prove the

necessary facts." *Id.*

### B.    As a Matter of Law, NCIC Cannot Succeed On a Claim For Violation Of The Computer Fraud And Abuse Act Resulted From Any Unauthorized Access

The Computer Fraud and Abuse Act provides for a cause of action and penalties against individuals who obtain unauthorized access to government computers.  It also provides a private right of action for injunctive relief and compensatory damages, where a person uses unauthorized access to a computer as a means to commit a fraud.  The provisions of the statute that relate to a private right of action are in italics below:

18 U.S.C. § 1030: Fraud and related activity in connection with computers

**(a)** Whoever--

**(1)** having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;

**(2)** intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--

**(A)** information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);

**(B)** information from any department or agency of the United States;  or

**(C)** information from any protected computer if the conduct involved an interstate or foreign communication;

**(3)** intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States;

**(4)** *knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period*;

The language of the statute shows that a critical element of a private claim under the Computer Fraud and Abuse Act is damages of more than $5,000. This Court has held that a plaintiff brining a claim under this Act must show damages. *See Thurmond v. Compaq Computer Corp..* 171 F.Supp.2d 667, 678 (E.D.Tex. 2001) (granting defendant's motion for summary judgment because plaintiffs could not plead damages over $5,000). The Court in *Thurmond* stated: "Regardless of whether Plaintiffs plead 'loss,' 'damage,' or both, they are required to prove 'damage' as an integral element of the violation alleged under 11 U.S.C. 1030(a)." *Id.; see also Hayes v. Packard Bell, NEC, Inc.,* 193 F.Supp.2d 910, 912 (E.D.Tex. 2001) (granting defendant's motion to dismiss on the grounds that plaintiff could not prove the $5,000 in damages).

In the Fourth Amended Counterclaim, NCIC does not state a specific amount of "damages" that they claim were caused by BBG and Third Party Defendants' alleged unauthorized access to NCIC computers and/or servers. Although they make a bald assertion that they suffered "damages," this is insufficient to survive on a motion for summary judgment. NCIC is required to provide admissible evidence that they have suffered over $5,000 in damages as a result of the alleged unauthorized access. But, the two witnesses that NCIC purports to use as their experts have already testified that. are not aware of *any* damage that resulted from the alleged unauthorized access.

Jason Bolt, NCIC's purported expert as to NCIC's claims under 18 U.S.C. § 1030, Exhibit A, testified as follows:

> Q: Through your work on this case, Mr. Bolt, you're not aware of any damage to
> NCIC's servers, correct?
> A: Not that I've been told about, no.
> Q: So, the answer is correct?
> A: Correct, yes.
> Q: Okay.  So, nobody has ever told you and you have not reason to believe that
> any access from these IP addresses we talked about caused damage to NCIC's
> system or their servers, correct?
> A: That's correct.
> Q.   And you're not offering any opinion as to whether or
> not any of this access damaged NCIC in any other way?
> A.   That's correct.
> Q.   You couldn't offer any opinion in that respect,
> right?
> A.   That is true.
> Q.   You have no knowledge about whether or not NCIC lost
> money as a result of any access from any IP address?
> A.   No.

Exhibit B at 117 - 118.


Robert Bailes, NCIC's proposed expert witness as to damages suffered as a result

of BBG and third-party defendants' conduct, also testified that he was not aware of and

had not been informed of any alleged damages that NCIC suffered due to the

unauthorized viewing of information on NCIC's data base.  Mr. Bailes's testimony on this

issue is as follows:


> Q: You haven't conducted a study to determine whether or not there was
> unauthorized access of NCIC's data base?
> A: Absolutely not.
> Q: And you wouldn't have any opinion about whether or not any damage resulted
> from viewing info on NCIC's data base in an unauthorized fashion?
> A: Not based on information I know at this time.

Exhibit C at 49:19 – 50:1.

The testimony of NCIC's purported experts could not be more clear on this point: NCIC simply has no evidence that it suffered *any* damages, must less a minimum of $5,000 in damages, as a result of any alleged unauthorized access by BBG and Third Party Defendants of NCIC's servers.

## <u>CONCLUSION</u>

A motion for summary judgment as to a cause of action should be granted if the undisputed facts show that the claim has no merit and that the moving party is entitled to judgment as a matter of law. Federal Rules of Civil Procedure 56(c). BBG and Third Party Defendants have demonstrated that NCIC is unable to provide any facts that raise a genuine issue as to damages they suffered as a result of unauthorized access of NCIC's servers. Accordingly, BBG and Third Party Defendants respectfully request that the Court grant their Motion for Summary Judgment on Counterclaim 16 for Violations of the Computer Fraud and Abuse Act.

Respectfully submitted,

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Stevens Law Firm
P.O. Box 807
Longview, Texas 75606
(903) 753-6760 (office)
(903) 753-6761 (fax)
 scott@seslawfirm.com

ATTORNEYS FOR RONALD PEREZ,
MICHAEL STOMPS AND KEVEN WATT


/s/_____
Gregory P. Love
Attorney-in-Charge
State Bar No. 24013060
WELLBORN   HOUSTON, LLP
300 W. Main Street
P.O. Box 1109
Henderson, Texas 75653-1109
Telephone: (903) 657-8544
Facsimile:  (903) 657-6108

James J. Mittermiller
California Bar No. 85177
Sheppard, Mullin, Richter & Hampton, LLP
501 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 338-6500
Facsimile: (619) 234-3815

ATTORNEYS FOR BBG
COMMUNICATIONS, INC., BBG
HOLDINGS LIMITED, GREGORIO
GALICOT AND RAFAEL GALICOT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 2nd day of December, 2004.

_____
Eric M. Albritton