## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| NETWORK COMMUNICATIONS | § | |
| INTERNATIONAL CORP.; | § | |
| WILLIAM POPE; | § | |
| JAY WALTERS; and | § | |
| JEFFERY WALTERS | § | |
| | § | |
| V. | §CIVIL ACTION NO. 2:03-CV-227-TJW | |
| | § | |
| RONALD PEREZ | § | |
| RICARDO SINGER | § | JURY DEMANDED |
| GREGORIO L. GALICOT | § | |
| RAFAEL GALICOT | § | |
| MICHAEL STOMPS | § | |
| AWI FANG | § | |
| a/k/a SURIYANTO SURIYANTO | § | |
| GORAN ALEXIEV | § | |
| MICHAEL ALEXIEV | § | |
| PATRICK MAUCHANT | § | |
| KEVEN WATT | § | |
| BBG HOLDINGS BERMUDA d/b/a | § | |
| BBG COMMUNICATIONS | § | |
| (BERMUDA) LTD. | § | |

### REPLY TO NCIC, ET AL.'s RESPONSE TO EXPEDITED MOTION FOR LEAVE TO TAKE THE 30(B)(6) DEPOSITION OF THE PERSON OR PERSONS MOST KNOWLEDGABLE REGARDING NCIC AND BPL'S RECENT DOCUMENT PRODUCTION

BBG Communications, Inc., BBG Holdings Limited, plaintiffs in the above-entitled and

numbered civil action, along with Rafael Galicot, Gregorio Galicot, Ronald Perez, Michael

Stomps and Keven Watt, third-party defendants, in the above-entitled and numbered civil action,

file this Reply to NCIC, et al.'s Response to their Expedited Motion for Leave to Take the

30(b)(6) Deposition of the Person or Persons Most Knowledgeable Regarding NCIC and BPL's

Recent Document Production.  In support, the plaintiffs and third-party defendants will show the following.

**I.     Procedural History**

In their response, NCIC and BPL made two remarkable assertions:  (1) plaintiffs and third-party defendants refused to confer in good faith about the motion[1] and (2) plaintiffs and third-party defendants' motion is "pre-emptive and defensive."  Response at 1-2.  Both assertions are absolutely untrue and evidences the length to which NCIC and BPL will go to divert attention from their outrageous conduct.

First, counsel for Perez, Stomps and Watt emailed counsel for NCIC and BPL on Monday, November 29, 2204, at 3:37 pm about the filing of the motion for leave to take a 30(b)(6) deposition about the recent document production.  Exhibit A at 2; Exhibit B at 2.  At 6:43 pm, on the same date, NCIC and BPL's counsel responded and requested a conference to discuss the motion.  Exhibit A at 1; Exhibit B at 1.  Counsel for Perez, Stomps and Watt then emailed counsel for NCIC and BPL on Tuesday, November 30, 2004, at 8:51 am and requested counsel for NCIC to BPL to contact counsel for the plaintiffs and third-party defendants about the motion.  Exhibit A at 1 (stating "[p]lease call me at my office when you are available").  Counsel for NCIC and BPL did not contact counsel for the plaintiffs and third-party defendants.  As such, counsel for Perez, Stomps and Watt emailed NCIC and BPL's counsel again at 11:16 am and reiterated that "we are willing to visit at your convenience" and requested counsel for NCIC and BPL to "call us at my office."  Exhibit B at 1.  Further, counsel for Perez, Stomps and Watt advised that if counsel for NCIC and BPL did not respond by 3 pm he would file the motion as opposed.  Exhibit B at 1.  Ms. Small, counsel for NCIC and BPL, responded that Mr.

---

[1] It is ironic that NCIC and BPL would rely on this particular untruth in light of the fact that Mr. Harper has a history of filing motions without conferring with counsel and, nevertheless, representing to the Court that he, in fact, had conferred with opposing counsel.  Exhibit C.

2

Harper would contact counsel for the plaintiffs and third-party defendants.  *Id.*  Mr. Harper did not contact counsel for the plaintiffs and third-party defendants.  The plaintiffs and third-party defendants filed the motion later that day.

Second, NCIC and BPL's November 29, 2004, letter was faxed to counsel at 6:20 pm, which is *after* the 3:37 pm email to counsel for NCIC and BPL concerning the motion they intended to file.  *See* Exhibit A at 2; Exhibit B at 2.  Thus, it is clear that NCIC and BPL's letter, not the plaintiffs and third-party defendants' motion, that is "defensive."  Counsel for the plaintiffs and third-party defendants contacted counsel for NCIC and BPL on the first business day following the production of the 14 boxes and 18 CD-ROMs.

Finally, Javan Johnson, in the affidavit attached as Exhibit 4 to NCIC and BPL's Response, states that she made known to "BBG et al attorneys" that some of the production was ready to be disclosed and that she "asked them to take the first portion of the production with them."  Response Exhibit 4.  Ms. Johnson's affidavit then sets out that she attempted to produce the production to BBG and the third-party defendants on November 24, 2004.  *Id.*  The first assertion is untrue.  Ms. Johnson advised Mr. Stevens, one of Perez, Stomps, and Watt's lawyers that part of the production was completed but did not ask him to take it.

