IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| NETWORK COMMUNICATIONS | § | |
| INTERNATIONAL CORP.; | § | |
| WILLIAM POPE; | § | |
| JAY WALTERS; and | § | |
| JEFFERY WALTERS | § | |
| | § | |
| V. | §CIVIL ACTION NO. 2:03-CV-227-TJW |
| | § | |
| RONALD PEREZ | § | |
| RICARDO SINGER | § | JURY DEMANDED |
| GREGORIO L. GALICOT | § | |
| RAFAEL GALICOT | § | |
| MICHAEL STOMPS | § | |
| AWI FANG | § | |
| a/k/a SURIYANTO SURIYANTO | § | |
| GORAN ALEXIEV | § | |
| MICHAEL ALEXIEV | § | |
| PATRICK MAUCHANT | § | |
| KEVEN WATT | § | |
| BBG HOLDINGS BERMUDA d/b/a | § | |
| BBG COMMUNICATIONS | § | |
| (BERMUDA) LTD. | § | |

**RESPONSE TO MEMORANDUM IN SUPPORT OF ADMISSABILITY OF
NCIC'S EVIDENCE IN CONNECTION WITH BBG EXHIBITS 4 & 5
PRESENTED AT HEARING ON JANUARY 18 AND JANUARY 19, 2005**

Plaintiffs and third-party defendants Ronald Perez and Michael Stomps submit

this response to the defendants' memorandum in support of exhibits listed on BBG

Exhibits 4 and 5.  In support, plaintiffs and third-party defendants will show the following.

## PROCEDURAL HISTORY

During the hearing held on January 18 and 19, 2005, the plaintiffs *and* the third-party defendants submitted Plaintiffs Hearing Exhibits 4 and 5.[1]  With the agreement of the defendants, the Court set a briefing schedule as to the admissibility of the exhibits listed on these two hearing exhibits.  Pursuant to this schedule, the parties were obligated to advance all arguments in support of admission or exclusion.  In discharging this obligation, the defendants submitted a six page brief with a four page affidavit attached along with a seven page chart, a four page chart and a five page chart attached.

The first chart addresses defendants' exhibits 17 through 5521 (which were listed on Plaintiffs Hearing Exhibit 4).  Of those exhibits, the defendants only identify an argument in favor of admission as to some of the exhibits within the range of 17 - 500.  That is, the defendants did not include any argument for admission of any of the exhibits within the range of 597 - 5521.  The remaining charts deal with the exhibits listed on Plaintiffs Hearing Exhibit 5.

## ANALYSIS

**A.      Plaintiffs and Third-Party Defendants Objections**

The defendants initially argue that the plaintiffs and third-party defendants are unwilling to articulate a cogent argument for exclusion of the exhibits contained on Plaintiffs Hearing Exhibits 4 and 5.  Memorandum In Support of Admissibility ("Memorandum"), at 2.  This accusation is inaccurate.  As the Court is aware, the

---

[1] As stated during the hearing, these exhibits were submitted on behalf of the plaintiffs and the third-party defendants and were labeled "plaintiffs' exhibit" for ease.

plaintiffs and third-party defendants submitted these exhibits to identify the defendants'
exhibits that they contend (1) are hearsay and do not fall into any hearsay exception,
including, but not limited to, the business records exception (*i.e.,* Plaintiffs Hearing
Exhibit 4) and (2) contain both admissions of a party-opponent (*e.g.,* Stomps, Perez,
Rafeal Galicot, Gregorio Galicot and any person whose admissions are attributable to
these people or the plaintiffs), which the plaintiffs and third-party defendants agree are
admissible, *and* hearsay statements of the defendants and third-parties that do not fall into
any hearsay exception.

**B.     Hearsay Rule and Exceptions**

The only substantive argument offered by the defendants for admission of the
exhibits listed on Plaintiffs Hearing Exhibits 4 and 5 is that these emails constitute
business records and, therefore, are admissible under Rule 803(6).  Memorandum, at 2-5.

In order to be admissible under Rule 803(6) "(the business records exception"),
the documents must meet the following foundational elements:  (a) that the documents
were made at or near the time of the matters recorded therein; (b) that the documents
were prepared by, or from information transmitted by a person with knowledge of the
matters recorded; (c) that the person or persons who prepared the documents were
engaged in preparing it, in some undertaking, enterprise or business which can fairly be
termed a regularly conducted business activity; (d) that it was the regular practice of that
business activity to make documents of that nature; and (e) that the documents were
retained and kept in the course of that or some other regularly conducted business
activity.  Wilander v. McDermott Intern., Inc., 887 F.2d 88, 91 (5th Cir. 1989).

