IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BBG COMMUNICATIONS, INC., | § | |
| | § | |
| V. | § | |
| | § | |
| NETWORK COMMUNICATIONS | § | |
| INTERNATIONAL CORP.; | § | |
| WILLIAM POPE; | § | |
| JAY WALTERS; and | § | |
| JEFFERY WALTERS | § | |
| | § | |
| V. | §CIVIL ACTION NO. 2:03-CV-227-TJW |
| | § | |
| RONALD PEREZ | § | |
| RICARDO SINGER | § | JURY DEMANDED |
| GREGORIO L. GALICOT | § | |
| RAFAEL GALICOT | § | |
| MICHAEL STOMPS | § | |
| AWI FANG | § | |
| a/k/a SURIYANTO SURIYANTO | § | |
| GORAN ALEXIEV | § | |
| MICHAEL ALEXIEV | § | |
| PATRICK MAUCHANT | § | |
| KEVEN WATT | § | |
| BBG HOLDINGS BERMUDA d/b/a | § | |
| BBG COMMUNICATIONS | § | |
| (BERMUDA) LTD. | § | |

**PLAINTIFFS, COUNTER-DEFENDANTS, AND THIRD PARTY DEFENDANTS' RESPONSE TO NCIC'S MEMORANDUM TO SHOW CAUSE WHY TRIAL EXHIBITS SHOULD NOT BE EXCLUDED**

TO THE HONORABLE JUDGE MCKEE:

COME NOW, BBG COMMUNICATIONS, INC, BBG HOLDINGS LIMITED,

RONALD PEREZ, GREGORIO L. GALICOT, RAFAEL GALICOT, MICHAEL

STOMPS, and BBG HOLDINGS BERMUDA d/b/a BBG COMMUNICATIONS

(BERMUDA) LTD., and in compliance with this Court's Order submit this response to

NCIC's Memorandum To Show Cause Why Trial Exhibits Should Not Be Excluded and

would show the Court the following:

## I.      Introduction

Upon the day discovery closed in this case, NCIC disclosed 16 boxes of

documents.  In light of this massive amount of discovery dumped by NCIC on parties

opponent, on Deecmeber 15, 2004, the Honorable T. John Ward ruled that any

disclosures or production served after November 15, 2004 was presumptively late-

produced and prohibited from use as exhibits in this cause unless good cause could be

shown.  A hearing to determine good cause was set and convened before Judge McKee

on January 18, 2004 and continued until January 19, 2004.   During the good-cause

hearing before this Court, counsel for NCIC agreed to brief issues related to the following

items before this Court:

1.  Whether good cause existed for the late disclosure/production of NCIC trial

    exhibits itemized under NCIC McKee Hearing Exhibit Number Two (attached

    hereto as Exhibit A).

2.  Whether good cause existed for the late disclosure/production of NCIC trial

    exhibits itemized in BBG McKee Hearing Exhibits Number Six and Seven.[1]

---

[1] BBG McKee Hearing Exhibit Number Eight is at issue in the briefing schedule agreed
to by the parties and ordered by the Court.  The Court clearly ruled on January 18, 2005
that new or different exhibits would be excluded.  BBG McKee Hearing Exhibit Number
Eight falls within this category of excluded exhibits.

NCIC filed its brief on January 21, 2004, in accordance with the agreement and this Court's order. However, the NCIC brief is deficient in several aspects for failing to show good cause for late production of the NCIC trial exhibits at issue.

