**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BBG COMMUNICATIONS, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil No.  2:03CV227-TJW |
| | § | |
| **NETWORK COMMUNICATIONS** | § | |
| **INTERNATIONAL CORP. et al.,** | § | |
| | § | |
| **Defendants.** | § | |

---

**UNITED STATES' UNOPPOSED MOTION TO INTERVENE TO ACCESS DOCUMENTS SUBJECT TO PROTECTIVE ORDER OR UNDER SEAL OR IN THE CUSTODY OF THE COURT**

---

United States, Intervenor, moves the Court for permission to intervene in this action and to be provided access to several boxes of documents that are in the custody of the Court and that are held under seal and subject to a protective order or otherwise in the custody of the Court.

United States seeks these documents in order for IRS to review the documents in connection with an examination of the tax returns of BBG for years ended January 31, 2004 and January 31, 2005 and tax returns of Rafael Galicot and Gregorio Galicot ("Galicot Brothers") for years 2004 and 2005.

The IRS requested the sealed court filings and the protected discovery from BBG and the Galicot Brothers. They agreed to produce the requested information, and made fifteen boxes of documents available on July 12, July 18, 2007 and July 19, 2007 at the offices of Sheppard, Mullin, Richter & Hampton. The IRS is concerned about the completeness of the documents produced.

In *Newby v. Enron Corp.*, 443 F. 3d 416 (5th Cir. 2006), the Texas Board of Public Accountancy was allowed to intervene and obtain documents that were sealed in litigation involving Enron and Arthur Anderson.  Further, the protective order signed on June 23, 2003, in the BBG case recognizes limitations on documents subject to the order and provides that the order shall not affect "Any party's duty to disclose any information pursuant to a duly authorized subpoena or civil investigation demand" provided that the producing party provides, if possible, 10 days notice to the counsel for the designating party.

The IRS could have summonsed the documents in issue here, but determined that since they are in the custody of the Court, a motion would be preferred by the Court.  Although this case has been resolved, the Court continues to exercise jurisdiction to monitor and enforce compliance with the injunction that was entered.  The relief requested in this motion will not prejudice any party to this lawsuit or interfere with the Court's administration of this case.

    Respectfully submitted,

    JOHN L. RATCLIFFE

    Acting United States Attorney

By: */s/ signed electronically*
    Louise P. Hytken
    Texas Bar No. 10382850
    Attorney, Tax Division
    U.S. Department of Justice
    717 N. Harwood, Suite 400
    Dallas, Texas  75201
    (214) 880-9725
    (214) 880-9741 Fax
    ATTORNEYS FOR THE UNITED STATES

Certificate of Conference

It is hereby certified that on August 8, 2007, I conferred with Bryce Jensen, counsel for Plaintiff concerning the relief sought in the foregoing motion, and that Mr. Jensen stated the Plaintiff does not oppose the relief sought.   On or about August 9, 2007, I conferred with Jerald Harper, counsel for Defendant, Network communications International Corporation and certain other defendants and that Mr. Harper stated that the Defendants he represents do not oppose the relief sought.  On or about August 13, 2007, I was informed that Eric Albritton counsel for Third Party Defendant, Micheal Stomps, does not oppose the relief sought.

*/s/ signed electronically*
Louise P. Hytken

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on August 14, 2007, I filed the foregoing Motion electronically through the CM/ECF system.  I FURTHER CERTIFY that additional service of the foregoing Motion has been made on non-CM/ECF participants, by mailing a copy thereof to: made through on the 10th day of August, 2005, by mailing a copy thereof to:

>Bryce Jensen
>Sheppard, Mullin, Richter & Hampton
>12544 High Bluff Drive, Suite 300
>San Diego, CA 92130-3051
>
>Jerald R. Harper
>Harper Law Firm
>213 Texas St.
>Shrevepart, LA 71001

Eric Albritton
P.O. Box 2649
Longview, Texas 75606

*/s/ signed electronically*
LOUISE P. HYTKEN