The second assertion is true, but it is important to note that November 24, 2004, was the day before Thanksgiving and that Wellborn Houston was closed and Albritton Law Firm closed at 3 pm.  it is important to note that the boxes were produced to BBG only via Greg Love by delivering same to his office in Henderson, Texas on November 26, 2004, and produced to Perez, Stomps and Watt when their lawyers arranged for someone to pick-up the boxes from NCIC's office in Longview, Texas on November 29, 2004.

## II.      Contents of the Production

A deposition of the person or persons who compiled this production is necessary because there is strong evidence supporting the conclusion that these records were withheld by NCIC and BPL to prejudice the plaintiffs and third-party defendants.  A brief review of the contents of the production is necessary for resolution of the pending motion.  The recent production includes the following:

- Two boxes containing NCIC documents bearing Bates Nos. NCIC518632 to NCIC522075,[2] as well as 3 CD-ROMs containing 8512 documents bearing Bates Nos. NCIC525032 to NCIC533425, NCIC525032 to NCIC 533425, NCIC497224 to NCIC497224 to NCIC49733 to NCIC497343 ("Miscellaneous NCIC Documents");

- Six boxes containing NCIC customer service records ("Customer Service Records");

- Two boxes containing AT&T emails, as well as 15 CD-ROMs with AT&T on the label ("AT&T Documents"); and

- Four boxes of AT&T account records ("AT&T Account Records").

## III.   Miscellaneous NCIC Documents

NCIC and BPL's Response does not address the approximately 3443 pages of printed pages and 8512 documents (not pages because each document, regardless of the number of pages, has one Bates no.) of *their* documents in the recent production[3] other than saying that "some of [these documents] had been previously produced by NCIC but needed to be re-numbered."  Response at 2-3.  Attached are an excel spread sheet describing the paper

---

[2] *See, e.g.*, Exhibit D (indexing the documents in this portion of the paper production).

[3] In fact, NCIC and BPL attempt to mislead the Court about the volume of this material by characterizing the non-third party portions of the production as "one (1) box" containing some emails and other documents.  Response at 2.

documents in the NCIC boxes and a chart listing the folders on the three CD-ROMs in the NCIC boxes.

Counsel are unable to determine whether any or all of these documents have been previously produced due to the sheer volume of the material and the upcoming pre-trial disclosure deadline.  However, counsel are certain that some of these documents were not previously produced and that the plaintiffs and third-party defendants have been prejudiced by NCIC and BPL's failure to produce them in a timely fashion.

For instance, one of the CD-ROMs contains a folder entitled "Nicky Nixon – Provided 11-10-2004" and it contains 107 emails.  Exhibit E.  Based on counsel's investigation to date, it appears some of these emails have not been produced before.[4]  On November 12, 2004, Nicky Nixon's deposition was taken by BBG and the third-party defendants without the benefit of these emails even though, according to the title of the folder, NCIC received these emails two days prior to the deposition.

Similarly, one of the CD-ROMs contains 670 documents related to Michael Stomps.  Exhibit E.  It appears several of these documents were not previously produced.  The folder entitled "Zuki Luevanos" contains 275 documents, several of which relate to David Greenberg, an independent agent of BBG.  It appears NCIC received at least one of emails on October 13, 2004, prior to Mr. Greenberg's deposition on November 22, 2004, but were not produced until after the deposition.

Finally, one of the CD-ROMs contains 23 emails from Jeff Walter.  Some of these emails newly produced emails pre-date June, 2003 (the date Jeff Walters allegedly reformatted his

---

[4] Counsel has not been able to fully ascertain what emails have and have not been produced before because of other looming deadlines and obligations associated with this civil action.  The fact highlights the problems associated with the last minute document dump by NCIC and BPL.

computer according to his deposition testimony) thereby contradicting Jeff Walters's sworn

deposition testimony.  *Compare* Exhibit F 1 *with* F 2.

## IV.     Customer Service Records

NCIC and BPL have misrepresented to the Court the history concerning the request for

and production of the Customer Service Records.  BBG first requested these records on February

13, 2004, when then-counsel Wesley Hill served BBG's Second Request for Production To

NCIC, which requested, in relevant part, "[a]ll customer services records for any properties

identified in the attached Exhibit 1."  Exhibit G.  On June 16, 2004, counsel for BBG sent an

email to counsel for NCIC and BPL pointing out that NCIC and BPL had not complied with the

above-referenced request.  Exhibit H.  Finally, these records were the subject of BBG's motion

to compel, which it withdrew when NCIC and BPL advised that such records would be

produced.

BBG believed these records were subject to disclosure because, *inter alia*, they would

establish NCIC's knowledge that it was processing call traffic from BBG-contracted hotels.  An

expedited review of the records reveal that BBG was correct—NCIC received written complaints

from guests of approximately 13 BBG-contracted hotels.  Exhibit I.