Although the law in the Fifth Circuit is clear as to the general application of the business records exception, it has yet to address the precise issue involved in this case – whether email messages fall within the business records exception.  However, two district courts have addressed the admissibility of emails under the business records exception.  In United States v. Ferber, 966 F. Supp. 90, 98-99 (D. Mass. 1997), the Court held that the business records foundation was not satisfied because there was no evidence that the author's employer required such records to be made and maintained even though the author of an email had a routine practice of sending emails reflecting the content of important telephone calls.  The Court held that without "some evidence of a business duty to make and regularly maintain records of this type," the email message was inadmissible.[2]  Id. at 98.  The requirement of a duty to make and maintain emails in order to be admissible under the business records exception was recently discussed by a District Court in the Eastern District of Virginia.  In Rambus, Inc. v. Infineon Technologies AG, 2004 U.S. Dist. LEXIS 25528, *19 (E.D. Va. Dec. 15, 2004), the Court citing Ferber , noted that an employer must require certain records to be kept before they can be considered business records; that is, an employee's notes do not become business records unless he is required to keep such notes.

The Ninth Circuit addressed another concern concerning the admission of emails under the business records exception.  In Monotype Corp. v. International Typeface Corp., 213 F.3de 443 (9th Cir. 1994), the Court, after sustaining the trial court's exclusion of an e-mail message as unfairly prejudicial, discussed the business records exception and

---

[2] The duty requirement is borne out of the "regular practice" requirement of Rule 803(6).  As the Advisory Committee note explains, where an employee has "a duty to make an accurate record as part of a continuing job or occupation," the hearsay statements contained in the business records are inherently more reliable.  Fed. R. Evid. 803(6) advisory committee's note.

observed that the e-mail message in question was distinguishable from computer printouts of monthly bookkeeping records because the e-mail was far less systematic as a form of recording information.  Id. at 450.  The Court drew an important distinction between an email message and other forms of electronic documents:  "[e]-mail is an ongoing electronic message and retrieval system whereas an electronic inventory recording system is a regular, systematic function of a bookkeeper prepared in the course of business."  Id.

Caution is warranted in applying the business records exception because "in its most common use[, email] seems close to the telephone in [its] casual and spontaneous informality, and far removed from systematic and permanent recordkeeping." Christopher B. Mueller & Laird C. Kirkpatrick, 4 Federal Evidence 446, at 45 (Supp. 1995).  Simply put, the emails at issue here do not have the earmark of reliability present with traditional business records.

The defendants have submitted an affidavit of NCIC's President and Vice President, William Pope and Jay Walters, respectively, in support of the defendants' contention that the business records exception applies.  In considering this affidavit, the Court should first note that it was offered *after* counsel for the third-party defendants argued, in open court, that the exception does not apply because the speakers in the emails did not have a duty to make the statements contained in the email and that the affidavit is self-serving.  Further, this affidavit does not carry the day for the defendants based on other reasons.  First, the affidavit does not reflect that there is a policy *requiring* the use of email to communicate information contained in the emails at issue.  *Cf.* Pope and Walters' Affidavit, ¶ 6.  This affidavit, further, does not provide for the contours of

any policy nor whether a written policy exists.  Similarly, the affidavit does not state that all of these alleged business records are stored by the defendants.  The evidence adduced at the hearing suggests that there is no central repository for these alleged business records.  As part of their good cause showing, the defendants attempted several times to justify its late production on the necessity of obtaining emails from other locations or sources.  Finally, a review of the emails at issue suggests that there is no policy requiring the use of email.  For instance, the emails are not uniform – they are in different formats, contain different information and often contain profanity.

The business records exception, by the defendants' tacit admission, does not apply to all of the exhibits.  Several of the emails listed as exhibits were not sent from the defendants or though ncic.com, and, therefore, could not constitute business records of the defendants even under their theory of admissibility.[3]  An additional problem precludes a finding that the emails are business records:  many of the statements contained in the emails do not memorialize business matters, but instead constitute nothing more than chit-chat among colleagues.[4]

## C.    Exhibits Listed on Plaintiffs Hearing Exhibit 4

The defendants only address the following exhibits listed on Plaintiffs Hearing Exhibit 4.

17, 58, 84, 86, 96, 98, 104, 156, 158, 163, 182, 256, 257, 258, 260, 280, 289, 295, 312, 320, 324, 326, 331, 335, 347, 359, 391, 392, 393, 395, 396, 432. 434, 448,

---

[3] The affidavit only attempts to establish as business records those emails that "on their face come from the electronics (sic) communications system utilized by NCIC."  Affidavit, at ¶ 5.

[4] The defendants filing does not adequately identify how each of the emails purportedly fall within the business records exception.

451, 452, 453, 455, 456, 457, 458, 461, 462, 463, 464, 465, 467, 470, 477, 485, 497 and 500.[5]

For the reasons discussed *supra*, each of these exhibits are not admissible under the business records exception. Therefore, they should be excluded for the same reason the Court excluded Exhibit 256 during the hearing.[6] Second, to the extent that the defendants urge some basis for admissibility other than the business records exception their arguments fail. Specifically, Attachment B, attached hereto, shows that no exception to the hearsay rule applies. Accordingly, the plaintiffs and third-party defendants hearsay objections should be sustained.