## II.   NCIC McKee Hearing Exhibit Two

NCIC submitted NCIC McKee Hearing Exhibit Two (Exhibit A hereto) January 18, 2004, claiming that Exhibit A constituted a showing of good cause as to why the 118 exhibits listed therein were produced after November 15, 2004.   On January 19, 2004, BBG and Third Party Defendants identified thirty-nine exhibits which it believed NCIC could not reconcile as having been produced under an older NCIC bates number.[2] NCIC voluntarily withdrew eighteen of these thirty-nine exhibits in its brief to the court. These eighteen exhibits are identified in Exhibit B attached hereto.  NCIC identified what it defined as "the remaining 21 exhibits" in question and provided what it deems as "good cause" within several attachments of Exhibit C to its brief.  BBG and Third Party Defendants have identified the remaining exhibits they take issue with in a chart attached hereto as Exhibit C.  This chart identifies each exhibit within NCIC McKee Exhibit Two (Exhibit A hereto) to which BBG has withdrawn its objection or to which BBG believes good cause has not been shown by NCIC.  For example, NCIC 2696 utilizes a strange numbering system that is not a Bates number used in the production of documents by NCIC.  NCIC fails to offer any information which shows previous production in correlation with this numbering system.  Therefore, it is the position of BBG that NCIC has failed to show good cause as to why this exhibit was produced after November 15, 2004.  Again, looking to the chart attached as Exhibit C hereto, BBG withdraws its

---

[2] An older Bates number would, according to NCIC show that said exhibit(s) had been previously produced prior to November 15, 2004.

objection to NCIC 3389. In this vain, and in accordance with the preceding examples, BBG requests the Court to utilize Exhibit C attached hereto which identifies the NCIC exhibits BBG continues to object to and the grounds therefore.

### III.   BBG McKee Hearing Exhibits Number Six and Seven

Plaintiffs and Third-Party Defendants submitted McKee Hearing Exhibits Number Six and Seven to address a number of exhibits that NCIC had failed to identify as late produced. NCIC is correct in that a certain number of these exhibits consist of documents produced by non-parties to this suit such as Centris and AT&T. However, to the extent McKee Hearing Exhibits Number Six and Seven consist of AT&T documentsit is the position of BBG and Third-Party Defendants that AT&T documents are not a part of this briefing process.[3]

BBG and Third-Party Defendants hereby waive the late production objection to the late produced Centris documents identified by NCIC and used as NCIC exhibits which were produced by Centris.

BBG and Third-Party Defendants continue to strongly disagree with the argument put forth by NCIC that the documents produced by AT&T (a non-party) are not part of the late production inquiry entertained by Judge T. John Ward. No ruling nor order has been entered to the effect that the AT&T documents late produced were excused by good cause shown.

Nevertheless, BBG and Third-Party Defendants will address the issues raised in NCIC's brief on these points. On ___ date, NCIC received a voluminous number of

---

[3] The Court opined during the hearing and reiterated in its Order entered on January 25, 2005 that AT&T production issues should be addressed to the U.S. District Court Judge T. John Ward.

documents from AT&T, bearing AT&T bates numbers. These documents were examined by NCIC and many were identified and labeled to use offensively against witnesses affiliated with BBG and against Mike Brown, a representative of AT&T. Yet, none of these AT&T documents used offensively by NCIC were disclosed to BBG or Third-Party Defendants prior to these depositions. None of these AT&T documents were disclosed to BBG or Third-Party Defendants on or before November 15, 2004 even though they were in possession of NCIC prior to this date. Based on representations by Sharon Small during the hearing on January 18, 2004, this lack of disclosure was not mere over-sight.[4] It was not until November 24, 2004, that BBG and Third-Party Defendants were provided the AT&T production. Now, NCIC wishes to excuse its late production by saying it had good cause for failing to disclose the AT&T documents even though NCIC had enough time to examine them, locate the documents it wished to use offensively, copy them, and label them for use during the aforementioned depositions. BBG and Third Party Defendants continue to assert that the AT&T documents produced by NCIC after November 15, 2004 were "late produced" and that NCIC has failed to show good cause for this late production.

Finally, as to the remaining exhibits identified by BBG and Third-Party Defendants in BBG McKee Hearing Exhibits Six and Seven, NCIC identified in Exhibit D, Group 3 attached to its brief, the exhibit numbers which were not Centrisn or AT&T documents (Attached hereto as Exhibit D). NCIC has failed to show any good cause why these exhibits were late produced. Therefore, these exhibits should be excluded.

---

[4] Sharon Small represented to the court that documents used during David Greenburg's deposition had not been disclosed prior to November 15, 2004 because NCIC intended to surprise Mr. Greenberg with documents never before disclosed in this litigation.