## V.     AT&T Documents and AT&T Account Records

On November 9, 2004, Greg Love, counsel for BBG, faxed counsel for NCIC and BPL a

letter requesting that documents obtained from AT&T by subpoena be produced to BBG

"immediately."  Exhibit J.  However, NCIC and BPL did not comply with that request.

According to Nancy Stagg, counsel for Mike Brown, the AT&T Documents and AT&T Account

Records were produced to NCIC on or about November 13, 2004.

Instead, NCIC and BPL sat on the documents until *after* they used many of them in the

deposition of Brian Rhys, an independent agent of BBG, on November 23, 2004 ("Rhys

Deposition").  Further, NCIC and BPL deprived BBGof  an opportunity to review these records

in advance of the deposition of Mike Brown, an AT&T employee, on November 30, 2004

("Brown Deposition") in California, by delivering the documents to Greg Love in Texas on

November 26, 2004.

The delay in producing these documents prejudiced BBG because its counsel, who

defended each deposition, did not have an opportunity to discuss the documents with BBG or the

witnesses in advance of the depositions.

## VI.    Allegations Against BBG

BBG produced 15 assignments between November 19, 2004 and November 23, 2004, six

of which had been previously produced under different Bates numbers.  Specifically, only

BBG031608, BBG03609-031610, BBG031611-031612, BBG031618-031619, BBG031639-

031640, BBG031646-031647, BBG031691-031692, BBG031722-031723, BBG031724-

BBG031725 had not been produced prior to November 19, 2004.

The delay in producing several of these assignments was the result of the withdrawal of

Frank Johnson as counsel for BBG (*i.e.,* current counsel mistakenly believe Mr. Johnson had

produced them) and the recent results of the survey by Dr. Conway, one of BBG's experts (*i.e.,*

BBG did not know that traffic was being diverted from airports and sea ports until conclusion of

the survey).  Moreover, all of them had been produced before discovery closed and, in fact,

counsel for NCIC and BPL quested BBG via a 30(b)(6) witness about the assignments.

NCIC and BPL complain also about information contained in Centris and AT&T's

production as well as a generalized accusation that BBG has failed to produce all relevant emails.

This, however, is untrue.  BBG has searched its servers and has produced all emails subject to

disclosure.  Finally, NCIC has recycled its earlier complaints about emails.

Most importantly, it is apparent that NCIC and BPL are raising these complaints solely to deflect from their behavior. Scott Stevens, on behalf of Perez, Stomps and Watt, along with Betty Santohigashi, on behalf of BBG, contact Jerry Harper to discuss his complaint after Greg Love, who was in trial, sent counsel for NCIC and BPL a letter requesting clarification about the complaints. During this call, however, Mr. Harper professed ignorance of Ms. Small's letter of November 29, 2004.[5]

## VII.   Appropriate Relief

This Court should grant the plaintiffs and third-party defendants' motion. Once this deposition is completed and the testimony confirms the obvious conclusion that NCIC and BPL intentionally withheld documents, BBG and the third-party plaintiff will seek the following relief (cumulative or in the alternative):

- Strike affirmative claims and/or defenses of NCIC and BPL;

- Preclude NCIC and BPL from making direct or derivative use of any evidence contained in the November 24, 2004, production;

- Instruct the jury that NCIC and BPL engaged in discovery abuses and that the jury can infer that any evidence recently disclosed by NCIC and BPL is bad for them;

- Permit BBG and the third-party defendants to supplement its witness and exhibit list to include all witnesses and exhibits recently discovered as a result of the recent production;

- Preclude NCIC and BPL from using (for any purpose, including impeachment) the deposition testimony of any witness concerning whom documents were just produced;

---

[5] Despite this (and Mr. Albritton's email correspondence with Ms. Small), *see, e.g.,* Exhibits A and B, Mr. Harper sent an email to Mr. Love on November 6, 2004, alleging that BBG would not confer with him about the issues raised in BBG and the third-party defendants' motion and Ms. Small's November 29, 2004 letter.

- Require NCIC and BPL to specifically identify by Bates Number all documents it claims were previously produced by them; and

- Any other relief to which they are justly entitled.

Respectfully submitted,

/s/_____
Gregory P. Love
Attorney-in-Charge
State Bar No. 24013060
WELLBORN  HOUSTON, LLP
300 W. Main Street
P.O. Box 1109
Henderson, Texas 75653-1109
Telephone: (903) 657-8544
Facsimile:  (903) 657-6108


James J. Mittermiller
California Bar No. 85177
Sheppard, Mullin, Richter & Hampton, LLP
501 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 338-6500
Facsimile: (619) 234-3815

ATTORNEYS FOR BBG COMMUNICATIONS,
INC., BBG HOLDINGS LIMITED, GREGORIO
GALICOT AND RAFAEL GALICOT

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Stevens Law Firm
P.O. Box 807
Longview, Texas 75606
(903) 753-6760 (office)
(903) 753-6761 (fax)
scott@seslawfirm.com

ATTORNEYS FOR RONALD PEREZ, MICHAEL
STOMPS AND KEVEN WATT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 6th day of December, 2004.

_____
Eric M. Albritton