As to the remaining exhibits listed on Plaintiffs Hearing Exhibit 4, the defendants have failed to address the plaintiffs and third-party defendants' hearsay objections. In fact, the defendants have failed to provide *any* argument in support of the admissibility of the remaining exhibits listed on Plaintiffs Hearing Exhibit 4. Therefore, the plaintiffs and third-party defendants objections should be sustained to each of the exhibits listed on Plaintiffs Hearing Exhibit 4.

**D.     Plaintiffs Hearing Exhibit 5**

Plaintiffs Hearing Exhibit 5 identifies the defendants' exhibits which contain both admissions, as defined by Rule 801(d)(2) as non-hearsay, *and* hearsay statements. In the interest of judicial economy, the plaintiffs and third-party defendants will continue to urge their hearsay objections *only* to the hearsay statements following the last admission

---

[5] Each of these exhibits are attached. *See, e.g.,* Attachment A.
[6] On further review of 58 and 163, the plaintiffs and third-party defendants have concluded that these exhibits should not have been included on Plaintiff Hearing Exhibit 4. Instead, they should have been included on Plaintiff Hearing Exhibit 5. In both of these exhibits, the last statement is an admission. Accordingly, the plaintiff and third-party defendants are withdrawing the hearsay objections to these exhibits for the reasons discussed *infra*.

in the exhibits and, further, will withdraw their objections to the hearsay statements which appear in the email chains preceding the last admission.[7]  As such, the plaintiffs and third-party defendants withdraw their hearsay objections to the exhibits listed on Attachment C.

The plaintiffs and third-party defendants continue to urge their hearsay objections to the statements contained in the exhibits listed on Plaintiff Hearing Exhibit 5 *following* the last admission.[8]  In order to demonstrate to the Court precisely what the plaintiffs and third-party defendants contend is hearsay (that does not fall into an exception to the hearsay rule) and, therefore, should be redacted from the exhibits, the plaintiffs and third-party defendants attach copies of each exhibit containing the hearsay statements which should be redacted bracket in pen.  Attachment D.

These hearsay statements must be redacted from these exhibits because they do not fall within an exception to the hearsay rule.  They do not constitute business records for the reasons discussed *supra* and they are not otherwise admissible as set forth in Attachment E.

## E.      Waiver of the Defendants' Hearsay Objections

The defendants urge this Court to "be mindful that Judge Ward has ruled all of NCIC's hearsay objections as (sic) waived" in making its ruling.  Memorandum, at 5.  In effect, the defendants ask this Court to rule in their favor because they have not hearsay objections.  This is inappropriate.  The Honorable T. John Ward held that the defendants

---

[7] During the second day of the hearing, the plaintiffs and third-party defendants stated that they would urge exclusion (and, thus, redaction) of all hearsay statements contained in these exhibits such that only the admissions would remain.  The plaintiffs and third-party defendants believe that such objections would be well-taken, but have decided to withdraw the objections as set out above in the interest of judicial economy.

[8] In determining whether a hearsay statement follows the last admission, the Court must read the email chain beginning at the end.  That is, the earliest statement contained in an email chain is the last statement in the printed email chain.

waived their objections because they failed to comply with the requirement imposed by Rule 26 and Paragraph 6 of his Amended Discovery Order to file specific objections to the plaintiffs and third-party defendants' exhibits.  Thus, the defendants are solely responsible for the waiver of their hearsay objections and it would be perverse, at best, to overrule meritorious objections because only the plaintiffs and third-party defendants can raise such objections.

## **CONCLUSION**

For each of these reasons, the Court should sustain the plaintiffs and third-party defendants' hearsay objections to the exhibits listed on Plaintiffs Hearing Exhibits 4 and 5, unless such hearsay objections are withdrawn as reflected in Attachment C.  Further, the plaintiffs and third-party defendants seek any additional relief to which they are justly entitled.

Respectfully submitted,

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

Scott E. Stevens
Texas State Bar No. 00792024
Stevens Law Firm
P.O. Box 807
Longview, Texas 75606
(903) 753-6760 (office)
(903) 753-6761 (fax)
 scott@seslawfirm.com

ATTORNEYS FOR RONALD PEREZ
AND MICHAEL STOMPS

/s/_____
Gregory P. Love
Attorney-in-Charge
State Bar No. 24013060
WELLBORN   HOUSTON, LLP
300 W. Main Street
P.O. Box 1109
Henderson, Texas 75653-1109
Telephone: (903) 657-8544
Facsimile:  (903) 657-6108

James J. Mittermiller
California Bar No. 85177
Sheppard, Mullin, Richter & Hampton, LLP
501 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 338-6500
Facsimile: (619) 234-3815

ATTORNEYS FOR BBG
COMMUNICATIONS, INC., BBG
HOLDINGS LIMITED, GREGORIO
GALICOT AND RAFAEL GALICOT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 25th day of January, 2005.

_____
Eric M. Albritton