### IV.   BBG McKee Hearing Exhibit Number Eight

On January 19, 2005, BBG and Third Party defendants submitted BBG McKee Hearing Number Eight which identified more exhibits which NCIC had changed the exhibit number or had given a new exhibit number. This list was generated after BBG and Third-Party Defendants had generated a list of exhibits identified by NCIC on December 17, 2004 in its Pre-Trial Disclosures that were different than exhibits identified by NCIC in its Joint Pre-Trial Order submission on December 29, 2004. In sum, NCIC had altered its exhibit list either assigning new exhibit numbers to exhibits or adding actual exhibits.

The Court on January 18, 2005 in the first day of the hearing, excluded all exhibits that were treated in such fashion by NCIC, that is any exhibit which was a new or different exhibit which varied from the list disclosed in NCIC's Pre-Trial disclosures was excluded. NCIC, in its brief, wishes to change the focus of this inquiry to a "late production" inquiry. Clearly, BBG McKee Hearing Exhibit Number Eight, is different from the "late production" inquiry. BBG and Third-Party Defendants ask this Court to exclude all of the exhibits identified in BBG McKee Hearing Number Eight because they are new exhibits which NCIC has changed or added to their exhibit list.

Exhibit D attached to the defendants' Memorandum to Show Cause Why Trial Exhibits Should Not Be Excluded ("Memorandum"), submitted in response to Plaintiffs Hearing Exhibits 6 and 7, provides that Exhibits 6208 and 6083 are "TRO Response (sic) to Stickering" that were produced on August 23, 2004. Further, the Memorandum states that the exhibits contained in Exhibit D "were specifically excluded from the Good Cause showing by Judge Ward." Memorandum, at 3.

Exhibits 6208 and 6083 must be excluded because the defendants have assigned to these exhibits an exhibit number previously assigned to other exhibits *just as they did with Exhibits 7031-7067* excluded by this Court for that reason.  On the exhibit list filed on December 11, 2004, as required by Paragraph 6 of the Amended Discovery Order, the Docket Control Order and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure ("Paragraph 6 Exhibit List"), exhibit number 6208 was assigned to "documents utilized through discovery process."  Then, on the defendants' PTO Exhibit List, exhibit number 6208 was assigned to "document showing BBG's old NCIC accounts – BBG Stolen Customer."  Now, exhibit number 6208 is "TRO Responce (sic) to Stickering."  Thus, the defendants have changed the exhibit designated by exhibit number 6208 twice.

The defendants' Paragraph 6 Exhibit List designated exhibit number 6083 to "exhibits to Michael Stomps 9/8/04 deposition."  On their PTO Exhibit List,  the defendants apparently divided exhibit number 6083 is divided into exhibits 6083a, 6083b, 6083c, 6083d, none of which are related to the TRO response re Stickering.  On the newest filing, Exhibit 6083 is assigned to "TRO Responce (sic) to Stickering."

The defendants' action in this respect is more egregious than the reassignment of exhibit numbers 7031-7067 to new exhibits (which has already been addressed by this Court) because the defendants have reassigned these numbers (*i.e.,* 6083 and 6208) to exhibits excluded by the Court (*i.e.,* 7032 and 7034).  In sum, it appears that the defendants have changed numbers again and, in doing so, tried to revive an exhibit (*i.e.,* the TRO Response) that was excluded by the Court based on assigning it a new number.

## CONCLUSION

BBG and Third Party Defendants request all relief  entitled.

By: _Gregory P. Love /s/_

Gregory P. Love

State Bar No. 24013060

Wellborn Houston, LLP

300 W. Main Street

Tel: (903) 657-8544

Fax: (903) 657-6108


Eric Albritton

State Bar No. 00790215

Albritton Law Firm

P.O. Box 2649

Longview, Texas 75606

Tel: (903) 757-8449

Fax: (903) 758-7397

Scott E. Stevens

State Bar No. 00792024

Stevens Law Firm

P.O. Box 807

Longview, Texas 75606

Tel: (903) 753-6760

Fax: (903) 753-6761

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties, via e-filing on this 25th day of January 2005.

Gregory P. Love /s/_____